59 So.3d 792 (2010)
In re AMENDMENTS TO THE FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS.
No. SC08-2058.
Supreme Court of Florida.
December 16, 2010.
Judge John Charles Lenderman, Sixth Judicial Circuit, St. Petersburg, FL; Judge Renee Goldenberg, Seventeenth Judicial Circuit, Fort Lauderdale, FL; Margaret Pearce, Gulfcoast Legal Services, Inc., St. Petersburg, FL; Jack A. Moring, Past Chair, Family Law Rules Committee, Crystal River, FL; and Peter Gladstone, Chair, Rules and Forms Committee of the Family Law Section of The Florida Bar, Fort Lauderdale, FL and Matthew B. Capstraw, Co Chair, Longwood FL, Responding with comments.
PER CURIAM.
Under Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 13-14 (Fla.2000), the Court internally reviews and maintains the Florida Supreme Court Approved Family Law Forms. In this matter, the Court previously adopted amendments to multiple Florida Supreme Court Approved Family Law Forms and adopted three new forms. In re Amendments to Fla. Supreme Court Approved Family Law Forms, 20 So.3d 173 (Fla.2009). The majority of the amendments to existing forms removed the terms "custody," "custodial or noncustodial parent," "primary or secondary residential parent," "visitation," and the like, and incorporated the concepts of the "parenting plan" and "time-sharing" into the forms.[1] The three new forms were: (1) form 12.995(a) (Parenting Plan *793 (non-supervised)); (2) form 12.995(b) (Parenting Plan (supervised/safety focused)); and (3) form 12.993(d) (Children of Military Parents).[2] After their adoption, the amended and new forms were published for comment. Comments were filed by Margaret Pearce of Gulf Coast Legal Services, Inc., the Honorable Renee Goldenberg, Circuit Judge of the Seventeenth Judicial Circuit (Unified Family Court Division), the Honorable John C. Lenderman, Circuit Judge of the Sixth Judicial Circuit, the Family Law Rules Committee, and the Family Law Section of The Florida Bar. The Court also received additional input from its Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms.
Upon consideration of the comments and the input of the Workgroup, we further amend the Florida Supreme Court Approved Family Law Forms as shown in the appendix to this opinion.[3] The forms are fully engrossed and ready for use. The amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

APPENDIX

FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS (12/10)
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a *794 petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.

Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla.1995[1996]); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida BarStepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida BarApproval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.

NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under "Attorney." If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.

*795 FAMILY LAW PROCEDURES
Communication with the court Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case. A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk's office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service. When one party files a petition, motion, or other pleading, the other party must be "served" with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have the other party properly served. If proper service *796 is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
Default ... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and Counterpetition ... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent's counterpetition.
Mandatory disclosure ... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Parenting Plan. If your case involves minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b). The Parenting Plan shall be developed and agreed to by the parents and approved by a court. *797 If the parents cannot agree, or if the agreed Parenting Plan is not approved, the court must establish a Parenting Plan. The Parenting Plan shall contain a time-sharing schedule and should address the issues regarding the child(ren)'s education, health care, and physical, social, and emotional well-being.
Setting a hearing or trial. Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...

{specify }, {date }, {name(s) }, {street }, {city }, {state }, {phone }
Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).

[one only] [all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. () This also shows an area where you must make a choice. Check the () in front of the choice that applies to you or your case.
 IN THE CIRCUIT COURT OF THE
 (1) JUDICIAL CIRCUIT,
 IN AND FOR (2)
 COUNTY, FLORIDA
 Case No.: (3)
 Division: (4)
 (5) ,
 Petitioner,
 and
 (6) ,
 Respondent.
Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or print this case number on all papers you file in this case.
Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner because *798 he/she is the one who filed the original petition.
Line 6 Type or print the other party's legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: (1)
 (2)
 Signature of Petitioner
 Printed Name: (3)
 Address: (4)
 City, State, Zip: (5)
 Telephone Number:
 (6)
 Fax Number: (7)
Some forms require that your signature be witnessed. You must sign the form in the presence of a notary public or deputy clerk (employee of the clerk of the court's office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-7) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
STATE OF FLORIDA
COUNTY OF _______________________________
Sworn to or affirmed and signed before me
on _______________ by
_______________________.
 _________________________________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _________________________________
 [Print, type, or stamp commissioned
 name of notary or clerk.]
_____ Personally known
_____ Produced identification
 Type of identification produced
___________
DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the form is to be completed by the notary public who is witnessing your signature.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} (1) , a nonlawyer, located at {street} (2) , {city } (3) , {state} (4) , {phone } (5) , helped {name} (6) , who is the petitioner, fill out this form.
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawyer who helps you should type or print his or her name on line 1.
Lines 2-5 The nonlawyer's address and telephone number should be typed or printed on lines 2-5.
Line 6 Your name should be typed or printed on line 6.
In addition, a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should *799 keep a copy of this disclosure for your records.

FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit  a written statement in which the facts stated are sworn or affirmed to be true.
Answer  written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal  asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asset  everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorney  a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court's Internet site located at http://www.flcourts.org.
Bond  money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depository  the office of the clerk of court that is responsible for collecting and disbursing court-ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Service  a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy  a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mail  mail which requires the receiving party to sign as proof that they received it.
Child Support  money paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Court  elected official in whose office papers are filed, a case number is assigned, and case files are *800 maintained. The clerk's office usually is located in the county courthouse.
Constructive Service  notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called "service by publication." However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).
Contested Issues  any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Asset  an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability  a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition  a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Custody Order  a judgment or order incorporating a Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. ss. 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980.
Default  a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent  late.
Dependent Child(ren)  child(ren) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
Deputy Clerk  an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriage  divorce; a court action to end a marriage.
Electronic Communication  Contact, other than face-to-face contact, facilitated by tools such as telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies, or other means of communication to supplement fact-to face contact between a parent and that parent's minor child.
Enjoined  prohibited by the court from doing a specific act.
Ex Parte  communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court's office, with certification *801 that a copy was sent to the other party.
Family Law Intake Staffa court's employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk's office can tell you if your county has such assistance available.
Filingdelivering a petition, response, motion, or other pleading in a court case to the clerk of court's office.
Filing Feean amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Application for Determination of Civil Indigent Status, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk's office.
Final Hearingtrial in your case.
Financial Affidavita sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgmenta written document signed by a judge and recorded in the clerk of the circuit court's office that contains the judge's decision in your case.
Guardian ad Litema neutral person who may be appointed by the court to evaluate or investigate your child's situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not "work for" either party. The guardian may interview the parties, visit their homes, visit the child(ren)'s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearinga legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.
Health Insurancecoverage under a fee-for-service arrangement, health care maintenance organization, or preferred provider organization, and other types of coverage available to either parent, under which medical services could be provided to a minor or dependent child.
Judgean elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistantthe judge's personal staff assistant.
Liabilitieseverything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimonymoney ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosureitems that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Assetgenerally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be nonmarital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
*802 Marital Liabilitygenerally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediatora person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party's side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modificationa change made by the court in an order or final judgment.
Motiona request made to the court, other than a petition.
No Contacta court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.
Nonlawyera person who is not a member in good standing of The Florida Bar.
Nonmarital Assetgenerally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liabilitygenerally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonpartya person who is not the petitioner or respondent in a court case.
Notary Publica person authorized to witness signatures on court related forms.
Obligeea person to whom money, such as child support or alimony, is owed.
Obligora person who is ordered by the court to pay money, such as child support or alimony.
Ordera written decision signed by a judge and filed in the clerk of the circuit court's office, that contains the judge's decision on part of your case, usually on a motion.
Original Petitionsee Petition.
Parenting Coursea class that teaches parents how to help their child(ren) cope with divorce and other family issues.
Parenting Plana document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren). The Parenting Plan must contain a time-sharing schedule for the parents and child(ren) and shall address the issues concerning the minor child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, physical, social, and emotional well-being. In creating the Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parents cannot agree to a Parenting Plan, or if the parents agreed to a plan that is not approved by the court, a parenting plan will be established by the court with or without the use of parenting plan recommendations.
Parenting Plan RecommendationA nonbinding recommendation concerning one or more elements of a parenting plan made by a court-appointed mental health practitioner or other professional designated pursuant to either section 61.20 or 61.401, Florida Statutes, or Florida Family Law Rule of Procedure 12.363.
*803 Partya person involved in a court case, either as a petitioner or respondent.
Paternity ActionA lawsuit used to determine whether a designated individual is the father of a specific child or children.
Payoran employer or other person who provides income to an obligor.
Permanent Alimonyspousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first.
Personal Servicewhen a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petitiona written request to the court for legal action, which begins a court case.
Petitionerthe person who files a petition that begins a court case.
Pleadinga formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Pro Se Litiganta person who appears in court without the assistance of a lawyer.
Pro Se Coordinatorsee Family Law Intake Staff.
Rehabilitative Alimonyspousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself.
Respondentthe person who is served with a petition requesting some legal action against him or her.
Scientific Paternity Testinga medical test to determine who is the father of a child.
Servicethe delivery of legal documents to a party. This must be accomplished as directed by Florida Family Law Rules 12.070 and 12.080.
Shared Parental Responsibilityan arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibilitya parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of time-sharing to the other parent.
Supervised Time-Sharinga parenting arrangement under which time-sharing between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petitiona petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Time-Sharing Schedulea timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child or children will spend with each parent. The time-sharing schedule shall either be developed and agreed to by the parents of a minor child or children and approved by the court, or established by the court if the parents cannot agree, or if their agreed-upon schedule is not approved by the court.
*804 Trialthe final hearing in a contested case.
Uncontestedany and all issues on which the parties are able to agree and which are part of a marital settlement agreement.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (12/10)

When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
 You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved *805 Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. . . If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes. . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law *806 Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Safety Focused Parenting Plan, Form 12.995(b) If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing. . . If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support. . . The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony. . . Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, *807 you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities. . . Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief. . . If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement. . . If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Parenting Plan. . . In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
Final Judgment Form. . . These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form *808 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE__________________ JUDICIAL CIRCUIT,
 IN AND FOR____________________ COUNTY, FLORIDA
 Case No.:___________________
 Division:___________________
 _____________________,
 Petitioner,
 and
 _____________________,
 Respondent.
 PETITION FOR DISSOLUTION OF MARRIAGE
 WITH DEPENDENT OR MINOR CHILD(REN)
 I, (full legal name} __________________________________________, the
 [Choose only one] () Husband () Wife, being sworn, certify that the following statements
 are true:
 1. JURISDICTION/RESIDENCE
 () Husband () Wife () Both has (have) lived in Florida for at least 6 months before the filing
 of this Petition for Dissolution of Marriage.
 2. The husband [Choose only one] () is () is not a member of the military service.
 The wife [Choose only one] () is () is not a member of the military service.
 3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} _______________________________________
 Place of marriage: {city, state, country}___________________________________
 Date of separation: {month, day, year} _____________(Please indicate if approximate)
 4. DEPENDENT OR MINOR CHILD(REN)
 [Choose all that apply]
 a. ___ The wife is pregnant. Baby is due on: {date} _______________
 b. ___ The minor (under 18) child(ren) common to both parties are:

 Name Place of Birth Birth date Sex
 ____________________ ____________ __________ _________
 ____________________ ____________ __________ _________
 ____________________ ____________ __________ _________
 ____________________ ____________ __________ _________
 ____________________ ____________ __________ _________

*809
 c. ___ The minor child(ren) born or conceived during the marriage who are not common to
 both parties are:

 Name Place of Birth Birth date Sex
 __________________ _______________ __________ _______
 __________________ _______________ __________ _______

 The birth father(s) of the above minor child(ren) is (are) {name and address}_______
 ________________________________________________________________________________________
 d. ___ The child(ren) common to both parties who are 18 or older but who are dependent
 upon the parties due to a mental or physical disability are:

 Name Place of Birth Birth date Sex
 _______________________ _________________ ___________ ________
 _______________________ _________________ ___________ ________

 5. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c) ()is filed or () will be timely filed.
 6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You must
 complete and attach this form in a dissolution of marriage with minor child(ren)).
 7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this petition.
 8. This petition for dissolution of marriage should be granted because:
 [Choose only one]
 a. ___ The marriage is irretrievably broken.
 b. ___ One of the parties has been adjudged mentally incapacitated for a period of 3 years
 prior to the filing of this petition. A copy of the Judgment of Incapacity is attached.
SECTION I. MARITAL ASSETS AND LIABILITIES
 [Choose only one]
 1. ___ There are no marital assets or liabilities.
 2. ___ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or
 will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), to be filed in this case.
 [Choose all that apply]
 a. ___ All marital assets and liabilities have been divided by a written agreement between
 the parties, which is attached, to be incorporated into the final judgment of dissolution
 of marriage. (The parties may use Marital Settlement Agreement for Dissolution of
 Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family
 Law Form 12.902(f)(1).
 b. ___ The Court should determine how the assets and liabilities of this marriage are to be
 distributed, under section 61.075, Florida Statutes.
 c. ___ Petitioner should be awarded an interest in Respondent's property because:
 _______________________________________________________________________________
*810
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY)
 [Choose only one]
 1. ___ Petitioner forever gives up his/her right to spousal support (alimony) from Respondent.
 2. ___ Petitioner requests that the Court order Respondent to pay the following spousal support
 (alimony) and claims that he or she has a need for the support that he or she is requesting and
 Respondent has the ability to pay that support. Spousal support (alimony) is requested in the
 amount of $ ___ every () week () other week () month, beginning {date} ___ and
 continuing until {date or event} ______________.
 Explain why the Court should order Respondent to pay and any specific request(s) for type of
 alimony (temporary, permanent, rehabilitative, and/or lump sum): ___________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 [Choose if applicable] () Petitioner requests life insurance on Respondent's life, provided by
 Respondent, to secure such support.
SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
 1. The minor child(ren) currently reside(s) with () Mother () Father () Other:
 {explain}
 _________________________________________________________________________________
 2. Parental Responsibility. It is in the child(ren)'s best interests that parental
 responsibility be:
 [Choose only one]
 a. ___ shared by both Father and Mother.
 b. ___ awarded solely to () Father () Mother. Shared parental responsibility would be
 detrimental to the child(ren) because: _________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the
 family be ordered to comply with a Parenting Plan that () includes () does not include
 parental time-sharing with the child(ren). The Petitioner states that it is in the best interests of
 the child (ren) that:
 (Choose only one)
 a. ___ The attached proposed Parenting Plan should be adopted by the court. The parties
 () have () have not agreed to the Parenting Plan.
 b. ___ The court should establish a Parenting Plan with the following provisions:
*811
 ___ No time-sharing for the ___ Husband ___ Wife.
 ___ Limited time-sharing with the ___ Husband ___ Wife.
 ___ Supervised Time-Sharing for the ___ Husband ___ Wife.
 ___ Supervised or third-party exchange of the child(ren).
 ___ Time-Sharing Schedule as follows:
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 4. Explain why this request is in the best interests of the child(ren): _________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
SECTION IV. CHILD SUPPORT
 [Choose all that apply]
 1. ___ Petitioner requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet,
 Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such support should
 be ordered retroactive to:
 a. ___ the date of separation {date} _____.
 b. ___ the date of the filing of this petition.
 c. ___ other {date} ________ {explain} ____
 2. ___ Petitioner requests that the Court award child support to be paid beyond the age of 18
 years because:
 a. ___ the following child(ren) {name(s)} __________________________
 is (are) dependent because of a mental or physical incapacity which began before the
 age of 18. {explain} ______________________________________________________
 ____________________________________________________________________________________
 b. ___ the following child(ren) {name(s)} ________________________________ is (are)
dependent in fact and is (are) in high school while he/she (they) are between the ages of 18 and 19; said
child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of
19.
 3. ___ Petitioner requests that the Court award a child support amount that is more than or less
 than Florida's child support guidelines. Petitioner understands that Motion to Deviate from
 Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be
 filed before the court will consider this request.
 4. ___ Petitioner requests that medical/dental insurance for the minor child(ren) be provided by:
 [Choose only one]
 a. ___ Father.
 b. ___ Mother.
 5. ___ Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
 [Choose only one]
 a. ___ by Father.
 b. ___ by Mother.
 c. ___ by Father and Mother [each pays one-half].
*812
 d. ___ according to the percentages in the Child Support Guidelines Worksheet, Florida Family
 Law Rules of Procedure Form 12.902(e).
 e. ___ Other {explain}: ____________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 6. Petitioner requests that life insurance to secure child support be provided by:
 a. ___ Father.
 b. ___ Mother.
 c. ___ Both.
SECTION V. OTHER
 1. [If Petitioner is also the Wife, please indicate by either () yes () or no whether
 Petitioner/Wife wants to be known by her former name, which was {full legal name}
 _____________________________________________________.
 2. Other relief {specify}:
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
SECTION VI. PETITIONER'S REQUEST (This section summarizes what you are asking the Court to include
in the final judgment of dissolution of marriage.)
Petitioner requests that the Court enter an order dissolving the marriage and:
[Choose all that apply]
 1. ___ distributing marital assets and liabilities as requested in Section I of this petition;
 2. ___ awarding spousal support (alimony) as requested in Section II of this petition;
 3. ___ adopt or establish a Parenting Plan containing provisions for parental responsibility and
 time-sharing for the dependent or minor child(ren) common to both parties, as requested in
 Section III of this petition;
 4. ___ establishing child support for the dependent or minor child(ren) common to both parties, as
 requested in Section IV of this petition;
 5. ___ restoring Wife's former name as requested in Section V of this petition;
 6. ___ awarding other relief as requested in Section V of this petition; and any other terms the
 Court deems necessary.
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made In this petition and that the punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated: _______________________ ___________________________________
 Signature of Petitioner
 Printed Name: _____________________
 Address: __________________________
 City, State, Zip: _________________
 Telephone Number: _________________
*813
 Fax Number: _______________________
 STATE OF FLORIDA
 COUNTY OF __________
 Sworn to or affirmed and signed before me on ______ by ________________________________________
 ____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced ____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________________________,
a nonlawyer, located at {street} _________________, {city} _________________________,
{state} ______________, {phone} ________, helped {name} ___________________,
who is the petitioner, fill out this form.

*814 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d), UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT (12/10)

When should this form be used?
This form should be used in any case involving custody of, visitation with, or time-sharing with any minor child(ren). This affidavit is required even if the custody of, visitation, or time-sharing with the minor child(ren) are not in dispute.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes.

Special notes. . .
Chapter 2008-61, Laws of Florida, effective October 1, 2008, eliminated such terms as custodial parent, noncustodial parent, primary residential parent, secondary residential parent, and visitation from Chapter 61, Florida Statutes. Instead, parents are to develop a Parenting Plan that includes, among other things, their time-sharing schedule with the minor child(ren). If the parents cannot agree, a parenting plan will be established by the Court. However, because the UCCJEA uses the terms custody and visitation, they are included in this form.
If you are the petitioner in an injunction for protection against domestic violence case and you have filed a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to write the address where you are currently living.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*815
 IN THE CIRCUIT COURT OF THE _________ JUDICIAL CIRCUIT,
 IN AND FOR ____________ COUNTY, FLORIDA
 Case No.: ___________________
 Division: ___________________
 _________________________,
 Petitioner,
 and
 ________________________,
 Respondent.
 UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA)
 AFFIDAVIT
 I, {full legal name} _____________, being sworn, certify that the following
statements are true:
 1. The number of minor child(ren) subject to this proceeding is _______. The name, place of
 birth, birth date, and sex of each child; the present address, periods of residence, and places
 where each child has lived within the past five (5) years; and the name, present address, and
 relationship to the child of each person with whom the child has lived during that time are:
THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # 1:
Child's Full Legal Name: _____________________________________________________________________
Place of Birth: _____________ Date of Birth: ______________ Sex: _____________________________
Child's Residence for the past 5 years:

|--------------------------|---------------------------------|-----------------------------|--------------|
| Dates | Address (including city and | Name and present address of | Relationship |
| (From/To) | state) where child lived | person child lived with | to child |
|--------------------------|---------------------------------|-----------------------------|--------------|
|/present[*] | | | |
|--------------------------|---------------------------------|-----------------------------|--------------|
| ____/____ | | | |
|--------------------------|---------------------------------|-----------------------------|--------------|
| ____/____ | | | |
|--------------------------|---------------------------------|-----------------------------|--------------|
| ____/____ | | | |
|--------------------------|---------------------------------|-----------------------------|--------------|
| ____/____ | | | |
|__________________________|_________________________________|_____________________________|______________|

*816
|__________________________|_________________________________|____________________________________________|
| ____/____ | | | |
|--------------------------|---------------------------------|-----------------------------|--------------|

THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # ___:
Child's Full Legal Name: ___________________________________________________________________________________
Place of Birth: ________________ Date of Birth: _______________ Sex:________________________________________
Child's Residence for the past 5 years:

|-------------------------|---------------------------------|-----------------------------|----------------|
| Dates | Address (including city and | Name and present address of | Relationship |
| (From/To) | state) where child lived | person child lived with | to child |
|-------------------------|---------------------------------|-----------------------------|----------------|
| ____/present | | | |
|-------------------------|---------------------------------|-----------------------------|----------------|
| ____/____ | | | |
|-------------------------|---------------------------------|-----------------------------|----------------|
| ____/____ | | | |
|-------------------------|---------------------------------|-----------------------------|----------------|
| ____/____ | | | |
|-------------------------|---------------------------------|-----------------------------|----------------|
| ____/____ | | | |
|_________________________|_________________________________|_____________________________|________________|

THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # ___:
Child's Full Legal Name: ______________________________________________________________________
Place of Birth: ___________________ Date of Birth: _______________ Sex: _______________________
Child's Residence for the past 5 years:

|-------------------------|----------------------------------|-----------------------------|-------------|
| Dates | Address (including city and | Name and present address of | Relationship|
| (From/to) | state) where child lived | person child lived with | to child |
|-------------------------|----------------------------------|-----------------------------|-------------|
| ____/present | | | |
|-------------------------|----------------------------------|-----------------------------|-------------|
|_________________________|__________________________________|_____________________________|_____________|

*817
|-------------------------|----------------------------------|-----------------------------|-------------|
| ____/____ | | | |
|-------------------------|----------------------------------|-----------------------------|-------------|
| ____/____ | | | |
|-------------------------|----------------------------------|-----------------------------|-------------|
| ____/____ | | | |
|-------------------------|----------------------------------|-----------------------------|-------------|
| ____/____ | | | |
|_________________________|__________________________________|_____________________________|_____________|

 2. Participation in custody or time-sharing proceeding(s):
 [Choose only one]
___ I HAVE NOT participated as a party, witness, or in any capacity in any other litigation or custody
 proceeding in this or any other state, concerning custody of or time-sharing with a child subject
 to this proceeding.
___ I HAVE participated as a party, witness, or in any capacity in any other litigation or custody
 proceeding in this or another state, concerning custody of or time-sharing with a child subject
 to this proceeding. Explain:
 a. Name of each child: ________________________________________
 b. Type of proceeding: ________________________________________
 c. Court and state: ___________________________________________
 d. Date of court order or judgment (if any): __________________
 3. Information about custody or time-sharing proceeding(s):
 [Choose only one]
___ I HAVE NO INFORMATION of any custody or time-sharing proceeding pending in a court of this
 or any other state concerning a child subject to this proceeding.
___ I HAVE THE FOLLOWING INFORMATION concerning a custody or time-sharing proceeding
 pending in a court of this or another state concerning a child subject to this proceeding, other
 than set out in item 2. Explain:
 a. Name of each child: _______________________________________
 b. Type of proceeding: _______________________________________
 c. Court and state: __________________________________________
 d. Date of court order or judgment (if any): _________________
 4. Persons not a party to this proceeding:
 [Choose only one]
___ I DO NOT KNOW OF ANY PERSON not a party to this proceeding who has physical custody or
 claims to have custody, visitation or time-sharing with respect to any child subject to this
 proceeding.
___ I KNOW THAT THE FOLLOWING NAMED PERSON(S) not a party to this proceeding has (have)
 physical custody or claim(s) to have custody, visitation, or time-sharing with respect to any
 child subject to this proceeding:
*818
 a. Name and address of person: _____________________________________________________
 ____________________________________________________________________________________
 () has physical custody () claims custody rights () claims visitation or time-sharing
 Name of each child: ______________________________________________________________
 b. Name and address of person: ______________________________________________________
 _____________________________________________________________________________________
 () has physical custody () claims custody rights () claims visitation or time-sharing
 c. Name and address of person:_______________________________________________________
 _____________________________________________________________________________________
 () has physical custody () claims custody rights () claims visitation or time-sharing
 5. Knowledge of prior child support proceedings:
 [Choose only one]
___ The child(ren) described in this affidavit are NOT subject to existing child support order(s) in this
 or any state or territory.
___ The child(ren) described in this affidavit are subject to the following existing child support
 order(s):
 a. Name of each child:
 b. Type of proceeding:
 c. Court and address:
 d. Date of court order/judgment (if any):
 e. Amount of child support paid and by whom:______________________________________
 6. I acknowledge that I have a continuing duty to advise this Court of any custody, visitation or
 time-sharing, child support, or guardianship proceeding (including dissolution of marriage,
 separate maintenance, child neglect, or dependency) concerning the child(ren) in this state or
 any other state about which information is obtained during this proceeding.
I certify that a copy of this document was [Choose only one] () mailed () faxed and mailed () hand
delivered to the person(s) listed below on {date}___________________________________________________
Other party or his/her attorney:
Name:________________________
Address:_____________________
City, State, Zip:____________
Fax Number:__________________
*819
 I understand that I am swearing or affirming under oath to the truthfulness of the claims made
in this affidavit and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.
Dated:_____________________
 ____________________________________________________
 Signature of Party
 Printed Name:_______________________________________
 Address:_____________________________________________________
 City, State, Zip:____________________________________________
 Telephone Number:____________________________________________
 Fax Number:__________________________________________________
STATE OF FLORIDA
COUNTY OF____________________________
Sworn to or affirmed and signed before me on ____________ by ___________________________________
 _______________________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________________________
 [Print, type, or stamp commissioned name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of Identification produced____________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer}______________________________________________,
a nonlawyer, located at {street} __________________, {city}_________________________,
{state}___________________, {phone}________________, helped {name}__________,
who is the [Choose only one] ___ petitioner or ___ respondent, fill out this form.

*820 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (12/10)

When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes. . .
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*821
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR ____________________ COUNTY, FLORIDA
 Case No.: _____________________
 Division: _____________________
__________________________,
 Petitioner,
and
_________________________,
 Respondent.
 MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE
 WITH DEPENDENT OR MINOR CHILD(REN)
We, {Husband's full legal name} ______________________________________,
and {Wife's full legal name} _________________________________________,
being sworn, certify that the following statements are true:
 1. We were married to each other on {date} ______________________.
 2. Because of irreconcilable differences in our marriage (no chance of staying together), we have
 made this agreement to settle once and for all what we owe to each other and what we can
 expect to receive from each other. Each of us states that nothing has been held back, that we
 have honestly included everything we could think of in listing our assets (everything we own and
 that is owed to us) and our debts (everything we owe), and that we believe the other has been
 open and honest in writing this agreement.
 3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all
 our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law
 Rules of Procedure.
 4. Each of us agrees to execute and exchange any papers that might be needed to complete this
 agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to us) as follows: Any
 personal item(s) not listed below is the property of the party currently in possession of the item(s).
 1. Wife shall receive as her own and Husband shall have no further rights or responsibilities
 regarding these assets:

*822
______________________________________________________________________________________________________________
| ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE | Current Fair |
| (To avoid confusion at a later date, describe each item as clearly as possible. You do | Market Value |
| not need to list account numbers. Where applicable, include whether the name on | |
| any title/deed/account described below is wife's, husband's, or both.) | |
|___________________________________________________________________________________________|________________|
| Cash (on hand) | $ |
|-------------------------------------------------------------------------------------------|----------------|
| Cash (in banks/credit unions) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Stocks/Bonds | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Notes (money owed to you in writing) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Money owed to you (not evidenced by a note) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Real estate: (Home) | |
|-------------------------------------------------------------------------------------------|----------------|
| (Other) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Busness interests | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Automobiles | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Boats | |
|-------------------------------------------------------------------------------------------|----------------|
| Other vehicles | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Retirement plans (Profit sharing, Pension, IRA, 401(k)s, etc.) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Furniture & furnishing in home | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Furniture & furnishings elsewhere | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Collectibles | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Jewlry | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Life Insurance (cash surrender value) | |
|___________________________________________________________________________________________|________________|

*823
_____________________________________________________________________________________________________________
| | |
|-------------------------------------------------------------------------------------------|----------------|
| Sporting and entertainment (T.V., stero, etc.) equipment | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Other assets | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Total Assets to Wife | $_____________ |
|___________________________________________________________________________________________|________________|

 2. Husband shall receive as his own and Wife shall have no further rights or responsibilities
 regarding these assets:

______________________________________________________________________________________________________________
| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE | Current Fair |
| (To avoid confusion at a later date, describe each item as clearly as possible. You do | Market Value |
| not need to list account numbers. Where applicable, include whether the name on | |
| any title/deed/account described below is wife's, husband's, or both.) | |
|___________________________________________________________________________________________|________________|
| Cash (on hand) | $ |
|-------------------------------------------------------------------------------------------|----------------|
| Cash (in banks/credit unions) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Stocks/Bonds | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Notes (money owed to you in writing) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Money owed to you (not evidenced by a note) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Real estate: (Home) | |
|-------------------------------------------------------------------------------------------|----------------|
| (Other) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Busness interests | |
|-------------------------------------------------------------------------------------------|----------------|

*824
|-------------------------------------------------------------------------------------------|----------------|
| Automobiles | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Boats | |
|-------------------------------------------------------------------------------------------|----------------|
| Other vehicles | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Furniture & furnishings in home | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Furniture & furnishings elsewhere | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Collectibles | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Jewelry | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Life Insurance (cash surrender value) | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Sporting and entertainment (T.V., stero, etc.) equipment | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
| Other assets | |
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|-------------------------------------------------------------------------------------------|----------------|
|___________________________________________________________________________________________|________________|
| Total Assets to Husband | $_____________ |
|___________________________________________________________________________________________|________________|

*825
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe) as follows:
 1. Wife shall pay as her own the following and will not at any time ask Husband to pay these
 debts/bills:

____________________________________________________________________________________________________
| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE | | |
| (To avoid confusion at a later date, describe each item as clearly as | | |
| possible. You do not need to list account numbers. Where applicable, | | Current |
| Include whether the name on any mortgage, note, or account described | Monthly | Amount |
| below Is wife's, husband's, or both.) | Payment | Owed |
|--------------------------------------------------------------------------|-----------|-----------|
| Mortgages on real estate: (Home) | $ | $ |
|--------------------------------------------------------------------------|-----------|-----------|
| (Other) | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Charge/credit card accounts | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Auto loan | | |
|--------------------------------------------------------------------------|-----------|-----------|
| Auto loan | | |
|--------------------------------------------------------------------------|-----------|-----------|
| Bank/credit union loans | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Money you owe (not evidenced by a note) | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Judgments | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Other | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|__________________________________________________________________________|___________|___________|
| Total Assets to Husband | $ | $_________|
|--------------------------------------------------------------------------|-----------|-----------|

*826
 2. Husband shall pay as his own the following and will not at any time ask Wife to pay these
 debts/bills:

|--------------------------------------------------------------------------|-----------|-----------|
| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND | | |
| (To avoid confusion at a later date, describe each item as clearly as | | |
| possible. You do not need to list account numbers. Where applicable, | | Current |
| Include whether the name on any mortgage, note, or account described | Monthly | Amount |
| below Is wife's, husband's, or both.) | Payment | Owed |
|--------------------------------------------------------------------------|-----------|-----------|
| Mortgages on real estate: (Home) | $ | $ |
|--------------------------------------------------------------------------|-----------|-----------|
| (Other) | | |
|--------------------------------------------------------------------------|-----------|-----------|
| Charge/credit card accounts | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Auto loan | | |
|--------------------------------------------------------------------------|-----------|-----------|
| Auto loan | | |
|--------------------------------------------------------------------------|-----------|-----------|
| Bank/credit union loans | | |
| | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Money you owe (not evidenced by a note) | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Judgments | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
| Other | | |
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|--------------------------------------------------------------------------|-----------|-----------|
|__________________________________________________________________________|___________|___________|
| Total Assets to Husband | $ | $ _______ |
|--------------------------------------------------------------------------|-----------|-----------|

 C. Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be
 divided as follows:
*827
_________________________________________________________________________________________________________________
_________________________________________________________________________________________________________________
_________________________________________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY) (If you have not agreed on this matter, write n/a on the
lines provided.)
[Choose only one]
 1. ___ Each of us forever gives up any right to spousal support (alimony) that we may have.
 2. ___ () HUSBAND () WIFE agrees to pay spousal support (alimony) in the amount of $ _____
every () week () other week () month, beginning {date}_______________ and continuing
until {date or event} ______________________________________________________________
Explain type of alimony (such as temporary, permanent, rehabilitative, and/or lump sum) and any other
specifics: ___________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
[Choose if applicable] () Life insurance in the amount of $ ______ to secure the above support,
will be provided by the obligor.
SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
 1. The parties' minor child(ren) are:

Name Birth date
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________

 2. The parties shall have time-sharing and parental responsibility in accordance with the Parenting
 Plan attached as Exhibit _____.
SECTION IV. CHILD SUPPORT
 1. () Mother () Father will pay child support, under Florida's child support guidelines, section
 61.30, Florida Statutes, to the other parent. The Child Support Guidelines Worksheet, Florida
 Family Law Rules of Procedure Form 12.902(e), is completed and attached.
This parent shall be obligated to pay child support in the amount of $_______,
every () week () other week () month, beginning {date} _________ and continuing until:
() modification by court order, ()the youngest child turns 18, becomes emancipated, marries, joins
the armed services, dies, or,
*828
() if after the age of 18, until {date} _________. If the child support amount above deviates
from the guidelines by 5% or more, explain the reason(s) here:
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
______________________________________________________________________________________________________
 2. Child Support Arrearage. There currently is a child support arrearage of $ _________
for retroactive child support and/or $________ for previously ordered unpaid child support.
The total of $_______ in child support arrearage shall be repaid at the rate of $________ every
() week () other week () month, beginning {date} ______, until paid in full including statutory
interest.
 3. Health Insurance. () Mother () Father will maintain health insurance for the parties' minor
 child(ren). The party providing coverage will provide insurance cards to the other party showing
 coverage. OR () Health insurance is not reasonable in cost and accessible to the child(ren) at
 this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed
 as follows:
 a. ___Shared equally by both parents.
 b. ___Prorated according to the child support guideline percentages.
 c. ___Other {explain}: _______________________________________________________
As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a
request for reimbursement to the other party within 30 days, and the other party, within 30 days of
receipt, shall submit the applicable reimbursement for that expense, according to the schedule of
reimbursement set out in this paragraph.
 4. Dental Insurance. () Mother () Father will maintain () dental insurance for the parties'
 minor child(ren). The party providing coverage will provide insurance cards to the other party
 showing coverage. OR () dental insurance is not reasonable in cost and accessible to the
 child(ren) at this time. Any uninsured/ unreimbursed dental costs for the minor child(ren) shall
 be assessed as follows:
 a. ___Shared equally by both parents.
 b. ___Prorated according to the child support guideline percentages.
 c. ___Other {explain}:______________________________________________________
As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a
request for reimbursement to the other party within 30 days, and the other party, within 30 days of
receipt, shall submit the applicable reimbursement for that expense, according to the schedule of
reimbursement set out in this paragraph.
 5. Life Insurance. () Mother () Father shall be required to maintain life insurance coverage for
 the benefit of the parties' minor child(ren) in the amount of $ ______ until the youngest child
 turns 18, becomes emancipated, marries, joins the armed services, or dies.
 6. IRS Income Tax Deduction(s). The assignment of any tax deductions for the child(ren) shall be
*829
 as follows: {explain} _________________________________________________________
__________________________________________________________________________________________
The other parent will convey any applicable IRS form regarding the income tax deduction.
 7. Other provisions relating to child support (e.g., uninsured medical/dental expenses, health or
 dental insurance, life insurance to secure child support, orthodontic payments, college fund,
 etc.):
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
*830
___________________________________________________________________________________________________
___________________________________________________________________________________________________
SECTION V. OTHER
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
SECTION VI. We have not agreed on the following issues:
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied
with this agreement and intend to be bound by it.
*831
Dated: _____________________ ___________________________________________
 Signature of Husband
 Printed Name:______________________________
 Address:___________________________________
 City, State, Zip: _________________________
 Telephone Number: _________________________
 Fax Number: _______________________________
STATE OF FLORIDA
COUNTY OF _______________________
Sworn to or affirmed and signed before me on ____________ by ________________
 ________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
Type of identification produced ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer}____________________________________
a nonlawyer, located at {street} _______________________________, {city},
{state} ______________________, {phone} _______________, helped {name} ____________,
who is the [Choose only one] ___ petitioner or ___ respondent, fill out this form.
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied
with this agreement and intend to be bound by it.
Dated: _________________________ _____________________________________________
 Signature of Wife
 Printed Name:________________________________
 Address:_____________________________________
 City, State, Zip:____________________________
 Telephone Number: ___________________________
 Fax Number:__________________________________
*832
STATE OF FLORIDA
COUNTY OF ________________________
Sworn to or affirmed and signed before me on ___________________ by ________________________
 _______________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________
 Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
Type of identification produced ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________________,
a nonlawyer, located at {street} ____________________, {city} _______________________,
{state} _____________, {phone} __________________ helped {name} ____________,
who is the [Choose only one] ___ petitioner or ___ respondent, fill out this form.

*833 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a), ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE (12/10)

When should this form be used?
This form should be used when you have been served with a petition for dissolution of marriage and you do not wish to contest it or appear at a hearing. If you file this form, you are admitting all of the allegations in the petition, saying that you do not need to be notified of or appear at the final hearing, and that you would like a copy of the final judgment mailed to you.
This form should be typed or printed in black ink, and your signature should be witnessed by a notary public or deputy clerk. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form, along with all of the other forms required with this answer and waiver, must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there.

Special notes. . .
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
*834 Parenting Plan and Time-Sharing.... . . By filing this answer and waiver, you are agreeing to any parenting plan and time-sharing requests in the petition. The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support. . . By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony.. . . By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities. . . Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the *835 parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.
Final Judgment. . . You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerks office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.
Nonlawyer. . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*836
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR ____________________________ COUNTY, FLORIDA
 Case No: ________________________
 Division: _______________________
________________________________,
 Petitioner,
 And
________________________________,
 Respondent.
 ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF
 DISSOLUTION OF MARRIAGE
 I, {full legal name}, Respondent, being sworn, certify
that the following information is true:
 1. Respondent answers the Petition for Dissolution of Marriage filed in this action and admits all
 the allegations. By admitting all of the allegations in the petition, respondent agrees to all relief
 requested in the petition including any requests regarding parenting and time-sharing, child
 support, alimony, distribution of marital assets and liabilities, and temporary relief.
 2. Respondent waives notice of hearing as well as all future notices in connection with the Petition
 for Dissolution of Marriage, as filed. Respondent also waives appearance at the final hearing.
 3. Respondent requests that a copy of the Final Judgment of Dissolution of Marriage entered in
 this case be forwarded to Respondent at the address below.
 4. If this case involves minor child(ren), a completed Uniform Child Custody Jurisdiction and
 Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form
 12.902(d), is filed with this answer.
 5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this answer.
 6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), () is filed with this answer () will be timely filed.
*837
 I certify that a copy of this document was [Choose only one] () mailed () faxed and mailed
() hand delivered to the person(s) listed below on {date} __________________________
Other party or his/her attorney:
Name: _______________________________________
Address:_____________________________________
City, State, Zip: ___________________________
Fax Number: _________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this motion and that the punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated: ______________________ _________________________________________
 Signature of RESPONDENT
 Printed Name: ____________________________
 Address: _________________________________
 City, State, Zip: ________________________
 Telephone Number: ________________________
 Fax Number: ______________________________
STATE OF FLORIDA
COUNTY OF ____________________
Sworn to or affirmed and signed before me on __________ by ___________________________.
 _________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
___ Personally known
___ Produced identification
___ Type of identification produced ________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________,
a nonlawyer, whose address is {street} _____________________, {city} _______________,
{state} ___________, {phone} ______, helped {name} ____________________, who is
the respondent, fill out this form.

*838 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(b), ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE (12/10)

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage and you wish to admit or deny all of the allegations in the petition but you do not plan to file a counterpetition seeking relief. You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition.

What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. You have 20 days to answer after being served with the other party's petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED. . . If you file an answer that agrees with everything in the other party's petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the final hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. . . If you file an answer which disagrees with or denies anything in the petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

Special notes. . .
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).

*839  Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-sharing. . . If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to the entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your answer to the petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support. . . The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. *840 From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony. . . Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in a counterpetition. Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)). If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).
Marital/Nonmarital Assets and Liabilities. . . Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief. . . If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Marital Settlement Agreement. . . If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form. . . These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), and Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of *841 the issues, the judge may use Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2), or Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*842
 IN THE CIRCUIT COURT OF THE ____________________ JUDICIAL CIRCUIT,
 IN AND FOR ______________________ COUNTY, FLORIDA
 Case No.: _____________________________
 Division: _____________________________
________________________,
 Petitioner,
 and
_________________________,
 Respondent.
 ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
 I, {full legal name} ___________________________, Respondent, being
sworn, certify that the following information is true:
 1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the
 Petition and, therefore, admit those allegations: {indicate section and paragraph number}
 ______________________________________________________________________________
 ___________________________________________________________________________________________
 2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in
 the Petition and, therefore, deny those allegations: {indicate section and paragraph number}
 ______________________________________________________________________________
 ___________________________________________________________________________________________
 3. I currently am unable to admit or deny the allegations raised in the following paragraphs due to
 lack of information: {indicate section and paragraph number} _________________
 ___________________________________________________________________________________________
 4. If this case involves a dependent or minor child(ren), a completed Uniform Child Custody
 Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family
 Law Form 12.902(d), is filed with this answer.
 5. If this case involves a dependent or minor child(ren), a completed Child Support Guidelines
 Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is [ &check; one only ( ) filed
 with this answer or ( ) will be filed after the other party serves his or her financial affidavit.
 6. If necessary a completed Notice of Social Security Number, Florida Supreme Court Approved
 Family Law Form 12.902(j), is filed with this answer.
 7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), [ Choose only one] ( ) is filed with this answer or ( ) will be timely filed.
 I certify that a copy of this document was [one only] ( ) mailed ( ) faxed and mailed
 ( ) hand delivered to the person(s) listed below on {date} ____________________________.
*843
Petitioner or his/her attorney:
Name: ___________________________________________
Address: ________________________________________
City, State, Zip: _______________________________
Fax Number: _____________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this answer and that the punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated: _____________________ ____________________________________________________
 Signature of Respondent
 Printed Name: ______________________________________
 Address: ___________________________________________
 City, State, Zip: __________________________________
 Telephone Number: __________________________________
 Fax Number: ________________________________________
STATE OF FLORIDA
COUNTY OF _______________________
Sworn to or affirmed and signed before me on ___________ by _________________________________.
 ________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
____ Personally known
____ Produced identification
 Type of identification produced _________________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________________,
a nonlawyer, located at {street} _____________________________, {city} _______________________,
{state} ________________, {phone} ________________, helped {name} ____________________________,
who is the respondent, fill out this form.

*844 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1), ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)(12/10)

When should this form be used?
This form should be used when you are responding to a petition for dissolution of marriage with dependent or minor child(ren) and you are asking the court for something not contained in the petition. The answer portion of this form is used to admit or deny the allegations contained in the petition, and the counterpetition portion of this form is used to ask for whatever you want the court to do for you.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:
The other party is required to answer your counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).
UNCONTESTED... Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do *845 not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voters registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
 Parenting Plan, Florida Supreme Court Approved Family Law Form 12.9.995(a) or Safety Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
Parenting Plan and Time-Sharing... If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
  Shared Parental Responsibility
  Sole Parental Responsibility
  Supervised Time-Sharing
  No contact
  Parenting Plan
  Parenting Plan Recommendation
  Time-Sharing Schedule
*846 Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Marital/Nonmarital Assets and Liabilities... Florida law requires an equitable distribution of marital assets and marital liabilities. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Parenting Plan... In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a), or a Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a Parenting Plan will be established by the court.
Temporary Relief... If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement... If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida *847 Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*848
 IN THE CIRCUIT COURT OF THE ___________________ JUDICIAL CIRCUIT,
 IN AND FOR_____________________ COUNTY, FLORIDA
 Case No.: _____________________________________
 Division: ______________________________________
_________________________________,
 Petitioner/Counter respondent,
 and
_________________________________,
 Respondent/Counterpetitioner.
 ANSWER TO PETITION AND COUNTERPETITION
 FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
 I, {full legal name} ___________________________, Respondent, being
sworn, certify that the following information is true:
ANSWER TO PETITION
 1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the
 Petition and, therefore, admit those allegations: {indicate section and paragraph number}
 ______________________________________________________________________________
 __________________________________________________________________________________________.
 2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in
 the Petition and, therefore, deny those allegations: {indicate section and paragraph number}
 ______________________________________________________________________________
 __________________________________________________________________________________________.
 3. I currently am unable to admit or deny the following paragraphs due to lack of information:
 {indicate section and paragraph number} _____________________________
 __________________________________________________________________________________________.
COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN)
 1. JURISDICTION/RESIDENCE
 ( ) Husband ( ) Wife ( ) Both has (have) lived in Florida for at least 6 months before the filing
 of this Petition for Dissolution of Marriage.
 2. Petitioner [Choose only one] ( ) is ( ) is not a member of the military service.
 Respondent [Choose only one] ( ) is ( ) is not a member of the military service.
*849
 3. MARRIAGE HISTORY
 Date of marriage: {month, day, year} _________________________________________
 Place of marriage: {city, state, country} ____________________________________
 Date of separation: {month, day, year} _______________ (indicate if approximate)
 4. DEPENDENT OR MINOR CHILD(REN)
 [Choose all that apply]
 a. ____ The wife is pregnant. Baby is due on: {date} ______________
 b. ____ The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 __________________ ________________________ _____________________ ______
 __________________ ________________________ _____________________ ______
 __________________ ________________________ _____________________ ______
 __________________ ________________________ _____________________ ______
 __________________ ________________________ _____________________ ______
 __________________ ________________________ _____________________ ______
 c. ____ The minor child(ren) born or conceived during the marriage who are not common to
 both parties are:
 Name Place of Birth Birth date Sex
 _______________________ ____________________________ ______________________ _______
 _______________________ ____________________________ ______________________ _______
 The birth father(s) of the above minor child(ren) is (are) {name and address} _____________
 ___________________________________________________________________________________________
 d. ____ The child(ren) common to both parties who are 18 or older but who are dependent upon
 the parties due to a mental or physical disability are:
 Name Place of Birth Birth date Sex
 _______________________ ____________________________ ______________________ _______
 _______________________ ____________________________ ______________________ _______
 5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition. You
 must complete and attach this form in a dissolution of marriage with minor child(ren).
 6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this counterpetition.
 7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c) ( ) is filed or ( ) will be timely filed.
 8. This counterpetition for dissolution of marriage should be granted because:
 [Choose only one]
 a. ____ The marriage is irretrievably broken.
*850
 b. ____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior
 to the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.
SECTION I. MARITAL ASSETS AND LIABILITIES
[Choose only one]
 1. ____ There are no marital assets or liabilities.
 2. ____ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or
 will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or
 (c), to be filed in this case.
 [Choose all that apply]
 a. ____ All marital assets and liabilities have been divided by a written agreement between the
 parties, which is attached to be incorporated into the final judgment of dissolution of
 marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage
 with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form
 12.902(f)(1).
 b. ____ The Court should determine how the assets and liabilities of this marriage are to be
 distributed, under section 61.075, Florida Statutes.
 c.
 ____Respondent should be awarded an interest in Petitioner's property because:_______
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
SECTION II. SPOUSAL SUPPORT (ALIMONY)
[Choose only one]
 1. ____ Respondent forever gives up his/her right to spousal support (alimony) from
 Petitioner.
 2. ____ Respondent requests that the Court order Petitioner to pay the following spousal
 support (alimony) and claims that he or she has a need for the support that he or she is
 requesting and that Petitioner has the ability to pay that support. Spousal support
 (alimony) is requested in the amount of $____ every ( ) week ( ) other week ( )
 month, beginning {date} _________ and continuing until {date or event}
 ____________________________.
Explain why the Court should order Petitioner to pay and any specific request(s) for type of
alimony (temporary, permanent, rehabilitative, and/or lump sum): __________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
[Choose if applies] ( ) Respondent requests life insurance on Petitioner's life, provided by
*851
 Petitioner, to secure such support.
SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
 1. The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other: {explain}
 ___________________________________________________________________________________________
 2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
 [Choose only one]
 a. ____shared by both Father and Mother.
 b. ____awarded solely to ( ) Father ( ) Mother. Shared parental responsibility would be
 detrimental to the child(ren) because: _________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the family be
 ordered to comply with a Parenting Plan that ( ) includes ( ) does not include parental time-sharing
 with the child(ren). The Respondent states that it is in the best interests of the
 child(ren) that:
 (Choose only one)
 a. ____The attached proposed Parenting Plan should be adopted by the court. The parties
 ( ) have ( ) have not agreed to the Parenting Plan.
 b. ____ The court should establish a Parenting Plan with the following provisions:
 ( )No time-sharing for the ____ Husband ____ Wife.
 ( ) Limited time-sharing with the ____ Husband ____ Wife.
 ( )Supervised time-sharing for the ____ Husband ____ Wife.
 ( )Supervised or third-party exchange of the child(ren).
 ( ) Time-sharing as follows: ___________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 Explain why this request is in the best interests of the child(ren):_______________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
SECTION IV. CHILD SUPPORT [Choose all that apply]
 1. Respondent requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such
 support should be ordered retroactive to:
 a. ____ the date of separation {date}___________.
*852
 b. ____the date of the filing of this petition.
 c. ____other {date}__________{explain} ___________________________________________________
 ________________________________________________________________________________________
 2. ____ Respondent requests that the Court award child support to be paid beyond the age of 18
 years because:
 a. ___the following child(ren) {name(s)} __________________________________________________
 ________________________________________________________________________________________
 is (are) dependent because of a mental or physical incapacity which began before the age of
 18. {explain} ________________________________________________________________
 b. the following child(ren) {name(s)}__________________________________is (are) dependent in
 fact and is (are) in high school while he/she (they) are between the ages of 18 and 19; said
 child(ren) is (are) performing in good faith with reasonable expectation of graduation before
 the age of 19.
 3. ____Respondent requests that the Court award a child support amount that is more than or less
 than Florida's child support guidelines. Respondent understands that Motion to Deviate
 from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943,
 must be filed before the court will consider this request.
 4. ____Respondent requests that medical/dental insurance coverage for the minor child(ren) be
 provided by:
 [Choose only one]
 a. ____Father.
 b. ____Mother.
 5. ____Respondent requests that uninsured medical/dental expenses for the child(ren) be paid:
 [Choose only one]
 a. ____by Father.
 b. ____ by Mother.
 c. ____ by Father and Mother each paying one-half.
 d. ____ according to the percentages in the Child Support Guidelines Worksheet, Florida Family
 Law Rules of Procedure Form 12.902(e).
 e. ____ Other {explain}: __________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 6. ____ Respondent requests that life insurance to secure child support be provided by:
 a. ____Father.
 b. ____ Mother.
 c. ____ Both.
SECTION V. OTHER
 1. If Respondent is also the Wife, please indicate by either ( ) yes OR ( ) no whether
 Respondent/Wife wants to be known by her former name, which was {full legal name}:
 __________________________________________________________________________________
 2. Other relief {specify}: ___________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
*853
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
SECTION VI. RESPONDENT'S/COUNTERPETITIONER'S REQUEST (This section summarizes what you are
asking the Court to include in the final judgment of dissolution of marriage.)
Respondent requests that the Court enter an order dissolving the marriage and:
[Choose all that apply]
 1. ____ distributing marital assets and liabilities as requested in Section I of this petition;
 2. ____ awarding spousal support (alimony) as requested in Section II of this petition;
 3. ____ adopt or establish a Parenting Plan containing provisions for parental responsibility and
 time-sharing for the dependent or minor child(ren) common to both parties, as requested
 in Section III of this petition;
 4. ____ establishing child support for the dependent or minor child(ren) common to both parties, as
 requested in Section IV of this petition;
 5. ____ restoring Wife's former name as requested in Section V of this petition;
 6. ____ awarding other relief as requested in Section V of this petition; and any other terms the
 Court deems necessary.
 I certify that a copy of this document was [Choose only one] ( ) mailed ( ) faxed and mailed
 ( ) hand delivered to the person(s) listed below on {date} ____________________________.
Petitioner or his/her attorney:
Name: __________________________________________
Address: _______________________________________
City, State, Zip:_______________________________
Fax Number: ____________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this answer and counterpetition and that the punishment for knowingly making a false
statement includes fines and/or imprisonment.
Dated: __________________ _________________________________________________
 Signature of Respondent/Counterpetitioner
 Printed Name: ___________________________________
 Address: ________________________________________
 City, State, Zip: _______________________________
 Telephone Number: _______________________________
 Fax Number: _____________________________________
*854
STATE OF FLORIDA
COUNTY OF _________________
Sworn to or affirmed and signed before me on___________ by ____________________________________.
 ___________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ________________________________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer}____________________________________________,
a nonlawyer, located at {street} _____________________________, {city} _____________________,
{state} __________________, {phone} ____________________, helped {name} ____________________,
who is the respondent, fill out this form.

*855 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (12/10)

When should this form be used?
This form should be used when you are responding to a supplemental petition for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a counterpetition. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(1), or Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.903(c)(2).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.

What should I do next?
A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other party's supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED... If you file an answer that agrees with everything in the other party's supplemental petition and you have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If you file an answer which disagrees with or denies anything in the supplemental petition, and you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

*856 Special notes...
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.)
Parenting and Time-Sharing... If you and the other party are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A parenting course may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
*857
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support... If this case involves child support issues, the court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding parental responsibility and time-sharing with child(ren), child support or alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.
Settlement Agreement... If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/ Time-Sharing Schedule or Other Relief, Florida Supreme Court Approved Family Law Form 12.993(a), a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), and a Supplemental Final Judgment Modifying Alimony, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' *858 names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE________________JUDICIAL CIRCUIT,
 IN AND FOR ________________COUNTY, FLORIDA
 Case No.:_______________________________
 Division:_______________________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.
 ANSWER TO SUPPLEMENTAL PETITION
 I, {full legal name}____________________________________, being sworn,
certify that the following information is true:
 1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in
 the Supplemental Petition and, therefore, admit those allegations: {indicate section and
 paragraph number}______________________________________________________________________________
 2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs
 in the Supplemental Petition and, therefore, deny those allegations: {indicate section and
 paragraph number}______________________________________________________________________________
 3. I currently am unable to admit or deny the following paragraphs due to lack of information:
 {indicate section and paragraph number}________________________________________________________
 4. If not previously filed in this case, a completed Family Law Financial Affidavit, Florida Family
 Law Rules of Procedure Form 12.902(b) or (c) (_), is filed with this answer, or ( )will be,
 timely filed.
 5. If not previously filed in this case, a completed Notice of Social Security Number, Florida
 Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.
 [Choose if applies]
 6. ____This case involves minor child(ren), and a completed Uniform Child Custody Jurisdiction
 and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form
 12.902(d), is filed with this answer.
 7. ____This case involves child support, and a completed Child Support Guidelines Worksheet,
 Florida Family Law Rules of Procedure Form 12.902(e),( ) is filed or ( )will be filed with the
 court.
*859
 I certify that a copy of this document was [Choose only one] ( ) mailed ( ) faxed and mailed
 ( ) hand delivered to the person(s) listed below on {date} _________________________________.
Petitioner or his/her attorney:
Name:____________________________________
Address:_________________________________
City, State, Zip:____________________
Fax Number:______________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this answer and that the punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated:__________________ __________________________________________________
 Signature of Respondent
 Printed Name:____________________________________________
 Address:_________________________________________________
 City, State, Zip:________________________________________
 Telephone Number:________________________________________
 Fax Number:______________________________________________
STATE OF FLORIDA
COUNTY OF _____________________
Sworn to or affirmed and signed before me on __________ by _________________________________.
 ________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ____________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________________,
a nonlawyer, located at {street}_____________________________, {city} _________________,
{state} ________________, {phone} ____________________, helped {name} _________________,
who is the respondent, fill out this form.

*860 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (12/10)

When should this form be used?
This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren). It only deals with alimony and child support.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through "for Dissolution of Marriage" and inserting "for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)." If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT. If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by *861 using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED. If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion *862 of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief. If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Final Judgment Form. These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer. Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*863
 IN THE CIRCUIT COURT OF THE _______________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No: ________________________
 Division: _______________________
 _________________________,
 Petitioner,
 And
 _________________________,
 Respondent.
 PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION
 OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
 I, {full legal name}______________________________________________________________________, the
 ( ) Husband ( ) Wife, being sworn, certify that the following statements are true:
 1. JURISDICTION
 ( ) Husband ( ) Wife ( ) Both live in Florida at the filing of this Petition for Support Unconnected
 with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.
 2. Petitioner [Choose only one] ( ) is ( ) is not a member of the military service.
 Respondent [Choose only one] ( ) is ( ) is not a member of the military service.
 3. MARRIAGE HISTORY
 a. Date of marriage: {month, day, year}________________________________________________________
 b. Place of marriage: {city, state, country}___________________________________________________
 c. Date of separation: {month, day, year} ______________ (____ Choose if approximate)
 4. MINOR CHILD(REN)
 [Choose all that apply]
 a. ____ The wife is pregnant. The baby is due on: {date} ____________________.
 b. ____ The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ____________________________________ ____________________ _________________ _____________
 ____________________________________ ____________________ _________________ _____________
 ____________________________________ ____________________ _________________ _____________
 ____________________________________ ____________________ _________________ _____________
 ____________________________________ ____________________ _________________ _____________
 c. The minor child(ren) born or conceived during the marriage who are not common to both
 parties are:
 Name Place of Birth Birth date Sex
 ____________________________________ ____________________ _________________ _____________
*864
 ____________________________________ ____________________ _________________ _____________
 The birth father(s) of the above minor child(ren) is (are) {name and address}
 ___________________ __________________________________________________________________________
 d. ____The child(ren) common to both parties who are 18 or older but who are dependent
 upon the parties due to a mental or physical incapacity are:
 Name Place of Birth Birth date Sex
 _________________ ___________________ ________________ __________
 _________________ ___________________ ________________ __________
 5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this petition.
 6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c)( ) is, or ( )will be filed.
 7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form
 12.902(e), is, or will be, filed.
 8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
 SECTION I. SPOUSAL SUPPORT (ALIMONY)
 [Choose only one]
 1. ____ Petitioner does not request spousal support (alimony) from Respondent at this time.
 2. ____ Respondent has the ability to contribute to the maintenance of Petitioner and has failed to
 do so. Petitioner requests that the Court order Respondent to pay the following spousal support
 (alimony) and claims that he or she has a need for the support that he or she is requesting.
 Spousal support (alimony) is requested in the amount of $___________ every ( ) week
 ( ) other week ( ) month, beginning {date} _________________________, and continuing until
 {date or event}________________________________________________________________________________
 Explain why the Court should order Respondent to pay and any specific request(s) for type of
 alimony (temporary, permanent, rehabilitative, and/or lump sum):______________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 [Choose if applies] ( ) Petitioner requests life insurance on Respondent's life, provided by
 Respondent, to secure such support.
 SECTION II. CHILD SUPPORT
 Respondent has the ability to contribute to the maintenance of his or her minor child(ren) and
 has failed to do so. Based upon the time-sharing schedule, the Petitioner is entitled to child
 support.
 [Choose all that apply]
 1. ____Petitioner requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes.
*865
 2. ____Petitioner requests that the Court award child support to be paid beyond the age of 18 years
 because:
 a. ____ the following child(ren), {name(s)}________________________________________________,
 is (are) dependent because of a mental or physical incapacity which began prior to the
 age of 18 {explain}: ____________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 b. ____ the following child(ren), {name(s)}______________________________________________,
 is (are) dependent in fact and is (are) in high school while he/she (they) are between the
 ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable
 expectation of graduation before the age of 19.
 3. ____Petitioner requests that medical/dental insurance for the minor child(ren) be provided by:
 [Choose only one]
 a. ____ Father.
 b. ____ Mother.
 4. ____ Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
 [Choose only one]
 a. ____ by father.
 b. ____ by mother.
 c. ____ by Father and Mother each paying one-half.
 d. ____ according to the percentages in the Child Support Guidelines Worksheet, Florida
 Family Law Rules of Procedure Form 12.902(e).
 e. ____ Other {explain}: _________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 5. ____ Petitioner requests that life insurance to secure child support be provided by:
 a. ____Father.
 b. ____Mother.
 c. ____Both.
 SECTION III. OTHER RELIEF
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 SECTION IV. PETITIONER'S REQUEST (This section summarizes what you are asking the Court to
 include in the order for support.)
 Petitioner requests that the Court enter an order establishing support and:
 [Choose all that apply]
 a. ___ awarding spousal support (alimony) as requested in Section I of this petition;
 b. ___ establishing child support for the minor child(ren) common to both parties, as
 requested in Section II of this petition;
 c. ____ awarding other relief as requested in Section III of this petition; and any other terms
 the Court deems necessary.
*866
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
 made in this petition and that the punishment for knowingly making a false statement includes fines
 and/or imprisonment.
 Dated:_________________________________ ____________________________________________________
 Signature of Petitioner
 Printed Name:_______________________________________
 Address:____________________________________________
 City, State, Zip:___________________________________
 Telephone Number:___________________________________
 Fax Number:_________________________________________
 STATE OF FLORIDA
 COUNTY OF_____________
 Sworn to or affirmed and signed before me on _______ by__________________________________________.
 ____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
 ____ Personally known
 ____ Produced identification
 Type of identification produced _______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
 all blanks]
 I, {full legal name and trade name of nonlawyer}_____________________________________________,
 a nonlawyer, located at {street} ____________________________________ {city} ________________,
 {state} __________, {phone} _____________, helped {name}_____________________________________,
 who is the petitioner, fill out this form.

*867 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY PARENTAL RESPONSIBILITY, VISITATION OR PARENTING PLAN/ TIME-SHARING SCHEDULE AND OTHER RELIEF (12/10)

When should this form be used?
This form should be used when you are asking the court to change the current parental responsibility, visitation, and/or Parenting Plan/time-sharing schedule. A determination of parental responsibility, a Parenting Plan and a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order or judgment was entered. If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial *868 assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) if you are seeking to modify child support. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or 12.995(b). If the parties have reached an agreement, the Parenting Plan should be signed by both parties. If you have not reached an agreement, a proposed Parenting Plan may be filed. Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932 if you are seeking to modify child support. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Parenting Plan and Time-Sharing... If you and the respondent are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule *869 based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
A parenting course may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility

 Sole Parental Responsibility

 Supervised Time-Sharing

 No contact

 Parenting Plan

 Parenting Plan Recommendation

 Time-Sharing Schedule

Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding parental responsibility and time-sharing with child(ren), or temporary child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public. *870 Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/ Time-Sharing Schedule And Other Relief, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*871
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR ___________________COUNTY, FLORIDA
 Case No.:__________________________________
 Division:__________________________________
_____________________________________,
 Petitioner,
 and
_____________________________________,
 Respondent.
SUPPLEMENTAL PETITION TO MODIFY PARENTAL RESPONSIBILITY, VISITATION, OR
PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF
 I, {full legal name} ________________________________________________________
 ______, being sworn, certify that the following information is true:
1. The parties to this action were granted a final judgment of ( ) dissolution of marriage ( ) paternity
 on {date} ___________________. A copy of the final judgment and any modification(s) is attached.
2. Paragraph(s)________________________of the ( ) final judgment or ( ) most recent modification
 thereof describes the present parental responsibility, visitation, or Parenting Plan/Time-Sharing
 schedule.
3. Since the final judgment or last modification thereof, there has been a substantial, material and
 unanticipated change in circumstances, requiring a modification of the parental responsibility,
 visitation, or Parenting Plan/Time-Sharing schedule. Those changes are as follows: {explain}
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
4. I ask the Court to modify the parental responsibility, visitation,- Parenting Plan or Time-Sharing
 schedule as follows: {explain}
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
*872
5. This modification is in the best interests of the child(ren) because: {explain}
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
6. Petitioner ( ) requests ( ) does not request that child support be modified, consistent with the
 modification of the Parenting Plan/Time-Sharing schedule.
7. If necessary, a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form
 12.902(e), ( )is, or ( ) will be filed.
8. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or
 (c), is, or will be, filed.
9. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
10. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme
 Court Approved Family Law Form 12.902(j), is filed with this petition.
11. Other: ____________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims made in
this petition and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.
Dated: ________________ _____________________________________________________________
 Signature of Petitioner
 Printed Name:________________________________________________
 Address:_____________________________________________________
 City, State, Zip:____________________________________________
 Telephone Number:____________________________________________
 Fax Number:__________________________________________________
 STATE OF FLORIDA
 COUNTY OF ____________________________
 Sworn to or affirmed and signed before me on ____ by______________________________________________
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 Print, type, or stamp commissioned name of notary
*873
 or deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ____________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________,
a nonlawyer, located at {street} ______________________________, {city}______________________,
{state} _______________, {phone} _________, helped {name}_______________________________________,
who is the petitioner, fill out this form.

*874 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b), SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT (12/10)

When should this form be used?
This form should be used when you are asking the court to change a current court-ordered child support obligation. The court can change a child support order or judgment if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
*875 CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Support... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do *876 the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief... If you need temporary relief regarding child support, you may file a Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form... These family law forms contain a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*877
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _________________________
 Division: _________________________
________________________________,
 Petitioner,
 and
________________________________,
 Respondent.
 SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD
 SUPPORT
 I, {full legal name} ___________________________, being sworn, certify
that the following information is true:
 1. The parties to this action were granted a final judgment ( ) of dissolution of marriage ( ) of
 paternity ( ) for support unconnected with a dissolution of marriage ( ) Other [describe]
 _______________________ on {date} _____.
 A copy of the final judgment and any modification(s) is attached.
 2. Paragraph(s) ________ of the ( ) final judgment or ( ) most recent modification
 thereof establishes the present child support at $__________every ( ) week ( ) other
 week ( ) month, beginning on {date} __________.
 3. Since the final judgment or most recent modification thereof, there has been a substantial
 change in circumstances, requiring a modification in child support. This change in circumstance
 is as follows: {explain} _______________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 4. I ask the Court to modify child support as follows: {explain} __________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
*878
 ________________________________________________________________________________________________
 5. This change is in the best interests of the child(ren) because: {explain} ______________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), is, or will be, filed.
 7. If not previously filed in this case, a completed Notice of Social Security Number, Florida
 Supreme Court Approved Family Law Form 12.902(j), is filed.
 8. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
 ( ) is, or ( ) will be, filed.
 9. Other: _________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this petition and that the punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated: ________________ _______________________________________________________
 Signature of Petitioner
 Printed Name: _________________________________________
 Address: ______________________________________________
 City, State, Zip: _____________________________________
 Telephone Number: _____________________________________
 Fax Number: ___________________________________________
*879
STATE OF FLORIDA
COUNTY OF _________________
Sworn to or affirmed and signed before me on ______ by _____________________________________________.
 ______________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ______________________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ___________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________________________________,
a nonlawyer, located at {street}__________________, {city} __________________________________________,
{state} __________, {phone} __________, helped {name} _______________________________________________,
who is the petitioner, fill out this form.

*880 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d), SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE (12/10)

When should this form be used?
This form should be used when a parent seeks a temporary modification of an order establishing custody, visitation, a parenting plan, or time-sharing schedule because the parent is activated, deployed, or temporarily assigned to military service and the parent's ability to comply with the prior order (s) and time-sharing schedule is materially affected.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. This form and these instructions do not apply to modification of temporary orders.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family *881 Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.

Special notes...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). If you are seeking modification of the child support obligation. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) if you are seeking modification of the child support obligation.
 Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a) or (b). If the parties have reached an agreement, a signed and notarized Parenting Plan should be attached. If you have not reached an agreement, a proposed Parenting Plan may be filed.
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932 if you are seeking modification of the child support obligation. (This must *882 be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Temporary Judgment Form... These family law forms contain a Supplemental Temporary Judgment Modifying Parenting Issues for Children of a Parent Activated, Deployed or Temporarily Assigned to Military Service Florida Supreme Court Approved Family Law Form 12.993(d), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*883
 IN THE CIRCUIT COURT OF THE ___________ JUDICIAL CIRCUIT,
 IN AND FOR ______________ COUNTY, FLORIDA
 Case No.: ___________________
 Division: ___________________
______________________________,
 Petitioner,
 and
______________________________,
 Respondent.
SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING
 ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR
 TEMPORARILY ASSIGNED TO MILITARY SERVICE
 I, {full legal name} ___________________________, being sworn, certify that
the following information is true:
1. The parties to the action, {names} ____________________, were granted a final
 judgment of [Choose one only] ( ) dissolution of marriage ( ) paternity on {date}
 _________________, ( ) other {describe} ______________________________________________.
 A copy/copies of the final judgment or any modification(s) is/are attached.
2. Paragraph(s) _____ of the [Choose one only] ( ) final judgment or ( ) most recent modification of
 it grants custody, primary care, or time-sharing of the minor child(ren), {name(s)}
 _____________________________, with {name of parent} ___________________________________________.
3. The parent, {name} _______________, is [Choose all that apply] ( ) activated ( ) deployed
 ( ) temporarily assigned to military service.
4. The parent, {name} _________________, is temporarily unable to continue the
 current parenting plan and time-sharing schedule with the minor child(ren) during the period of
 time that the parent is [Choose all that apply] ( ) activated ( ) deployed ( ) temporarily assigned
 to military service.
5. I ask the court to temporarily modify/amend the parental responsibility and time-sharing schedule
 of the minor child(ren) during the period of time that the parent, {name} ___________________, is
 [Choose all that apply] ( ) activated ( ) deployed ( ) temporarily assigned to military service as
 follows:
 {explain}__________________________________________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
*884
6. This temporary modification/amendment is in the best interest of the child(ren) because {explain}
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
7. I ask that the court adopt ( ) the attached temporary Parenting Plan ( ) time-sharing schedule set
 forth below_during the time that the parent is [Choose all that apply] ( ) activated ( ) deployed
 ( ) temporarily assigned to military service:
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
8. If the requested modification/amendment is granted, Petitioner ( ) requests ( ) does not request
 that child support be temporarily modified/amended, consistent with the temporary
 modification/amendment of the Parenting Plan and time-sharing schedule. A Child Support
 Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) is, or will be, filed if a
 modification of child support is requested.
9. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or
 (c) is filed with this Petition if a modification of child support is requested.
10. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
11. Other: ________________________________________________________________________________
 a. ___________________________________________________________________________________
 b. ___________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this petition and that punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated:____________________________ ______________________________
 Signature of Petitioner
 Printed Name: ________________
 Address: _____________________
 City, State, Zip: ____________
 Telephone Number: ____________
 Fax Number: __________________
*885
STATE OF FLORIDA
COUNTY OF _____________________
Sworn to or affirmed and signed before me on _________________ by ________________________.
 _________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________
 [Print, type or stamp commissioned name of
 notary or clerk]
___ Personally known
___ Produced identification
 Type of identification produced _____________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all
blanks]
I, {full legal name and trade name of nonlawyer} _________________________________________,
a nonlawyer, located at {street} ____________________, {city} __________, {state} _________, {phone}
___________________, helped {name}_________________________________who is the petitioner, fill out
this form.

*886 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.940(d), MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION (12/10)

When should this form be used?
If a temporary injunction, either ex parte or after a hearing, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction. This motion should not be used to dissolve a Temporary Injunction for Protection Against Domestic Violence.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A hearing will be held within 5 working days. You should ask for the date and time of your hearing and should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party, along with a notice of hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

Special notes...
If parental responsibility or time-sharing of a minor child(ren) is at issue, you must also file the following, if you have not already done so:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
Order... These family law forms contain an Order Dissolving Temporary Injunction, Florida Supreme Court Approved Family Law Form 12.940(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*887
 IN THE CIRCUIT COURT OF THE __________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _________________________
 Division: _________________________
_______________________________,
 Petitioner,
 and
_______________________________,
 Respondent.
 MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION
( ) Petitioner ( ) Respondent requests the Court to enter an order ( ) dissolving the temporary
injunction issued in the above styled case ( ) modifying the temporary injunction issued in the above
styled case in the following manner: ________________________________________________________________
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________.
I am the party against whom this temporary injunction has been granted and under rule 1.610, Florida
Rules of Civil Procedure, I request that a hearing be held within 5 days after the filing of this motion.
I certify that a copy of this document was [ one only] ( ) mailed ( ) faxed and mailed
( ) hand delivered to the person(s) listed below on {date} _____________________________.
Other party or his/her attorney:
Name: __________________________________
Address: _______________________________
City, State, Zip: ______________________
Fax Number: ____________________________
Dated: ___________________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________,
a nonlawyer, located at {street} ______________________, {city} ______________________,
{state} _________________, {phone} ______________, helped {name} _____________________,
who is the [ one only] ___ petitioner or ___ respondent, fill out this form.
*888
 IN THE CIRCUIT COURT OF THE __________________ JUDICIAL CIRCUIT,
 IN AND FOR _____________________ COUNTY, FLORIDA
 Case No.: _________________________
 Division: _________________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 ORDER DISSOLVING TEMPORARY INJUNCTION
Upon ( ) Petitioner's ( ) Respondent's motion and after hearing, the Court, being fully advised in the
premises,
ORDERS that the temporary injunction entered on {date} ______________________ in the
above-styled case is hereby dissolved.
DONE AND ORDERED at _______________________, Florida, on {date} _________________.,
 __________________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov

*889 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (12/10)

When should this form be used?
You should use this form if you want the court to enter an order that your minor child(ren) is (are) not to be removed from the State of Florida while a case involving parenting or time-sharing is pending, that passport services for the minor child(ren) be prohibited, and/or that existing passports be turned over to you.
This form should be typed or printed in black ink. If you want the court to enter an ex parte order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriff's office for further assistance. You must have this form and the court's order, served by personal service on the other party. You should read the court's order carefully. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

Special notes...
If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given. The court may require you to post a bond as a condition of the injunction.
With this form you must also file the following, if you have not already done so, and provide a copy to the other party:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
Temporary Injunctions ... These family law forms contain a Temporary Injunction *890 to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte), Florida Supreme Court Approved Family Law Form 12.941(b), which the judge may use if he or she enters an order without a hearing, and a Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice), Florida Supreme Court Approved Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*891
 IN THE CIRCUIT COURT OF THE ________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
____________________________,
 Petitioner,
 and
____________________________,
 Respondent.
 VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF
 MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES
 ( ) Petitioner ( ) Respondent requests the Court to enter a temporary injunction to prevent
removal of the following listed minor child(ren) from the jurisdiction of this Court and deny passport
services for the child(ren) and says:
1. The minor child(ren) subject to this request is (are):
 Name Birth date
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
2. The child(ren) has (have) been a resident(s) of _______ County, Florida since {date} ____.
3. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d),( ) is filed with this motion or ( ) has already
 been filed.
4. It is in the best interests of the minor child(ren) that the Court order the following:
 [Choose all that apply]
 a. ___ The child(ren) not be removed from the jurisdiction of this Court while litigation is pending
 because:_________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 b. ___ Passport services for the minor child(ren) be prohibited because:____________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 c. ___ Existing passports for the minor child(ren) be immediately turned over to ( ) Petitioner
*892
 ( ) Respondent because: __________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
5. This motion should be granted ( ) with ( ) without notice to the other party. {If without notice,
 explain why there would be immediate and irreparable harm if the other party is given notice.}
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 WHEREFORE, ( ) Petitioner ( ) Respondent requests the following from the Court:
 [Choose all that apply]
 a. ___ enter a temporary injunction to prevent removal of the child(ren) named above from the
 jurisdiction of this Court while this action is pending;
 b. ___enter an order denying passport services for the minor child(ren);
 c. ___enter an order requiring that any existing passports for the minor child(ren) be immediately
 delivered to ( ) Petitioner ( ) Respondent;
 d. ___enter a temporary injunction without notice to the other party.
 I certify that a copy of this document was [Choose only one] ( ) mailed ( ) faxed and mailed
( ) hand delivered to the person(s) listed below on {date} ______________________________________
or ( ) was not delivered to the person(s) listed below because __________________________________
_________________________________________________________________________________________________
_________________________________________________________________________________________________
_________________________________________________________________________________________________
Other party or his/her attorney:
Name: _________________________________
Address: ______________________________
City, State, Zip: _____________________
Fax Number: ___________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this verified motion and that the punishment for knowingly making a false statement
includes fines and/or imprisonment.
Dated: _________________________ _________________________________________________
 Signature of Party
 Printed Name: ___________________________________
 Address: ________________________________________
 City, State, Zip: _______________________________
 Telephone Number: _______________________________
*893
 Fax Number: _____________________________________
STATE OF FLORIDA
COUNTY OF ____________________
Sworn to or affirmed and signed before me on _____________ by ________________________________.
 _______________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
 Type of identification produced _________________________
If the party filing this motion is represented by an attorney, the attorney must complete the
following:
 I, the undersigned attorney for the movant, hereby certify in that the following efforts have
been made to give notice. {if no efforts have been made, why} _____________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
___________________________________________________________________________________________________
 ______________________________________
 Signature
 ______________________________________
 Florida Bar Number
 ______________________________________
 Printed Name
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________________________,
a nonlawyer, located at {street} __________________________, {city} __________________________,
{state} ______________, {phone} _____________________, helped {name} _________________________,
who is the [Choose only one] ___ petitioner or ___ respondent, fill out this form.
*894
 IN THE CIRCUIT COURT OF THE ________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
_____________________________,
 Petitioner,
 and
_____________________________,
 Respondent.
 TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN)
 AND/OR DENIAL OF PASSPORT SERVICES (EX PARTE)
Upon verified motion of ( ) Petitioner ( ) Respondent, the Court has jurisdiction of the parties and the
subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:
NOTICE OF HEARING
This Temporary Injunction to Prevent Removal of Child(ren) has been issued without prior notice to
Respondent. Pursuant to Rule 1.610, Florida Rules of Civil Procedure, the other party may file a motion
to dissolve or modify this temporary injunction and a hearing will be scheduled within 5 days of that
motion.
[Choose if applies]
___ If no motion to dissolve is filed, Petitioner and Respondent are instructed that they are scheduled
to appear and testify at a hearing regarding this matter on {date}______, at _____
a.m./p.m., when the Court will consider whether the Court should continue, modify, or dissolve this
Temporary Injunction to Prevent Removal of Child(ren) and/or Denial of Passport Services, which
would remain in effect until modified or dissolved by the Court, and whether other things should be
ordered, including who should pay the filing fees and costs. The hearing will be before The Honorable
{name}_______________________, at {room name/number, location, address,
city}___________________________________________, Florida. If Petitioner and/or
Respondent do (does) not appear, this temporary injunction may be continued in force, extended, or
dismissed, and/or additional orders may be issued, including the imposition of court costs.
____ If you are a person with a disability who needs any accommodation in order to participate in this
proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact
{name}___________________________,{address}_____________________________________________________,
{telephone}_____________________, within 2 working days of your receipt of this temporary
injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
*895
FINDINGS
1. It appears from specific facts shown by verified motion that immediate and irreparable injury, loss,
 or damage will result to the minor child(ren) if a temporary injunction is not issued without notice to
 the other party.
2. ( ) Petitioner's ( ) Respondent's attorney has certified in writing any efforts made to give notice.
3. The reasons why notice should not be given are: ________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
TEMPORARY INJUNCTION
[Choose all that apply]
1. ___ The following child(ren) shall not be removed from the jurisdiction of this Court during the
 pendency of this proceeding, or until further order of this Court:
 Name Birth date
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
2. ___ ( ) Petitioner ( ) Respondent shall not apply for any passports or passport services on behalf
 of the child(ren).
3. ___ ( ) Petitioner ( ) Respondent shall immediately deliver any existing passports for the
 child(ren) to {name} __________________________________________________________.
4. The Court may enforce compliance with the terms of this injunction through civil and/or indirect
 criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a
 fine.
5. Violation of this injunction may constitute criminal contempt of court.
6. Bond.
 a. ___ Bond is waived because this injunction is issued solely to prevent physical injury or abuse of
 a natural person.
 b. ___ This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of
 $ ______ with the clerk of this Court.
7. Expiration. This injunction shall remain in effect until the minor child(ren) reach(es) the age of 18,
 until the hearing scheduled herein, if any, or {date} _______, whichever occurs first, unless
 modified by further order of this Court.
DONE AND ORDERED at _____________________________, Florida on {date} __________________________
 ____________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} _________________________________________________
was [only one] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
{date}______________ by {clerk of court or designee}__________________________________________.
*896
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov
*897
 IN THE CIRCUIT COURT OF THE _______________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
____________________________,
 Petitioner,
 and
____________________________,
 Respondent.
 TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN)
 AND/OR DENIAL OF PASSPORT SERVICES (AFTER NOTICE)
Upon verified motion of ( ) Petitioner ( ) Respondent, the Court has jurisdiction of the parties and the
subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:
[Choose all that apply]
1. The following minor child(ren) shall not be removed from the jurisdiction of this Court during the
 pendency of this proceeding, or until further order of this Court:
 Name Birth date
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
2. ( ) Petitioner ( ) Respondent shall not apply for any passports or passport services on behalf of
 the child(ren).
3. ( ) Petitioner ( ) Respondent shall immediately deliver any existing passports for the child(ren) to
 {name} ________________________________________________________________.
4. The Court may enforce compliance with the terms of this injunction through civil and/or indirect
 criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a
 fine.
5. Violation of this injunction may constitute criminal contempt of court.
*898
6. Bond.
 a. Bond is waived because this injunction is issued solely to prevent physical injury or abuse of a
 natural person.
 b. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of
 $ _______________ With the clerk of this Court.
7. Expiration. This temporary injunction shall remain in effect until the minor child(ren) reaches the
 age of 18, or until {date} _________________, not to exceed one year from the date of this
 order, whichever occurs first, unless modified by further order of this Court.
DONE AND ORDERED at _______________________, Florida, on {date}______________________
 ____________________________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} _________________________________________________________
was [Choose one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below
on {date}__________________ by {clerk of court or
designee}________________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov

*899 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(d), EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER (12/10)

When should this form be used?
You may use this form to request that the court enter an order directing the sheriff or other law enforcement officer to take a minor child(ren) from the person who currently has physical possession of the child(ren) and deliver the child(ren) to your physical custody or possession. This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child. This means that you already have a court order awarding you legal custody of or time-sharing with the child(ren) OR you are the birth mother of one or more children born out of wedlock and no court order has addressed any other persons parental rights. Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.
This form should be typed or printed in black ink. This form presumes that you want the court to enter an ex parte order without giving the other side advance notice of the hearing. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original, along with all of the other forms required, with the clerk of the circuit court in the county where the child(ren) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

What should I do next?
If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriffs office for further assistance. You must have this form and the courts order served by personal service on the other party. You should read the courts order carefully. The order may require the sheriff to place the child(ren) somewhere other than in your physical possession. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.
If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, and use personal service to notify the other party of your motion, the courts order, if any, and the hearing.

Special notes...
With this form you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 A certified copy of the court order showing that you have legal custody of or time-sharing with the child(ren), if any.

*900 OR
A certified copy of the child(ren)'s birth certificate(s), if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.
OR
A certified copy of any judgment establishing paternity, time-sharing with or custody of the minor child(ren).
Order... These family law forms contain an Order to Pick-Up Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*901
 IN THE CIRCUIT COURT OF THE ______________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _______________________
 Division: _______________________
___________________________,
 Petitioner,
 and
___________________________,
 Respondent.
 EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER
 I, {full legal name} _____________________________________________, being sworn,
certify that the following information is true:
 1. This is a motion to enforce existing custody or time-sharing rights (as an operation of law or
 court-ordered) regarding the following minor child(ren):
 Name Sex Birth Date Race Physical Description
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
 2. Currently, the child(ren) subject to this motion is (are) in the physical possession of {full legal
 name}________________________________________________________________________________
 ____________________________________________ whose address or present physical location is: ________
 ____________________________________________________________________________________________________
 This individual's relationship to the minor child(ren) is: _________________________________________
 ____________________________________________________________________________________________________
 3. I ( ) am ( ) am not married to the person named in paragraph 2.
 4. Status of minor child(ren). I have a superior right to custody of or time-sharing with the minor
 child(ren) over the person named in paragraph 2 because:
 [Choose all that apply]:
 a. ___ Custody or Time-Sharing has been established by a court. A final judgment or order
 awarding custody of or time-sharing with the minor child(ren) was made on {date}
 _________ in {name of court} __________________{case number} ________________.
 This order awarded custody of or specific time-sharing with_the minor child(ren) to me.
 This final judgment or order applies to the following minor child(ren): {list name(s) of the
*902
 child(ren) or write all} _______________________________________
 ____________________________________________________________________________
 A certified copy of said final judgment or order is attached, has not been modified, and is
 still in effect. [Choose if applies] ( ) This order is an out-of-state court order which is
 entitled to full faith and credit enforcement under the Uniform Child Custody Jurisdiction
 and Enforcement Act and/or the federal Parental Kidnapping Prevention Act.
 b. ___ Custody or time-sharing is established as an operation of law. I am the birth mother of
 the minor child(ren) who was (were) born out of wedlock and there is no final judgment or
 order awarding custody of or time-sharing with the following minor child(ren): {list name(s)
 of the child(ren) or write all} _______________
 ________________________________________________________________________
 ________________________________________________________________________
 ___ Paternity has NOT been established. A certified copy of the minor child(ren)' birth
 certificate is attached and has not been amended.
 ___ Paternity has been established. A certified copy of the final judgment of paternity,
 which shows no award of custody or time-sharing was made, is attached. This order
 has not been changed and is still in effect.
 c. ___ Other: _____________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this motion.
 6. Facts relating to the minor child(ren)'s current situation.
 [Choose all that apply]
 a. ___ The person named in paragraph 2 wrongfully removed or wrongfully detained the minor
 child(ren) on {date} _____________ as follows: _______________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 _____ Please indicate here if you are attaching additional pages to continue these facts.
 b. ___ I believe that the minor child(ren) is (are) in immediate danger of harm or removal from
 this court's jurisdiction while with the person named in paragraph 2 based on the following:
 _____________________________________________
 ____________________________________________________________
 ____________________________________________________________
 ____________________________________________________________
 c. ___ The current location of the minor child(ren) is:
 ( ) unknown
*903
 ( ) believed to be at the following address(es) with the following people {list both the address
 and the people you believe will be there}: _________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 7. Advance notice of this motion to the individual named in paragraph 2 should not be required
 because: _____________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 8. If needed, I can be contacted for notice of an emergency or expedited hearing at the following
 addresses/locations: _________________________________________________________________________
 Name of Contact Person: ______________________________________________________________________
 Address: _____________________________________________________________________________________
 Telephone number(s) where I (or my designee) can be reached: {give name of individual to call}
 ______________________________________________________________________________________________
 Name of Contact Person: ______________________________________________________________________
 Address: _____________________________________________________________________________________
 Telephone number(s) where I (or my designee) can be reached: {give name of individual to call}
 ______________________________________________________________________________________________
 9. Attorneys' Fees, Costs, and Suit Monies.
 [Choose if applicable]
___ I have filed this motion because of wrongful acts of the person listed in paragraph two above. I
 request that this Court award reasonable attorney's fees, costs, and suit monies as applicable or
 authorized under Florida law, the UCCJEA, and other legal authorities.
 WHEREFORE, I request an Emergency Order to Pick-Up Minor Child(ren), without advance
notice, directing all sheriffs of the State of Florida or other authorized law enforcement officers in this
state or any other state to pick up the previously named minor child(ren) and deliver them to my
physical custody.
*904
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made above and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.
Dated: _________________ _____________________________________________________
 Signature of Party
 Printed Name: _______________________________________
 Address: ____________________________________________
 City, State, Zip: ___________________________________
 Telephone Number: ___________________________________
 Fax Number: _________________________________________
STATE OF FLORIDA
COUNTY OF _______________________
Sworn to or affirmed and signed before me on ____________ by ______________________________________
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
 Type of identification produced _________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} ____________________________________________,
a nonlawyer, located at {street} _______________________________, {city} _______________,
{state} _______________, {phone} ________________________, helped {name} ____________________,
who is the [ Choose only one] ___ petitioner or ___ respondent, fill out this form.
*905
 IN THE CIRCUIT COURT OF THE ____________ JUDICIAL CIRCUIT,
 IN AND FOR ________________ COUNTY, FLORIDA
 Case No.: ____________________________
 Division: ____________________________
_____________________________,
 Petitioner,
 and
_____________________________,
 Respondent.
 ORDER TO PICK-UP MINOR CHILD(REN)
An Emergency Verified Motion for Child Pick-Up Order has been filed by ( ) Petitioner ( ) Respondent,
alleging facts which under existing law are determined to be sufficient to authorize taking into custody
the minor child(ren) named below. Based on this motion, this Court makes the following findings,
notices, and conclusions:
JURISDICTION
 This Court has jurisdiction over issues surrounding the minor child(ren) listed below based on
the following:
[Choose all that apply]
 a. ___ This Court exercised and continues to exercise original jurisdiction over the minor children
 listed below under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA),
 specifically, section 61.514, Florida Statutes.
 b. ___ A certified out-of-state custody decree has been presented to this Court with a request for
 full faith and credit recognition and enforcement under the Parental Kidnapping Prevention Act,
 28 U.S.C. Section 1738A. This Court has jurisdiction to enforce this decree under the UCCJEA,
 specifically sections 61.501-61.542, Florida Statutes.
 c. ___ By operation of Florida law governing the custody of or time-sharing with child(ren) born
 out of wedlock, this Court has jurisdiction over the child(ren) listed below because this (these)
 child(ren) was (were) born in the State of Florida and no prior court action involving the minor
 child(ren) has addressed a putative father's rights to time-sharing or other parental rights. See
 sections 742.031 and 744.301, Florida Statutes.
 d. ___ Pursuant to the UCCJEA, specifically section 61.516, Florida Statutes, this Court has
 jurisdiction to modify a custody decree of another state and has consulted with the Court which
 took initial jurisdiction over the minor child(ren) to determine this authority.
 e. ___ Other: ____________________________________________________________________________________
 _______________________________________________________________________________________________
*906
NOTICE OF HEARING
 Because this Order to Pick-Up Minor Child(ren) has been issued without prior notice to the
non-movant {name} ______________________________________________________________________________, all
parties involved in this matter are informed that they are scheduled to appear and testify at a
hearing regarding this matter on {date} ____________________, at {time} ______, at which time
the Court will consider whether the Court should issue a further order in this case, and whether
other things should be ordered, including who should pay the filing fees and costs. The hearing will
be before The Honorable {name}
______________________________________________________________________________________________
at {room name/number, location, address, city}_________________________________________________,
Florida. If a party does not appear, this order may be continued in force, extended, or dismissed,
and/or additional orders may be issued, including the imposition of court costs.
If you are a person with a disability who needs any accommodation in order to participate in this
proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact
{name} ______________________________________________________________,
{address}_________________________
______________________________________________________________________________________________________
_, {telephone} __________________________, within 2 working days of your receipt of this order. If you
are hearing or voice impaired, call 711.
ORDER
 This Court ORDERS AND DIRECTS any and all sheriffs of the State of Florida (or any other
authorized law enforcement officer in this state or in any other state) to immediately take into
custody the minor child(ren) identified below from anyone who has possession and:
 1. ___ Place the minor child(ren) in the physical custody of {name}
 _____________________who ( ) may ( ) may not remove the minor
 child(ren) from the jurisdiction of this Court.
 OR
 ___ Accompany the minor child(ren) to the undersigned judge, if the minor child(ren) is
 (are) picked up during court hours, for immediate hearing on the issue of custody or time-sharing.
 It is the intention of this Court that the nonmoving party, minor child(ren), and
 movant appear immediately upon service of this order before the undersigned judge, if
 available, or duty judge to conduct a hearing as to which party is entitled to lawful custody
 of the minor child(ren) at issue. It is not the intention of the court to turn over the
 child(ren) to the movant on an ex parte basis. Neither party should be permitted to remove
 the child(ren) from the jurisdiction of this Court pending a hearing. If unable to accomplish
 the above, the sheriff/officer shall take the child(ren) into custody and place them with the
 Department of Children and Family Services of the State of Florida pending an expedited
 hearing herein.
 OR
*907
 ___ Place the minor child(ren) in the physical custody of {agency}
 ___________________________
 who shall contact the undersigned judge for an expedited hearing. The sheriff/officer shall
 not delay the execution of this court order for any reason or permit the situation to arise
 where the nonmoving party is allowed to remove the child(ren) from the jurisdiction of this
 court.
 2. NEITHER PARTY OR ANYONE AT THEIR DIRECTION, EXCEPT PURSUANT TO THIS
 ORDER, MAY REMOVE THE CHILD(REN) FROM THE JURISDICTION OF THIS COURT
 PENDING FURTHER HEARING. SHOULD THE NONMOVING PARTY IN ANY WAY
 VIOLATE THE MANDATES OF THIS ORDER IN THE PRESENCE OF THE LAW
 ENFORCEMENT OFFICER, THIS OFFICER IS TO IMMEDIATELY ARREST AND
 INCARCERATE THE OFFENDING PARTY UNTIL SUCH TIME AS THE OFFENDING
 PARTY MAY BE BROUGHT BEFORE THIS COURT FOR FURTHER PROCEEDINGS.
 All sheriffs of the State for Florida are authorized and ORDERED to serve (and/or execute)
and enforce this order in the daytime or in the nighttime and any day of the week, except as limited
by this order above.
 Except as limited by the above, if necessary, the sheriff/officer is authorized to take all
reasonable, necessary, and appropriate measures to effectuate this order. The sheriff/officer shall
not delay the execution of this order for any reason or permit the situation to arise where the
child(ren) is (are) removed from the jurisdiction of this Court before execution of this order.
The minor child(ren) is (are) identified as follows:
Name Sex Birth date Race Physical Description
____________________________________________________________________________________________________
____________________________________________________________________________________________________
____________________________________________________________________________________________________
____________________________________________________________________________________________________
____________________________________________________________________________________________________
Current location/address of minor child(ren) or of party believed to have possession of the minor
child(ren): ________________________________________________________________________________________
____________________________________________________________________________________________________
____________________________________________________________________________________________________
____________________________________________________________________________________________________
 DONE AND ORDERED at _____________________, Florida on {date} ___________________________
 _____________________________________________________________
 CIRCUIT JUDGE
*908
 A copy of the {name of document(s)}_________________________________________________________
was [Choose one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed
below on {date}_________________ by {clerk of court or
designee}_____________________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)

*909 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.942(a), MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM (12/10)

When should this form be used?
This form may be used by either party in a family law case involving parenting, timesharing, or paternity of a minor child(ren) to request that the judge appoint a guardian ad litem to represent the best interests of the minor child(ren). You should use this form if you feel that your child(ren) needs someone other than you to ensure that both the judicial system and the other party(ies) act(s) in the best interests of the child(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program or an attorney who is a member in good standing with The Florida Bar.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
It is possible that there will be a hearing on your motion. The judge may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion. If a hearing is required, check with the clerk of court, family law court staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401405, Florida Statutes.

Special notes...
Order... These family law forms contain an Order Appointing a Guardian ad Litem, Florida Supreme Court Approved Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*910
 IN THE CIRCUIT COURT OF THE ____________ JUDICIAL CIRCUIT,
 IN AND FOR ______________ COUNTY, FLORIDA
 Case No.: _________________________
 Division: _________________________
____________________________,
 Petitioner,
 and
____________________________,
 Respondent.
 MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM
( ) Petitioner ( ) Respondent requests that the Court enter an order appointing a guardian ad litem
with all powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, and states:
 1. The following minor child(ren) is (are) subject to this proceeding:
 Name Birth date Age Sex Location/Address
 ______________________ ________________ _____ ______ _______________________________
 ______________________ ________________ _____ ______ _______________________________
 ______________________ ________________ _____ ______ _______________________________
 ______________________ ________________ _____ ______ _______________________________
 ______________________ ________________ _____ ______ _______________________________
 2. Verified allegations of child abuse or neglect as defined in sections 39.01(2) or (45), Florida
 Statutes, ( ) HAVE ( ) HAVE NOT been made in this case.
 3. The matters before the Court regarding the minor child(ren) are ( ) establishment or ( )
 modification of:
 a. sole/shared parental responsibility
 b. Parenting Plan and time-sharing schedule
 c. other: _____________________________________________________________________________
 4. It is in the best interests of the minor child(ren) that a guardian ad litem be appointed to
 advance the best interests of the minor child(ren) because:
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________
*911
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 I certify that a copy of this document was [Choose only one] ( ) mailed ( ) faxed and mailed
 ( ) hand delivered to the person(s) listed below on {date} ___________________________________.
Other party or his/her attorney:
Name: _____________________________________
Address: __________________________________
City, State, Zip: _________________________
Fax Number: _______________________________
Dated: ___________________________ _________________________________________________
 Signature of Party
 Printed Name: ___________________________________
 Address: ________________________________________
 City, State, Zip: _______________________________
 Telephone Number: _______________________________
 Fax Number: _____________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________,
a nonlawyer, located at {street} ______________________________, {city} ___________________,
{state} _______________, {phone} _____________________, helped {name} _____________________,
who is the [Choose only one] ___ petitioner or ___ respondent, fill out this form.
*912
 IN THE CIRCUIT COURT OF THE ______________ JUDICIAL CIRCUIT,
 IN AND FOR _______________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
______________________________,
 Petitioner,
 and
______________________________,
 Respondent.
 ORDER APPOINTING GUARDIAN AD LITEM
 Upon ( ) Petitioner's ( ) Respondent's ( ) Court's own motion to appoint guardian ad litem
 for the minor child(ren) herein and the Court finding that:
 a. ___ verified allegations of child abuse or neglect as defined in sections 39.01(2) or (45),
 Florida Statutes, have been made and are determined to be well-founded,
 OR
 b. ___ it is otherwise in the best interests of the child(ren) that a guardian ad litem be
 appointed to advance the best interests of the minor child(ren) because: ___________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 _________________________________________________________________, it is thereupon
 ORDERED as follows:
 1. A guardian ad litem shall be appointed for the minor child(ren), {name(s)} _____________
 _______________________________________________________________________________________,
 now residing at {street address} ______________________________________________________.
 2. The State of Florida Guardian ad Litem Program for the _____ Judicial Circuit shall assign a
 certified guardian ad litem for the minor child(ren). Upon filing of the Notice of Acceptance, the
 guardian ad litem can be served c/o Guardian ad Litem Program, {address}
 _____________________________________________________ Pursuant to the State
 of Florida Guardian ad Litem Standards of Operation adopted by the Supreme Court of Florida, if
 the Guardian ad Litem Program is appointed in the absence of a well founded allegation of
 abuse or neglect, an automatic discharge by the Court will occur upon filing of a Motion to
 Discharge by the Program if the Program does not have sufficient volunteer and/or supervisory
 resources available to accommodate this appointment.
 OR
*913
 {name} _____________________________, an attorney in good standing with The Florida
 Bar, is appointed to serve as a private guardian ad litem for the above minor child(ren). The fees
 of the private guardian shall be paid by:
 ( ) Petitioner ( ) Respondent ( ) each party equally ( ) other, {specify} ____
 _____________________________________________________________________________________________.
 3. The guardian ad litem is a party to any judicial proceeding from the date of this order until the
 date of discharge and shall have all of the powers, privileges, and responsibilities authorized in
 section 61.403, Florida Statutes, to the extent necessary to advance the best interests of the minor
 child(ren).
 4. The guardian ad litem must be provided with copies of all pleadings, notices, stipulations, and
 other documents filed in this action and is entitled to reasonable notice before any action
 affecting the child(ren) is taken by either of the parties, their counsel, or the Court. The
 guardian ad litem is entitled, through counsel, to be present at any depositions, hearings, or
 other proceedings concerning the minor child(ren).
 5. The guardian ad litem may investigate the allegations of the pleadings affecting the minor
 child(ren), and after proper notice may interview witnesses or any other person having
 information concerning the welfare of the minor child(ren).
 6. The guardian ad litem shall maintain any information received from any source described in
 section 61.403(2), Florida Statutes, as confidential and shall not disclose such information
 except in reports to the Court served upon both parties to this cause and their counsel, or as
 directed by the Court.
 7. The parties, or any other person entrusted by the parties with the care of the minor child(ren)
 shall allow the guardian ad litem access to the minor child(ren) at reasonable times and
 locations and no person shall obstruct the guardian ad litem from the minor child(ren).
 8. The guardian ad litem shall submit his or her recommendations to the Court regarding any
 stipulation or agreement, whether incidental, temporary, or permanent, which affects the
 interest or welfare of the minor child(ren), within 10 days after the date the stipulation or
 agreement is served upon the guardian ad litem.
 9. The guardian ad litem shall file a written report with the Court, which may include
 recommendations and a statement of the wishes of the minor child(ren). The report must be
 filed and served on all parties at least 20 days prior to the hearing at which it will be presented
 unless the Court waives such time period. The guardian ad litem's report shall address the
 following areas, subject to any conditions ordered by this Court:
 a. ___ parental responsibility of child(ren);
 b. ___ residence of child(ren);
 c. ___ time-sharing including times and locations;
 d. ___ appearance of child(ren) at depositions/hearings;
 e. ___ relocation;
*914
 f. ___ best interests of child(ren) regarding scientific tests; and/or
 g. ___ other _______________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 This appointment is subject to the following conditions: __________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 10. The guardian ad litem is automatically discharged without further order 30 days after the entry
 of a final order or judgment in this proceeding, unless otherwise ordered by the Court.
 DONE AND ORDERED at __________________________, Florida, on _______________________________.
 ____________________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} __________________________________________________________
was [Choose one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below
on {date}________________ by {clerk of court or designee} __________________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
___ Guardian ad Litem Program
___ Other: _____________________________

*915 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (12/10)

When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see section 61.30, Florida Statutes.

Special notes...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
With this form you must also file the following, if not already filed:
 Florida Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*916
 IN THE CIRCUIT COURT OF THE __________________ JUDICIAL CIRCUIT,
 IN AND FOR ___________________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
____________________________,
 Petitioner,
 and
____________________________,
 Respondent.
 MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
( ) Petitioner ( ) Respondent requests that the Court enter an order granting the following:
SECTION I
[Choose only one]
 a. ___MORE child support than the amount required by the child support guidelines. The
 Court should order MORE child support than the amount required by the child support
 guidelines because of:
 [Choose all that apply to your situation]
 1. ___Extraordinary medical, psychological, educational, or dental expenses;
 2. ___Seasonal variations in one or both parent's income or expenses_;
 3. ___Age(s) of the child(ren), taking into consideration the greater needs of older child(ren);
 4. ___Special needs, such as costs that may be associated with the disability of a child or
 child(ren), that have traditionally been met within the family budget even though the
 fulfilling of those needs will cause support to exceed the presumptive amount established
 by the guidelines;
 5. ___Total available assets of obligee, obligor, and the child(ren);
 6. ___Impact of IRS dependency exemption and waiver of that exemption;
 7. ___The Parenting Plan, such as where the child or children spend a significant amount of
 time, but less than 40 percent of the overnights, with one parent, thereby reducing the
 financial expenditures incurred by the other parent, or the refusal of a parent to become
 involved in the activities of the child(ren) has increased the financial expenditure incurred by
 the obligee;
 8. ___Any other adjustment that is needed to achieve an equitable result, which may include
 reasonable and necessary expenses or debts jointly incurred during the marriage.
 Explain any items marked above: _____________________________________________________
 __________________________________________________________________________________________
 _________________________________________________________________________________________.
 b. ___LESS child support than the amount required by the child support guidelines. The
 Court should order LESS child support than the amount required by the child support
*917
 guidelines because of:
 [Choose all that apply to your situation]
 1. ___ Extraordinary medical, psychological, educational, or dental expenses;
 2. ___Independent income of child(ren), excluding the child(ren)'s SSI (supplemental security
 income)
 3. ___Payment of both child support and spousal support to a parent that regularly has been
 paid and for which there is a demonstrated need;
 4. ___Seasonal variations in one or both parent's income or expenses;
 5. ___Age of the child(ren), taking into consideration the greater needs of older child(ren);
 6. ___ Total available assets of obligee, obligor, and child(ren);
 7. ___ Impact of IRS dependency exemption and waiver of that exemption;
 8. ___ Application of the child support guidelines which requires the obligor to pay more than
 55% of gross income for a single support order;
 9. ___ Residency of subsequently born or adopted child(ren) with the obligor, include
 consideration of the subsequent spouse's income;
 10. ___ The Parenting Plan, where the child(ren) spend a significant amount of time, but less
 than 40 percent of the overnights, with one parent, thereby reducing the financial
 expenditures incurred by the other parent; or the refusal of a parent to become involved in
 the activities of the child(ren);
 11. ___Any other adjustment that is needed to achieve an equitable result, which may include
 reasonable and necessary expenses or debts jointly incurred during the marriage.
 Explain any items marked above:_________________________________________________________
 ________________________________________________________________________________________
 ________________________________________________________________________________________.
SECTION II. INCOME AND ASSETS OF CHILD(REN) COMMON TO BOTH PARTIES
List the total of any independent income or assets of the child(ren) common to both parties (income
from Social Security, gifts, stocks/bonds, employment, trust fund(s), investment(s), etc.). Attach an
explanation.
TOTAL VALUE OF ASSETS OF CHILD(REN) $ ___
TOTAL MONTHLY INCOME OF CHILD(REN) $ ___
SECTION III. EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for
anything that is NOT paid monthly. Attach more paper, if needed. Items included under other should be
listed separately with separate dollar amounts.

*918
 1. Monthly nursery, babysitting, or other child care 1. $ ______
 2. Monthly after-school care 2. $ ______
 3. Monthly school tuition 3. $ ______
 4. Monthly school supplies, books, and fees 4. $ ______
 5. Monthly after-school activities 5. $ ______
 6. Monthly lunch money 6. $ ______
 7. Monthly private lessons/tutoring 7. $ ______
 8. Monthly allowance 8. $ ______
 9. Monthly clothing 9. $ ______
 10. Monthly uniforms 10. $ ______
 11. Monthly entertainment (movies, birthday parties, etc.) 11. $ ______
 12. Monthly health and dental insurance premiums 12. $ ______
 13. Monthly medical, dental, prescription charges (unreimbursed) 13. $ ______
 14. Monthly psychiatric/psychological/counselor (unreimbursed) 14. $ ______
 15. Monthly orthodontic (unreimbursed) 15. $ ______
 16. Monthly grooming 16. $ ______
 17. Monthly non-prescription medications/cosmetics/toiletries/sundries 17. $ ______
 18. Monthly gifts from children to others (other children, relatives, 18. $ ______
 teachers, etc.)
 19. Monthly camp or other summer activities 19. $ ______
 20. Monthly clubs (Boy/Girl Scouts, etc.) or recreational fees 20. $ ______
 21. Monthly visitation expenses (for nonresidential parent)
 Explain: ____________________________________________________ 21. $ ______
 22. Monthly insurance (life, etc.) {explain}: _______________________ 22. $ ______
 Other {explain}:
 23. ______________________________________________________________ 23. $ ______
 24. ______________________________________________________________ 24. $ ______
 25. ______________________________________________________________ 25. $ ______
 26. TOTAL EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
 (add lines 1 through 25) 26. $ ______

I have filed, will file, or am filing with this form the following additional documents:
 1. Florida Family Law Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c).
 2. Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
I certify that a copy of this document was [Choose only one] ( ) mailed ( ) faxed and mailed
( ) hand delivered to the person(s) listed below on {date} _______________________.
Other party or his/her attorney:
Name: ______________________________________
Address: ___________________________________
City, State, Zip: __________________________
*919
Fax Number: ________________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this
motion and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.
Dated: ____________ _____________________________________________________
 Signature
 Printed Name: _______________________________________
 Address: ____________________________________________
 City, State, Zip: ___________________________________
 Telephone Number: ___________________________________
 Fax Number: _________________________________________
STATE OF FLORIDA
COUNTY OF _________________________________
Sworn to or affirmed and signed before me on ______________ by ____________________________________.
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
 Type of identification produced _______________________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer}____________________________________________,
a nonlawyer, located at {street}____________________________, {city} _______________________,
{state} ________________, {phone} ___________________, helped {name} _______________________,
who is the [Choose only one] ___ petitioner or ___ respondent, fill out this form.

*920 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a), MOTION FOR TEMPORARY SUPPORT AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN) (12/10)

When should this form be used?
This form may be used by:
(1) The respondent or the petitioner in a pending dissolution of marriage action. For you to use this form, a petition for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (alimony); temporary time-sharing schedule with minor child(ren); temporary child support; and other relief.
OR
(2) The petitioner in a pending action for support unconnected with dissolution. For you to use this form, a petition for support unconnected with dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

What should I do next?
A copy of this form, along with all of the other forms required with this motion, must be mailed or hand delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a hearing on your motion. You should check with the clerk, family law intake staff, or judicial assistant for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. Words in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

Special notes...
If you use paragraph 1.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a bond.
With this form you must also file the following, if not already filed:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if this case involves a minor or dependent child(ren).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are *921 asking that temporary child support be ordered. (If you do not know the other party's income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)
The parties seeking relief shall serve a financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or (c)) and certificate of compliance (Florida Family Law Rules of Procedure Form 12.932) with the notice of hearing on the motion for temporary support and time-sharing.
Parenting Plan . . . If you have reached an agreement on either a temporary Parenting Plan or time-sharing schedule, the proposed temporary Parenting Plan or time-sharing schedule, signed by both parties, should be filed. (Either Florida Supreme Court Family Law Form 12.995(a) or 12.995(b)). If you have not reached an agreement, a proposed Parenting Plan or temporary time-sharing schedule may be filed for consideration by the Court.
Temporary Order. . . These family law forms contain a Temporary Order for Support and Time-Sharing with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.
Nonlawyer. . . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*922
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _________________
 Division: __________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 MOTION FOR TEMPORARY SUPPORT AND TIME-SHARING
 WITH DEPENDENT OR MINOR CHILD(REN)
The ( ) Petitioner ( ) Respondent requests that the Court enter an order granting the following
temporary support:
[complete all that apply]
 1. Assets and Liabilities.
 a. ___ Award temporary exclusive use and possession of the marital home. {address} ____
 _____________________________________________________________________________________________________
 The Court should do this because: ___________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 b. ___ Award temporary use and possession of marital assets. {Specify} _____________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 The Court should do this because: ___________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 c. ___ Enter a temporary injunction prohibiting the parties from disposing of any marital
 assets, other than ordinary and usual expenses. {Explain} _______________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 The Court should do this because: ___________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
*923
 d. ___ Require temporary payment of specific marital debts. {Explain} ___________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 The Court should do this because: ___________________________________________________________________
 _____________________________________________________________________________________________________
*924
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 2. Child(ren).
 a. ___ Enter a temporary Parenting Plan with a time-sharing schedule for the parties' minor
 child(ren).
 b. ___ Enter a temporary injunction prohibiting the parties from permanently removing the
 child(ren) from the jurisdiction of the Court. The Court should do this because: _________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 3. Support.
 a. ___ Award temporary child support of $ ______ per month.
 b. ___ Award temporary spousal support/alimony of $ _______ per month.
 The Court should do this because: ___________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 4. Attorney's fees and costs.
 a. ___ Award temporary attorney's fees of $ _______.
 b. ___ Award temporary costs of $ _______.
 The Court should do this because: ___________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 5. Other Relief. {specify} ______________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________
 6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this motion or has already
 been filed with the Court.
 7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this motion or has already been filed with the Court.
 I request that the Court hold a hearing on this matter and grant the relief specifically requested
 and any other relief this Court may deem just and proper.
 I certify that a copy of this document was [Choose only one] ( ) mailed ( ) faxed and mailed
*925
 ( ) hand delivered to the person(s) listed below on {date} ______________________.
 Other party or his/her attorney:
 Name: __________________________________
 Address: _______________________________
 City, State, Zip: ______________________
 Fax Number: ____________________________
 Dated: _________________________________
 _________________________________
 Signature of Party
 Printed Name: ___________________
 Address: ________________________
 City, State, Zip: _______________
 Telephone Number: ________________
 Fax Number: ______________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
 all blanks]
 I, {full legal name and trade name of nonlawyer} ____________________________________________,
 a nonlawyer, located at {street}____________________, {city} _______________________,
 {state} ______________, {phone} _________, helped {name} __________________,
 who is the [Choose only one] ___ petitioner or ___ respondent, fill out this form.
*926
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _________________
 Division: __________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 TEMPORARY ORDER OF SUPPORT AND TIME-SHARING
 WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a hearing on a Motion for Temporary Support and Time-Sharing
with Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony,
makes these findings of fact and ORDERS as follows:
The Court has jurisdiction over the subject matter and the parties.
 SECTION I. MARITAL ASSETS AND LIABILITIES
 A. Injunction.
 1. ( ) Petitioner ( ) Respondent is (are) prohibited and enjoined from disposing of any
 marital assets without the written permission of the other party or a court order. If checked
 here ( ), the person(s) prohibited and enjoined from disposing of any marital assets may
 continue to pay all ordinary and usual expenses.
 2. The Court may enforce compliance with the terms of this injunction through civil and/or
 indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the
 imposition of a fine.
 3. Violation of this injunction may constitute criminal contempt of court.
 4. Bond. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the
 sum of
 $______________ with the clerk of this Court.
 B. Temporary Use of Assets.
 1. The assets listed below are temporarily determined to be marital assets. Each party shall
 temporarily have the use of, as his/her own, the assets awarded in this section, and the
 other party shall temporarily have no further use of said assets. Any personal property not
 listed below shall be for the use of party currently in possession of that item(s), and he or
 she may not dispose of that item(s) without the written permission of the other party or a
 court order.

*927
---------------------------------------------------------------------------------
| | Wife Shall | Husband |
| | Have | Shall Have |
|ASSETS: DESCRIPTION OF ITEM(S) | Temporary | Temporary |
| | Use | Use |
|-------------------------------------------------|---------------|-------------|
|Automobiles | | |
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|Furniture & furnishings in home | | |
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|Furniture & furnishings elsewhere | | |
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|Jewelry | | |
|-------------------------------------------------|---------------|-------------|
|Business interests | | |
|-------------------------------------------------|---------------|-------------|
|-------------------------------------------------|---------------|-------------|
|Other Assets | | |
|-------------------------------------------------|---------------|-------------|

 C. Temporary Responsibility for Liabilities/Debts.
 1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as
 his or her own the marital liabilities indicated below and shall keep said payments current.
 The other party shall temporarily have no further responsibility for the payment of these
 debts.

-----------------------------------------------------------------------------------
| | Current | | |
|LIABILITIES: DESCRIPTION OF DEBT(S) | Amount | Wife | Husband |
| | Owed | Shall Pay | Shall Pay |
|------------------------------------------|-----------|-------------|-------------|
| Mortgages on real estate: (home) | $ | $ | $ |
|------------------------------------------|-----------|-------------|-------------|
|------------------------------------------|-----------|-------------|-------------|
|------------------------------------------| | | |
| Charge/credit card accounts | | | |
|------------------------------------------|-----------|-------------|-------------|
|==================================================================================|

*928
----------------------------------------------------------------------------------
| | Current | | |
| LIABILITIES: DESCRIPTION OF DEBT(S) | Amount | Wife | Husband |
| | Owed | Shall Pay | Shall Pay |
|---------------------------------------|--------------|-------------|------------|
| Auto loan | | | |
|---------------------------------------|--------------|-------------|------------|
| Auto loan | | | |
|---------------------------------------|--------------|-------------|------------|
| Bank/Credit Union loans | | | |
|---------------------------------------|--------------|-------------|------------|
|---------------------------------------|--------------|-------------|------------|
|---------------------------------------|--------------|-------------|------------|
|---------------------------------------|--------------|-------------|------------|
| Money owed (not evidenced by a note) | | | |
|---------------------------------------|--------------|-------------|------------|
|---------------------------------------|--------------|-------------|------------|
| Other | | | |
|---------------------------------------|--------------|-------------|------------|
|---------------------------------------|--------------|-------------|------------|
|---------------------------------------|--------------|-------------|------------|

 SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
 [Choose all that apply]
 1. ___ ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the
 dwelling located at: {address} __________________________________________________
 __________________________________________________________________________________________
 until: {date or event} __________________________________________________________
 __________________________________________________________________________________________.
 2. ___ ( ) Petitioner ( ) Respondent may make a visit to the premises described in the
 paragraph above for the purpose of obtaining his or her clothing and items of personal health
 and hygiene and to obtain any items awarded in this order. This visit shall occur after notice to
 the person granted temporary exclusive use and possession of the dwelling and at the earliest
 convenience of both parties.
 3. ___ Other: ________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 SECTION III. TEMPORARY PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR
 MINOR CHILD(REN)
 1. Jurisdiction. The Court has jurisdiction to determine temporary parental responsibility and
 time-sharing for the parties' minor child(ren) listed in paragraph 2 below.
*929
 2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 3. Temporary Parental Responsibility for the Minor Child(ren).
 [ Choose only one]
 a. ___ The parties shall have temporary shared parental responsibility for the parties' minor
 child(ren).
 b. ___ ( ) Mother ( ) Father shall have temporary sole parental responsibility for the
 parties' minor child(ren). Temporary shared parental responsibility would be detrimental to
 the child(ren) at this time because _
 __________________________________________________________________________________________
 __________________________________________________________________________________________.
 c. ( ) Mother ( ) Father shall have ultimate decision making authority regarding the
 following:
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________.
 d. Other provisions: __________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 4. Temporary Time-sharing Schedule with Minor Child(ren). The parent(s) shall have:
 [Choose only one]
 a. ___ reasonable time-sharing schedule with the parties' minor child(ren) as agreed to by the
 parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to
 set a specific schedule.
 b. ___ the following specified time-sharing schedule with the parties' minor child(ren), subject
 to any limitations set out in paragraph 5 below: {specify days and times} __________
 __________________________________________________________________________________________
 Mother's Temporary Time-Sharing Schedule.
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
*930
 Father's Temporary Time-sharing Schedule.
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 c. ___ Time-sharing in accordance with the temporary Parenting Plan attached as Exhibit ___.
 d. ___ ( ) Mother ( ) Father shall have no contact with the parties' minor child(ren) until
 further order of the Court, due to the existing conditions that are detrimental to the welfare
 of the minor child(ren): {explain}:
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 5. Limitations on Time-sharing. Neither parent shall take the child(ren) from the other parent, any
 child care provider, or other person entrusted by the other parent with the care of the child(ren)
 without the agreement of the other party during the other party's time-sharing. The above
 time-sharing shall be:
 [Choose if applies]
 a. ___ supervised by a responsible adult who is mutually agreeable to the parties. If the
 parties cannot agree, the supervising adult shall be: {name} ________________.
 b. ___ at a supervised visitation center located at: {address} __________________
 __________________________________________________________________________________________________,
 subject to the available times and rules of the supervised visitation center. The cost of such
 visits shall be paid by ( ) Mother ( ) Father ( ) Both.
 6. Communication Arrangements Parental Responsibility and Time-sharing with Minor
 Child(ren).
 [Choose if applies]
 _____ The parties' communications to arrange time-sharing and discuss issues relating to the
 child(ren) (if temporary shared parenting, or time-sharing is provided in paragraph 3 above) are
 restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) a responsible person shall
 coordinate the time-sharing arrangements of the minor child(ren). If the parties cannot agree,
 the responsible person shall be: {name} ______________________________________________
 ( ) other conditions for arrangements or discussions: {explain} _______________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall be on time as
 scheduled and as agreed to by the parties. The following conditions, if checked below, shall also
 apply.
 [Choose all that apply]
 a. ___ The parties shall temporarily exchange the child(ren) at the following location(s): _____
 _____________________________________________________________________________________________
 b. ___ ( ) Mother ( ) Father shall not get out of the vehicle, and the other parent shall not
 approach the vehicle, during the time the child(ren) are exchanged.
 c. ___ A responsible person shall conduct all exchanges of the child(ren). ( ) Mother
*931
 ( ) Father shall not be present during the exchange. If the parties cannot agree, the
 responsible person shall be: {name} _________________________________________
 d. ___ Other conditions for exchange of the child(ren) are as follows: ___________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 8. ___ Injunction Prohibiting Removing the Child(ren). The Court hereby temporarily prohibits
 and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor
 child(ren) from the State of Florida without a court order or the written consent of the other
 party.
 9. ___ Other Temporary Provisions Relating to the Minor Child(ren).
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 SECTION IV. TEMPORARY ALIMONY
 1. ( ) The Court denies the request(s) for temporary alimony. OR
 ( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent,
 hereinafter Obligor, has/had the present ability to pay temporary alimony as follows:
 [Choose all that apply]
 a. ___ Temporary Periodic. Obligor shall pay temporary periodic alimony to Obligee in the
 amount of $________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event, at least once a month ( ) other {explain}
 ___________________________________________________________________________________,
 beginning {date} ___. This temporary periodic alimony shall continue until modified by court
 order, the death of either party, or until, {date/event} ____,
 whichever occurs first.
 b. ___ Lump Sum. Obligor shall pay temporary lump sum alimony to Obligee in the amount of
 $ _________. This amount shall be paid as follows: ______________________________________________
 _________________________________________________________________________________________________
 __________________________________________________________________________________________________
 c. ___ Rehabilitative. Obligor shall pay temporary rehabilitative alimony to Obligee in the
 amount of $________ per month, payable ( ) in accordance with Obligor's employer's
 payroll cycle, and in any event, at least once a month ( ) other {explain} _______________
 ___________________________________________________________________________________________________
 beginning {date} ______. This temporary rehabilitative alimony shall continue until
*932
 modified by court order, the death of either party or until {date/event}
 ___,____________ whichever occurs first. The temporary rehabilitative plan
 presented demonstrated the following:______________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 d. ___ Retroactive. Obligor shall pay retroactive alimony in the amount of $_______ for
 the period of {date} _________ through {date}________, which shall be paid pursuant
 to paragraph 3 below.
 2. Reasons for Awarding/Denying Temporary Alimony Award. The reasons for
 awarding/denying temporary alimony are as follows:
 a. ___ length of the marriage of the party receiving temporary alimony:_____ years;
 b. ___ age of party receiving temporary alimony: _____ years;
 c. ___ health of party receiving temporary alimony: ( ) excellent ( ) good ( ) poor ( ) other
 _________________________________________________________________________________________;
 d. ___ other factors _______________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 ___________ Please indicate here if additional pages are attached.
 3. Retroactive Alimony. ( ) Petitioner ( ) Respondent shall pay to the other party the temporary
 retroactive alimony of $________, as of {date} ________. This amount shall be paid in
 the amount of $__________ per month, payable in accordance with Obligor's employer's payroll
 cycle, and in any event at least once a month ( ) other {explain} _________________
 ____________________________________________________________________________________________
 Beginning: {date} _________________, until paid in full including statutory interest.
 4. Insurance.
 [Choose all that apply]
 a. ___ Health Insurance. ( ) Petitioner ( ) Respondent shall temporarily be required to pay
 health insurance premiums for the other party not to exceed $______ per month.
 Further, ( ) Petitioner ( ) Respondent shall pay any uninsured medical costs for the other
 party not exceed $_________ per year. As to these uninsured medical expenses, the party
 who is entitled to reimbursement of the uninsured medical expense shall submit request for
 reimbursement to the other party within 30 days, and the other party shall, within 30 days
 after receipt, submit the applicable reimbursement for that expense.
 b. ___ Life Insurance (to secure payment of support). To secure the temporary alimony
 obligations set forth in this order, the Obligor shall temporarily maintain life insurance
 coverage on his/her life naming the Obligee as the sole irrevocable beneficiary, so long as
 reasonably available. This temporary insurance shall be in the amount of at least
 $_______ and shall remain in effect until this temporary obligation for alimony
 terminates.
*933
 5. Other provisions relating to temporary alimony:
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 SECTION V. TEMPORARY CHILD SUPPORT
 1. The Court finds that there is a need for temporary child support and that the ( ) Mother
 ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
 filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The
 Mother's net monthly income is $________. The Father's net monthly income is $_______.
 Monthly child care costs are $_________. Monthly health/dental insurance costs are
 $____________.
 2. Amount. Obligor shall be obligated to pay temporary child support in the amount of $_________
 per month payable ( ) in accordance with Obligor's payroll cycle, and in any event at least once
 a month ( ) {explain} _________________________________________________________________________
 ________________________________________________________________________________________________________
 beginning {date} _______, and continuing until further court order or until
 {date/event} __________________________________________________________________________________,
 {explain} _____________________________________________________________________________________.
 If the temporary child support ordered deviates from the guidelines by more than 5%, the
 factual findings which support that deviation are: _____________________________________________________
 ________________________________________________________________________________________________________
 ________________________________________________________________________________________________________.
 3. Retroactive Child Support.
 [Choose if applies]
 ( ) Mother ( ) Father shall pay to the other party the temporary retroactive child support of
 $______, as of {date} ________. This amount shall be paid in the amount of
 $______ per month, payable in accordance with Obligor's employer's payroll cycle, and in
 any event at least once a month ( ) other {explain} ____________________________________
 __________________________________________________________________________________________________
 beginning {date} ___________, until paid in full including statutory interest.
 4. Insurance.
 [Choose all that apply]
 Health/Dental Insurance. ( ) Mother ( ) Father shall be required to temporarily maintain
 ( ) health ( ) dental insurance for the parties' minor child(ren), so long as reasonable in
 cost and accessible to the child(ren). The party providing insurance shall be required to convey
 cards showing coverage to the other party.
 OR
 ( ) Health ( ) dental insurance is not reasonable in cost or accessible to the child(ren) at this
*934
 time.
 Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor
 child(ren) shall temporarily be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: __________________________________________________________________
 ________________________________________________________________________________________________
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs the
 expense shall submit request for reimbursement to the other party within 30 days, and the
 other party, within 30 days of receipt, shall submit the applicable reimbursement for that
 expense, according to the schedule of reimbursement set out in this paragraph.
 5. Life Insurance (to secure payment of support). To secure the temporary child support
 obligations in this order, ( ) Petitioner ( ) Respondent ( ) Each party shall temporarily
 maintain life insurance coverage, in an amount of at least $________, on ( ) his life ( ) her
 life ( ) his/her life naming the ( ) minor child(ren) as the beneficiary (ies) OR naming the
 ( ) Mother Father ( ) other {name}:
 _________________________________________________ as trustee for the minor child(ren),
 so long as reasonably available. The obligation to maintain the life insurance coverage shall
 continue until the Court orders otherwise or until {date/event} ____________________
 _________________________________________________________________________________________________.
 6. IRS Income Tax Deduction(s). The assignment of any tax deduction for the child(ren) shall be as
 follows:____________________________________________________________________
 __________________________________________________________________________________________________________.
 7. Other provisions relating to temporary child support: _____________________
 _________________________________________________________________________________________________.
 SECTION VI. METHOD OF PAYMENT
 Obligor shall pay any temporary court-ordered child support/alimony and arrears, if any, as follows:
 1. Central Governmental Depository.
 [ Choose if applies]
 a. ___ Obligor shall pay temporary court-ordered support directly to the Central
 Governmental Depository in {name} _____________ County, along with any
 depository service charge.
 b. ___ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that temporary support payments need not be directed through the Central
 Governmental Depository. However, either party may subsequently apply to the depository
 pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the Central
 Governmental Depository.
 2. Income Deduction.
 [Choose if applies]
*935
 ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate Income
 Deduction Order which shall be effective immediately. Obligor is individually responsible for
 paying this temporary support obligation until all of said support is deducted from Obligor's
 income. Until temporary support payments are deducted from Obligor's paycheck, Obligor is
 responsible for making timely payments directly to the Central Governmental Depository or the
 Obligee, as previously set forth in this order.
 ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $______, or, if not specified, an amount equal to one month's obligation
 occurs. Income deduction is not being implemented immediately based on the following
 findings: Income deduction is not in the best interests of the child(ren) because: {explain}
 __________________________________________________________________________________________.
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order in cases of modification,
 AND
 ( ) there is an agreement by the Obligor to advise the central governmental depository of any
 change in payor and health insurance OR ( ) there is a signed written agreement providing an
 alternative arrangement between the Obligor and the Obligee.
 3. Bonus/one-time payments. ( ) All ( ) ______% ( ) No income paid in the form of a bonus or
 other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
 4. Other provisions relating to method of payment. ____________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 SECTION VII. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ___ ( ) Petitioner's ( ) Respondent's request(s) for temporary attorney fees, costs, and suit
 money is (are) denied because ________________________________________________________________
 _______________________________________________________________________________________________.
 2. ___ The Court finds there is a need for and an ability to pay temporary attorney fees, costs, and
 suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party
 $_________ in temporary attorney fees, and $_______ in costs. The Court further finds that
 the temporary attorney fees awarded are based on the reasonable rate of $______ per hour
 and _______ reasonable hours. Other provisions relating to temporary attorney fees, costs,
 and suit money are as follows: _________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
*936
 SECTION VIII. OTHER PROVISIONS
 Other Provisions: _______________________________________________________________________
 ____________________________________________________________________________________________________
 ____________________________________________________________________________________________________
 ____________________________________________________________________________________________________
 DONE AND ORDERED at _____________, Florida on {date} _____________________________..
 ________________________________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)}_________________ was [Choose one
 only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
 {date}____________.
 Petitioner (or his or her attorney)
 Respondent (or his or her attorney)
 Central Governmental Depository
 Other: _________________________________

*937 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT (12/10)

When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.

What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other party(ies) in your case. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt/Enforcement, Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), Florida Supreme Court Approved Family Law Form 12.921, or [Notice of Hearing Before] General Magistrate, Florida Family Law Rules of Procedure Form 12.920[ (c) ], which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys' fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning *938 of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _________________
 Division: __________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
 ( ) Petitioner ( ) Respondent requests that the Court enter an order of civil
 contempt/enforcement against ( ) Petitioner ( ) Respondent in this case because:
 1. A final judgment or order {title of final judgment or order} ____________
 in this case was entered on {date}______________, by {court, city, and state}________
 _______________________________________________________________________________________________________.
 ____ Please indicate here if the judgment or order is not from this Court and attach a copy.
 2. This order of the Court required the other party in this case to do or not do the following:
 {Explain what the other party was ordered to do or not do.}___________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _____ Please indicate here if additional pages are attached.
 3. The other party in this case has willfully failed to comply with this order of the Court:
 {Explain what the other party has or has not done.} __________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _____ Please indicate here if additional pages are attached.
 4. I respectfully request that the Court issue an order holding the above-named person in civil
 contempt, if appropriate, and/or providing the following relief:
*939
 a. ___ enforcing or compelling compliance with the prior order or judgment;
 b. ___ awarding a monetary judgment;
 c. ___ if a monetary judgment was included in the prior order, issuing a writ of
 execution or garnishment or other appropriate process;
 d. ___ awarding prejudgment interest;
 e. ___ requiring the other party to pay costs and fees in connection with this motion;
 f. ___ if the other party is found to be in civil contempt, ordering a compensatory fine;
 g. ___ if the other party is found to be in civil contempt, ordering a coercive fine;
 h. ___ if the other party is found to be in civil contempt, ordering incarceration of the
 other party with a purge;
 i. ___ issuing a writ of possession for real property, writ for possession of personal
 property, or other appropriate writ;
 j. ___ issuing a writ of bodily attachment if the other party fails to appear at the
 hearing set on this motion;
 k. ___ requiring the other party to make payments through the central governmental
 depository;
 l. ___ requiring the support payments to be automatically deducted from the other
 party's income or funds;
 m. ___ requiring the other party to seek employment;
 n. ___ awarding make-up time-sharing with minor child(ren) as follows {explain}: ______
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 ________________________________________________________________________________________; and
 o. ___ awarding other relief {explain}: _______________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________.
 I certify that a copy of this document was: [Choose only one] ( ) mailed ( ) faxed and mailed (
 ) hand delivered to the person(s) listed below on {date} ________________________________.
 Other party or his/her attorney:
 Name:________________________
 Address:_____________________
 City, State, Zip:____________
 Fax Number:__________________
*940
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
 made above and that the punishment for knowingly making a false statement includes fines and/or
 imprisonment.
 Dated: __________________
 ________________________________
 Signature of Party
 Printed Name:____________________
 Address:_________________________
 City, State, Zip:________________
 Telephone Number:________________
 Fax Number:______________________
 STATE OF FLORIDA
 COUNTY OF__________________
 Sworn to or affirmed and signed before me on ___________ by _____________________.
 _____________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _______________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
 ___ Personally known
 ___ Produced identification
 Type of identification produced_________________
 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
 all blanks]
 I, {full legal name and trade name of nonlawyer} _____________________________,
 a nonlawyer, whose address is {street}__________, {city}
 ____________________________________________________________,
 {state} ___________, {phone}____________, helped {name}________________,
 who is the [ Choose only one] ___ petitioner or ___ respondent, fill out this form.

*941 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (12/10)

When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner's child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. *942 If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or Petition for Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or Petition for Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.

What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(c)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued ex parte. This means that the judge has considered only the information presented by one sideYOU. The temporary injunction gives a date that you must appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice), Florida Supreme Court Approved Family Law Form 12.980(d)(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!

*943 What can I do if the judge denies my petition?
If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence, Florida Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.

Special notes . . .
With this form you may also need to file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your parenting plan or time-sharing for a minor child(ren).
 Parenting plan means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren) and must contain a time-sharing schedule for the parents and child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan shall be developed and agreed to by the parents and approved by a court, or, established by the court, with or without the use of a court-ordered parenting plan recommendation. If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan shall be established by the court. "Time-sharing schedule" means a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, or if their agreed-upon schedule is not approved by the court, the schedule shall be established by the court.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), must be *944 completed and filed if you are asking the court to determine issues of temporary child support.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.
*945
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _________________
 Division: __________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 I, {full legal name} __________________________________, being sworn, certify that the
 following statements are true:
 SECTION I. PETITIONER (This section is about you. It must be completed. However, if you fear
 that disclosing your address to the respondent would put you in danger, you should complete and file
 a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form
 12.980(h), and write confidential in the space provided on this form for your address and telephone
 number.)
 1. Petitioner's current address is: {street address}_____________________
 {city, state and zip code}____________________________________________
 Telephone Number: {area code and number}______________________________
 Physical description of Petitioner:
 Race:____ Sex: Male___ Female___ Date of Birth:__________________________
 2. Petitioner's attorney's name, address, and telephone number is:________________
 _______________________________________________________________________________.
 (If you do not have an attorney, write none.)
 SECTION II. RESPONDENT (This section is about the person you want to be protected from. It
 must be completed.)
 1. Respondent's current address is: {street address, city, state, and zip code}____________
 _________________________________________________________________________________________________.
 Respondent's Driver's License number is: {if known}_____________________________________.
*946
 2. Respondent is: [Choose all that apply]
 a.___ the spouse of Petitioner. Date of Marriage:______________________
 b.___ the former spouse of Petitioner.
 Date of Marriage:_____________________________
 Date of Dissolution of Marriage:_____________________
 c.___ related by blood or marriage to Petitioner.
 Specify relationship:____________________________________________
 d.___ a person who is or was living in one home with Petitioner, as if a family.
 e.___ a person with whom Petitioner has a child in common, even if Petitioner and
 Respondent never were married or living together.
 3. Petitioner has known Respondent since {date}__________________.
 4. Respondent's last known place of employment:___________________________
 Employment address: ___________________________________________________
 Working hours: _________________________________________________________
 5. Physical description of Respondent:
 Race:___ Sex: Male___ Female___ Date of Birth:_________________________
 Height:_____ Weight:____ Eye Color:____ Hair Color:____________________
 Distinguishing marks or scars:_________________________________________
 Vehicle: (make/model)___________ Color:__________ Tag Number:__________
 6. Other names Respondent goes by (aliases or nicknames):_________________
 7. Respondent's attorney's name, address, and telephone number is:________
 _______________________________________________________________________
 (If you do not know whether Respondent has an attorney, write unknown. If Respondent does
 not have an attorney, write none.)
 SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION (This section must be
 completed.)
 1. Has Petitioner ever received or tried to get an injunction for protection against domestic
 violence against Respondent in this or any other court?
 ____ Yes ____ No If yes, what happened in that case? (include case number, if known)
 __________________________________________________________________________________________
 __________________________________________________________________________________________
*947
 2. Has Respondent ever received or tried to get an injunction for protection against domestic
 violence against Petitioner in this or any other court?
 ___ Yes ____ No if yes, what happened in that case? (include case number, if known)
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 3. Describe any other court case that is either going on now or that happened in the past,
 including a dissolution of marriage, paternity action, or child support enforcement action,
 between Petitioner and Respondent {include city, state, and case number, if known}: ________
 ________________________________________________________________________________________________________________
 4. Petitioner is either a victim of domestic violence or has reasonable cause to believe he or she is
 in imminent danger of becoming a victim of domestic violence because respondent has (mark all
 sections that apply and describe in the spaces below the incidents of violence or threats of violence,
 specifying when and where they occurred, including, but not limited to, locations such as a home,
 school, place of employment, or time-sharing exchange):
 a. ___ committed or threatened to commit domestic violence defined in s. 741.28, Florida
 Statutes, as any assault, aggravated assault, battery, aggravated battery, sexual assault,
 sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal
 offense resulting in physical injury or death of one family or household member by another.
 With the exception of persons who are parents of a child in common, the family or
 household members must be currently residing or have in the past resided together in the
 same single dwelling unit.
 b. ___ previously threatened, harassed, stalked, or physically abused the petitioner.
 c. ___ attempted to harm the petitioner or family members or individuals closely associated
 with the petitioner.
 d. ___ threatened to conceal, kidnap, or harm the petitioner's child or children.
 e. ___ intentionally injured or killed a family pet.
 f. ___ used, or has threatened to use, against the petitioner any weapons such as guns or
 knives.
 g. ___ physically restrained the petitioner from leaving the home or calling law enforcement.
 h. ___ a criminal history involving violence or the threat of violence (if known).
 i. ___ another order of protection issued against him or her previously or from another
 jurisdiction (if known).
 j. ___ destroyed personal property, including, but not limited to, telephones or other
 communication equipment, clothing, or other items belonging to the petitioner.
 k. ___ engaged in any other behavior or conduct that leads the petitioner to have reasonable
 cause to believe he or she is in imminent danger of becoming a victim of domestic violence.
*948
 Below is a brief description of the latest act of violence or threat of violence that causes
 Petitioner to honestly fear imminent domestic violence by Respondent.
 (Use additional sheets if necessary.)
 On {date}________________, at {location}________________________,
 the Respondent____________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________.
 ____ Please indicate here if you are attaching additional pages to continue these facts.
 5. Additional Information
 [Choose all that apply]
 a. ___ Other acts or threats of domestic violence as described on attached sheet.
 b. ___ This or other acts of domestic violence have been previously reported to {person or
 agency}:__________________________________________________________________________
 c. ___ Respondent owns, has, and/or is known to have guns or other weapons.
 Describe weapon(s):_____________________________________________________________________
 d. ___ Respondent has a drug problem.
 e. ___ Respondent has an alcohol problem.
 f. ___ Respondent has a history of mental health problems. If checked, answer the following, if
known.
 Has Respondent ever been the subject of a Baker Act proceeding? ( ) Yes ( ) No
 is Respondent supposed to take medication for mental health problems? ( ) Yes ( ) No
*949
 If yes, is Respondent currently taking his/her medication? ( ) Yes ( ) No
 SECTION IV. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME (Complete this section
 only if you want the Court to grant you temporary exclusive use and possession of the home that you
 share with the Respondent.)
 1. Petitioner claims the following about the home that Petitioner and Respondent share or that
 Petitioner left because of domestic violence:
 [Choose all that apply]
 a. ___ Petitioner needs the exclusive use and possession of the home that the parties share at
 {street address}__________________________________________________________________,
 {city, state, zip code}_______________________________________________________.
 b. ___ Petitioner cannot get another safe place to live because:___________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________.
 c. ___ If kept out of the home, Respondent has the money to get other housing or may live
 without money at {street address}_________________________________________________,
 {city, state, zip code}________________________________________________________.
 2. The home is:
 [Choose one only]
 a. ___ owned or rented by Petitioner and Respondent jointly.
 b. ___ solely owned or rented by Petitioner.
 c. ___ solely owned or rented by Respondent.
 SECTION V. TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR
 MINOR CHILD(REN) (Complete this section only if you are asking the court to provide a temporary
 parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children
 of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised
 by a third party. You must be the natural parent, adoptive parent, or guardian by court order of the
 minor child(ren). If you are asking the court to provide a temporary parenting plan, including a
 temporary time-sharing schedule with regard to, the minor child or children of the parties which might
 involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party, you must
 also complete and file a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,
 Florida Supreme Court Approved Family Law Form 12.902(d).)
 Note: If the paternity of the minor child(ren) listed below has not been established through either
 marriage or court order, the Court may deny a request to provide a temporary parenting plan,
*950
 including a temporary time-sharing schedule with regard to, the minor child or children, and/or a
 request for child support.
 1. Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor
 child(ren) whose name(s) and age(s) is (are) listed below.
 Name Place of Birth Birth date Sex
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 2. The minor child(ren) for whom Petitioner is asking the court to provide a temporary parenting
 plan, including a temporary time-sharing schedule with regard to:
 [Choose one only]
 a. ___ saw the domestic violence described in this petition happen.
 b. ___ were at the place where the domestic violence happened but did not see it.
 c. ___ were not there when the domestic violence happened this time but have seen
 previous acts of domestic violence by Respondent.
 d. ___ have not witnessed domestic violence by Respondent.
 3. Name any other minor child(ren) who were there when the domestic violence happened.
 Include child(ren)'s name, age, sex, and parents' names._____________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 4. Temporary Parenting Plan and Temporary Time-Sharing Schedule
 [Choose all that apply]
 a. ___ Petitioner requests that the Court provide a temporary parenting plan, including a
 temporary time-sharing schedule with regard to, the minor child or children of the parties, as
 follows:_____________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 b. ___ Petitioner requests that the Court order supervised exchange of the minor child(ren) or
 exchange through a responsible person designated by the Court. The following person is
 suggested as a responsible person for purposes of such exchange. Explain:_____________
 __________________________________________________________________________________
*951
 __________________________________________________________________________________
 c. ___ Petitioner requests that the Court limit time-sharing by Respondent with the minor
 child(ren). Explain: ______________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 d. ___ Petitioner requests that the Court prohibit time-sharing by Respondent with the minor
 child(ren) because Petitioner genuinely fears that Respondent imminently will abuse, remove, or
 hide the minor child(ren) from Petitioner. Explain:_________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 e. ___ Petitioner requests that the Court allow only supervised time-sharing by Respondent with
 the minor child(ren). Explain:______________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 Supervision should be provided by a Family Visitation Center, or other
 (specify):______________________________________________________________________________________
 SECTION VI. TEMPORARY SUPPORT (Complete this section only if you are seeking financial
 support from the Respondent. You must also complete and file a Family Law Financial Affidavit, Florida
 Family Law Rules of Procedure Form 12.902(b) or (c), and Notice of Social Security Number,-Florida
 Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support. A Child Support
 Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the
 court at or prior to a hearing to establish or modify child support.)
 [Choose all that apply]
 1. ___ Petitioner claims a need for the money he or she is asking the Court to make Respondent
 pay, and that Respondent has the ability to pay that money.
 2. ___ Petitioner requests that the Court order Respondent to pay the following temporary alimony
 to Petitioner. (Petitioner must be married to Respondent to ask for temporary alimony.)
 Temporary Alimony Requested $______ every ( ) week ( ) other week ( ) month.
 3. ___ Petitioner requests that the Court order Respondent to pay the following temporary child
 support to Petitioner. (The respondent must be the natural parent, adoptive parent, or
 guardian by court order of the minor child(ren) for the court to order the respondent to pay
 child support.) Temporary child support is requested in the amount of $_______ every ( )
 week ( ) other week ( ) month.
 SECTION VII. INJUNCTION (This section summarizes what you are asking the Court to include in
 the injunction. This section must be completed.)
*952
 1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against domestic
 violence that will be in place from now until the scheduled hearing in this matter.
 2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a final
 judgment on injunction prohibiting Respondent from committing any acts of domestic violence
 against Petitioner and:
 a. prohibiting Respondent from going to or within 500 feet of any place the Petitioner
 lives;
 b. prohibiting Respondent from going to or within 500 feet of the Petitioner's place(s)
 of employment or school; the address of Petitioner's place(s) of employment or school is:
 __________________________________________________________________________________________
 c. prohibiting Respondent from contacting Petitioner by mail, by telephone, through
 another person, or in any other manner;
 d. prohibiting Respondent from knowingly and intentionally going to or within 100 feet
 of Petitioner's motor vehicle.
 e. prohibiting Respondent from defacing or destroying Petitioner's personal property.
 [Choose all that apply]
 f. ___ prohibiting Respondent from going to or within 500 feet of the following place(s)
Petitioner or Petitioner's minor child(ren) must go often {include address}:
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
 g. ___ granting Petitioner temporary exclusive use and possession of the home Petitioner and
 Respondent share;
 h. ___ granting Petitioner on a temporary basis 100% of the time sharing with the parties' minor
 child(ren);
 i. ___ establishing a temporary parenting plan including a temporary time-sharing schedule for
 the parties' minor child(ren);
 j. ___ granting temporary alimony for Petitioner;
 k. ___ granting temporary child support for the minor child(ren);
 l. ___ ordering Respondent to participate in treatment, intervention, and/or counseling services;
 m. ___ referring Petitioner to a certified domestic violence center; and
 any other terms the Court deems necessary for the protection of Petitioner and/or
 Petitioner's child(ren), including injunctions or directives to law enforcement agencies, as
 provided in section 741.30, Florida Statutes.
 I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING
ON THIS PETITION, THAT BOTH RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I
MUST APPEAR AT THE HEARING.
*953
 I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE
AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE
UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.
 ______________________
 (initials)
Dated:___________________
 ____________________________
 Signature of Petitioner
STATE OF FLORIDA
COUNTY OF_______________
Sworn to or affirmed and signed before me on __________ by_____________________________________.
 ___________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
Type of identification produced______
*954
 IN THE CIRCUIT COURT OF THE ______________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: _________________
 Division: __________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 WITH MINOR CHILD(REN)
 The Petition for Injunction for Protection Against Domestic Violence under section 741.30,
Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the
Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent
upon service of the temporary injunction.
 It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and
therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe
and enforced as if it were the order of the enforcing state or of the Indian tribe.
 NOTICE OF HEARING
 Because this Temporary Injunction for Protection Against Domestic Violence has been issued without
 prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear
 and testify at a hearing regarding this matter on {date}_______________, at _____ a.m./p.m.,
 when the Court will consider whether the Court should issue a Final Judgment of Injunction for
 Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the
 Court, and whether other things should be ordered, including, for example, such matters as time-sharing
 and support. The hearing will be before The Honorable {name}__________________________________,
 at {room name/number, location, address, city}________________________________________________
 _____________________________, Florida. If Petitioner and/or Respondent do not appear, this
 temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be
 granted, including the imposition of court costs.
 All witnesses and evidence, if any, must be presented at this time. In cases where temporary support
 issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit
 Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence
 of financial income to the hearing.
 NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at
 public expense.
*955
 YOU ARE ADVISED THAT IN THIS COURT:
 a. ___ a court reporter is provided by the court.
 b. ___ electronic audio tape recording only is provided by the court. A party may arrange in
 advance for the services of and provide for a court reporter to prepare a written transcript
 of the proceedings at that party's expense.
 A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY
 SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER.
 THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
 If you are a person with a disability who needs any accommodation in order to participate in this
 proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact
 {name}__________________________________________________________________________________________,
 {address}_____________________________________________, {telephone}____________________,
 within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired,
 call 711.
 FINDINGS
 The statements made under oath by Petitioner make it appear that section 741.30, Florida
Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by
Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of
becoming a victim of domestic violence by Respondent, and that there is an immediate and present
danger of domestic violence to Petitioner or persons lawfully with Petitioner.
 TEMPORARY INJUNCTION AND TERMS
 This injunction shall be effective until the hearing set above and in no event for longer than 15
days, unless extended by court order. If a final order of injunction is issued, the terms of this
temporary injunction will be extended until service of the final injunction is effected upon
Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms
of this injunction may not be changed by either party alone or by both parties together. Only the
Court may modify the terms of this injunction. Either party may ask the Court to change or end this
injunction.
 Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else,
may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of
a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to
vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence,
going to Petitioner's place of employment, school, or other place prohibited in this injunction;
telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly
or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied;
defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if
ordered to do so by the court; or committing an act of domestic violence against Petitioner
constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by
sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense,
punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or
enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18
U.S.C. Section 2262.
*956
ORDERED and ADJUDGED:
 1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any
 acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated
 assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking,
 kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or
 death to Petitioner or any of Petitioner's family or household members. Respondent shall not
 commit any other violation of the injunction through an intentional unlawful threat, word or act
 to do violence to the Petitioner.
 2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in
 this Section, or unless paragraph 14 below provides for contact connected with the temporary
 parenting plan and temporary time-sharing with respect to the minor child(ren).
 a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.
 Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax,
 telephone, through another person, or in any other manner. Further, Respondent shall not
 contact or have any third party contact anyone connected with Petitioner's employment or
 school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise
 provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner's current
 residence {list address}_______________________________________________________________________
 ____________________________________________________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any subsequent
 place of employment {list address of current employment}___________________________________
 __________________________________________ or place where Petitioner attends school
 {list address of school}____________________________________________________________________;
 or the following other places (if requested by Petitioner) where Petitioner or Petitioner's
 minor child(ren) go often:____________________________________________________________________________
 ______________________________________________________________________________________________________
 ______________________________________________________________________________________________________.
 Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.
 b. ___ Other provisions regarding contact:________________________________________________________________
 __________________________________________________________________________________________________________
 ___________________________________________________________________________________________________________
 3. Firearms.
[Initial all that apply; write N/A if does not apply]
 a. ___ Respondent shall not use or possess a firearm or ammunition.
 b. ___ Respondent shall surrender any firearms and ammunition in the Respondent's
 possession to the ___________ County Sheriff's Department until further order
 of the court.
 c. ___ Other directives relating to firearms and ammunition:____________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST
 DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT
 WILL BE A VIOLATION OF SECTION 790.233, FLORIDA STATUTES, AND A FIRST DEGREE
*957
 MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR
 CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY
 OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR
 AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR
 AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE
 WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).
 4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her
 mailing address within 10 days of the change. All further papers (excluding the final injunction,
 if entered without Respondent being present at the hearing, and pleadings requiring personal
 service) shall be served by mail to Respondent's last known address. Such service by mail shall
 be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
 5. Additional order(s) necessary to protect Petitioner from domestic violence:
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
 6. ___ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use
 and possession of the dwelling located at:___
 ________________________________________________________________________________________________________.
 7. ___ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the
 home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner
 ( ) Respondent in possession of the home.
 8. ___ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement
 officer, may return to the premises described above ( ) on {date}____________, at
 ____ a.m./p.m., or ( ) at a time arranged with the law enforcement department with
 jurisdiction over the home, for the purpose of obtaining his or her clothing and items of
 personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction
 over the home from which these items are to be retrieved shall accompany ( ) Petitioner
 ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only
 his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10
 below. The law enforcement agency shall not be responsible for storing or transporting any
 property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO
 THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
 9. ___ ( ) Petitioner ( ) Respondent shall not damage or remove any furnishings or fixtures from
 the parties' former shared premises.
*958
 10. ___ Other: ___________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 TEMPORARY SUPPORT
 Temporary support, if requested by Petitioner in the Petition for Injunction for Protection
Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on
the matter.
 TEMPORARY PARENTING PLAN WITH TIME-SHARING WITH MINOR CHILD(REN)
 11. Jurisdiction. [Initial one only]
 ______ Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to any
 minor child(ren) listed in paragraph 12 below is proper under the Uniform Child Custody
 Jurisdiction and Enforcement Act (UCCJEA).
 ______ Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein. (Case
 Number __________________________.)
 12. Temporary Order for 100% Time-Sharing With Respect to Minor Child(ren). [ ] Petitioner [ ]
 Respondent shall, on a temporary basis, have 100% time sharing with respect to the parties'
 minor child(ren) listed below:
 Name Birth date
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 ____________________________________________________________________________
 When requested by the parent to whom 100% time-sharing is awarded on a temporary basis
 herein, law enforcement officers shall use any and all reasonable and necessary force to
 physically deliver the minor child(ren) listed above to the parent to whom 100% time-sharing is
 awarded on a temporary basis herein. The other parent shall not take the child(ren) from the
 parent to whom 100% time-sharing is awarded on a temporary basis herein or any child care
 provider or other person entrusted by the parent to whom 100% time-sharing is awarded on a
 temporary basis herein with the care of the child(ren).
 [Initial if applies; write N/A if does not apply]
 ______ Neither party shall remove the minor child(ren) from the State of Florida, which is the
 jurisdiction of this Court, prior to the hearing on this temporary injunction. Violation of this
 custody order may constitute a felony of the third degree under sections 787.03 and 787.04,
 Florida Statutes.
 13. Contact with Minor Child(ren). Unless otherwise provided in paragraph 14 below, the
 [ ] Petitioner [ ] Respondent (i.e., the parent to whom 100% time-sharing is not awarded on a
 temporary basis herein) shall have no contact with the parties' minor child(ren) until further
*959
 order of the Court.
 14. Other Additional Provisions Relating to the Minor Child(ren).
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________
 OTHER SPECIAL PROVISIONS
(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida
 Family Law Rule 12.610.)
*960
 DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION (Provisions in this
injunction that do not include a line for the judge to either initial or write N/A are considered mandatory
 provisions and should be interpreted to be part of this injunction.)
 1. The Sheriff of __________ County, or any other authorized law enforcement officer, is
 ordered to serve this temporary injunction upon Respondent as soon as possible after its
 issuance.
 2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should
 be reported to the appropriate law enforcement agency. Law enforcement officers of the
 jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this
 injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida
 Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31,
 Florida Statutes.
 3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT
 OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The
 arresting agent shall notify the State Attorney's Office immediately after arrest.
 4. THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A
 CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787 OF FLORIDA STATUTES AND
 OTHER SIMILAR STATUTES.
 5. Reporting alleged violations. If Respondent violates the terms of this injunction and there has
 not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which
 the violation occurred and complete an affidavit in support of the violation, or Petitioner may
 contact the State Attorney's office for assistance in filing an action for indirect civil contempt or
 indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby
 appointed to prosecute such violations by indirect criminal contempt proceedings, or the State
 Attorney may decide to file a criminal charge, if warranted by the evidence.
 DONE AND ORDERED at___________________, Florida on___________________.
 _________________________________________
 CIRCUIT JUDGE
COPIES TO:
Sheriff of ___________ County
Petitioner (or his or her attorney):___ by U. S. Mail___ by hand delivery in open court
Respondent: ___ forwarded to sheriff for service
____ State Attorney's Office
____ Other:_________________________________________________
*961
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk
of the Circuit Court of ______________ County, Florida, and that I have furnished copies of this order as
indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: _________________________________
 Deputy Clerk
*962
 IN THE CIRCUIT COURT OF THE ________________________________________________ JUDICIAL CIRCUIT,
 IN AND FOR ________________________________________________ COUNTY, FLORIDA
 Case No.: __________________________________________
 Division: __________________________________________
_______________________________________,
 Petitioner,
 and
_______________________________________,
 Respondent.
 FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
 WITH MINOR CHILD(REN) (AFTER NOTICE)
 The Petition for Injunction for Protection Against Domestic Violence under section 741.30,
Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of
the parties and the subject matter.
 It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and
therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe
and enforced as if it were the order of the enforcing state or of the Indian tribe.
 HEARING
 This cause came before the Court for a hearing to determine whether an Injunction for
Protection Against Domestic Violence in this case should be:
[ ] issued [ ] modified [ ] extended.
The hearing was attended by [ ] Petitioner [ ] Respondent
[ ] Petitioner's Counsel [ ] Respondent's Counsel
 FINDINGS
 On {date} _________________________, a notice of this hearing was served on Respondent
together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service
was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
 After hearing the testimony of each party present and of any witnesses, or upon consent of
Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of
domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a
victim of domestic violence by Respondent.
*963
 INJUNCTION AND TERMS
 This injunction shall be in full force and effect until [ ] further order of the Court or
[ ]_____________________. This injunction is valid and enforceable in all counties of the State of Florida.
The terms of this injunction may not be changed by either party alone or by both parties together.
Only the Court may modify the terms of this injunction. Either party may ask the Court to change or
end this injunction at any time.
 Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else,
may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of
a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to
vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence,
going to Petitioner's place of employment, school, or other place prohibited in this injunction;
telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly
or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied;
defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if
ordered to do so by the court; or committing an act of domestic violence against Petitioner
constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by
sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense,
punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or
enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18
U.S.C. SECTION 2262.
ORDERED and ADJUDGED:
 1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any
 acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated
 assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking,
 kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or
 death to Petitioner or any of Petitioner's family or household members. Respondent shall not
 commit any other violation of the injunction through an intentional unlawful threat, word or act
 to do violence to the Petitioner.
 2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided
 in this section, or unless paragraphs 13 through 19 below provide for contact connected with
 the temporary parenting plan and temporary time-sharing with respect to the minor
 child(ren).
 a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.
 Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax,
 telephone, through another person, or in any other manner. Further, Respondent shall not
 contact or have any third party contact anyone connected with Petitioner's employment or
 school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise
 provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner's current
 residence {list address} _______________________________________________________
 _____________________________________________________________________________________
 or any residence to which Petitioner may move; Petitioner's current or any subsequent
 place of employment {list address of current employment} __________________
*964
 _________________________________or place where Petitioner attends school {list
 address of school} ________________________________________________________________;
 or the following other places (if requested by Petitioner) where Petitioner or Petitioner's
 minor child(ren) go often: ______________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.
 b. _____Other provisions regarding contact: ________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 3. Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care,
 custody, possession or control any firearm or ammunition. It is a violation of section 790.233,
 Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her
 care, custody, possession or control any firearm or ammunition.
[Initial if applies; write N/A if not applicable]
 a. ___Respondent is a state or local officer as defined in section
 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a
 firearm or ammunition for use in performing official duties on behalf of the officer's
 employing agency and is not prohibited by the court from having in his or her care, custody,
 possession or control a firearm or ammunition. The officer's employing agency may prohibit
 the officer from having in his or her care, custody, possession or control a firearm or
 ammunition.
 b. ___Respondent shall surrender any firearms and ammunition in the
 Respondent's possession to the ________________________ County Sheriff's Department.
 c. ___Other directives relating to firearms and ammunition:
 ___________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR
TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE,
ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN
SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN
INJUNCTION. 18 U.S.C. SECTION 922(g)(8).
 4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
 a. The Court finds that Respondent has:
 i. ___willfully violated the ex parte injunction;
 ii. ___been convicted of, had adjudication withheld on, or pled nolo contendere to a
 crime involving violence or a threat of violence; and/or
 iii. ___in this state or any other state, had at any time a prior injunction for protection
*965
 entered against the respondent after a hearing with notice.
 Note: If respondent meets any of the above enumerated criteria, the Court must order the
 Respondent to attend a batterers' intervention program unless it makes written factual findings
 stating why such a program would not be appropriate. See Section 741.30(6)(e), Florida
 Statutes.
 b. Within [ ]10 days [ ] days, (but no more than 10 days) of the date of this injunction,
 Respondent shall enroll in and thereafter without delay complete the following, and
 Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within
 [ ] 30 days or [ ] days, (but no more than 30 days) of the date of this injunction:
 i. ___A certified batterers' intervention program from a list of programs to be provided by
 the Court or any entity designated by the Court. Respondent shall also successfully
 complete any substance abuse or mental health evaluation that the assessing program
 counselor deems necessary as a predicate to completion of the batterers' intervention
 program.
 ii. ___A substance abuse evaluation at: ___________________________________________________
 or a similarly qualified facility and any substance abuse treatment recommended by that
 evaluation.
 iii. ___A mental health evaluation by a licensed mental health professional at: _____
 or any other similarly qualified facility and any mental health treatment recommended
 by that evaluation.
 iv. ___Other:_____________________________________________________________________________
 _________________________________________________________________________________________
 c. ___Although Respondent meets the statutory mandate of attendance at a batterers'
 intervention program, the Court makes the following written findings as to why the
 condition of batterers' intervention program would be inappropriate: ____________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 d. ___Petitioner is referred to a certified domestic violence center and is provided with a list of
 certified domestic violence centers in this circuit, which Petitioner may contact.
 5. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her
 mailing address within 10 days of the change. All further papers (excluding pleadings requiring
 personal service) shall be served by mail to Respondent's last known address. Such service by
 mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida
 Statutes.
 6. Other provisions necessary to protect Petitioner from domestic violence: __________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
*966
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; write N/A if not applicable]
 7. ___Possession of the Home. [ ] Petitioner [ ] Respondent shall have temporary exclusive use
 and possession of the dwelling located at: ________________________________________________________
 ______________________________________________________________________________________________________.
 8. ___Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the
 home shall accompany [ ] Petitioner [ ] Respondent to the home, and shall place
 [ ] Petitioner [ ] Respondent in possession of the home.
 9. ___Personal Items. [ ] Petitioner [ ] Respondent, in the presence of a law enforcement
 officer, may return to the premises described above ( ) on________________, at
 _______ a.m./p.m., or [ ] at a time arranged with the law enforcement department with
 jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of
 obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A
 law enforcement officer with jurisdiction over the premises shall go with [ ] Petitioner
 [ ] Respondent to the home and stand by to insure that he/she vacates the premises with only
 his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10
 below. The law enforcement agency shall not be responsible for storing or transporting any
 property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE
 HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
 10. ___The following other personal possessions may also be removed from the premises at this
 time:______________________________________________________________________________________
 _____________________________________________________________________________________________
 11. ____Other: __________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
 TEMPORARY PARENTING PLAN AND TIME-SHARING WITH MINOR CHILD(REN)
 12. Jurisdiction. [Initial one only.]
 ______Jurisdiction to determine issues relating to parenting plan and time-sharing with respect
 to any minor child(ren) listed in paragraph 13 below is proper under the Uniform Child Custody
 Jurisdiction and Enforcement Act (UCCJEA).
 ______Jurisdiction is exclusive to the dependency court, and accordingly no order is made
 herein. (Case Number _____________________________.)
 13. Temporary Parenting Plan for Minor Child(ren). Except for that time-sharing (if any) specified
*967
 for the other parent in paragraph 14, below, [ ] Petitioner [ ] Respondent shall on a temporary
 basis have 100% of the time-sharing with the parties' minor child(ren) listed below and shall
 have sole decision-making responsibility until further court order:
 Name Birth date
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 When requested by the parent to whom the majority of overnight time-sharing with the
 child(ren) is awarded on a temporary basis herein, in this case the [ ] Petitioner { } Respondent,
 law enforcement officers shall use any and all reasonable and necessary force to physically
 deliver the minor child(ren) listed above to the parent to whom the majority of overnight time-sharing
 with the child(ren) is awarded on a temporary basis herein. The other parent shall not
 take the child(ren) from the parent to whom the majority of overnight time-sharing with the
 child(ren) is awarded on a temporary basis herein or any child care provider or other person
 entrusted by the parent to whom the majority of overnight time-sharing with the child(ren) is
 awarded on a temporary basis herein with the care of the child(ren).
 14. Temporary Parenting Plan with Time-Sharing for Minor Child(ren). The Petitioner and
 Respondent shall have time-sharing with the minor child(ren) on the following schedule:
[Initial one only]
 a. ___[ ] Petitioner [ ] Respondent shall have 100% of time-sharing and [ ] Petitioner
 [ ] Respondent shall have 0% of time sharing with the child(ren) until further order of the
 Court. Until further order of the Court, all parenting decisions shall be made by the parent
 with 100% of the time-sharing.
 b. ___[ ] Petitioner [ ] Respondent shall have time-sharing from _______ a.m./p.m.
 to ____________a.m./p.m on the following
 day(s) ____________________________ The other parent will have the remaining
 time-sharing. ___________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 c. ___Other:_____________________________________________________________________
 ________________________________________________________________________________
 ________________________________________________________________________________
 15. Limitations on Time-Sharing The time-sharing specified in paragraph 14, above, for
 [ ] Petitioner [___] Respondent with the child(ren) shall be:
[Initial all that apply; write N/A if does not apply]
 a. ______unsupervised.
 b. ______supervised by the following specified responsible
 adult:______________________.
 c. ______at a supervised visitation center located at:
 ________________________________________________________________________________
*968
 ________________________________________________________________________________.
 and shall be subject to the available times and rules of the supervised visitation center. The cost
 associated with the services of the supervised visitation center shall be paid by [ ] parent to
 whom the majority of overnight time-sharing with the child(ren) is awarded on a temporary
 basis herein [ ] other parent [ ] both:_________________________________________
 ____________________________________________________________________________________.
 If specified, the level of supervision shall be:____________________________________.
 16. Arrangements for Time-Sharing with Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
 a. ___A responsible person shall coordinate the time-sharing arrangements of with respect
 to the minor child(ren).
 If specified, the responsible person shall be: {name} _________________________
 b. ___Other conditions for time-sharing arrangements as follows:
 ________________________________________________________________________________________
 ________________________________________________________________________________________
 17. Exchange of Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
 a. ___The parties shall exchange the child(ren) at [ ] school or daycare, or [ ] at the
 following location(s):___________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 b. ___A responsible person shall conduct all exchanges of the child(ren). The [ ] Petitioner
 [ ] Respondent shall not be present during the exchange. If specified, the responsible
 person shall be: {name}______________________________________________________
 __________________________________________________________________________________________
 c. Other conditions for exchange as follows:_____________________________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
 18. Other Additional Provisions Relating to the Minor Child(ren).
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 TEMPORARY SUPPORT
*969
 19. Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
 a. ___The court finds that there is a need for temporary alimony and that [ ] Petitioner [
 ] Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay
 temporary alimony to [ ] Petitioner [ ] Respondent (hereinafter Obligee) in the amount of $ per
 month, payable [ ] in accordance with Obligor's employer's payroll cycle, and in any event,
 at least once a month [ ] other {explain}___________________________________________
 _____________________________________________________________________________________________
 beginning {date}_______. This alimony shall continue until modified by court order, until
 a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction
 expires, or until {date}____________________________, whichever occurs
 first.
 b. ___[ ] Petitioner [ ] Respondent shall be required to maintain health insurance coverage
 for the other party. Any uncovered medical costs for the party awarded alimony shall be
 assessed as follows:_____________________________________________________________________________
 ______________________________________________________________________________________________.
 c. ___Other provisions relating to alimony:______________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 20. Temporary Child Support.
[Initial all that apply; write N/A if does not apply]
 a. ___The Court finds that there is a need for temporary child support and that [ ] Petitioner
 [ ] Respondent (hereinafter Obligor) has the present ability to pay child support. The
 amounts in the Child Support Guidelines Worksheet, Florida Family Law Form 12.902(e),
 filed by [ ] Petitioner [ ] Respondent are correct OR the Court makes the following
 findings: The Petitioner's net monthly income is $______, (Child Support Guidelines
 ___%). The Respondent's net monthly income is $______, (Child Support Guidelines
 ___%). Monthly child care costs are $______. Monthly health/dental insurance costs are
 $______.
 b. ___Amount. Obligor shall pay temporary child support in the amount of $______, per
 month payable [ ] in accordance with Obligor's employer's payroll cycle, and in any event
 at least once a month ( ) other {explain}: ___________________________________________
 _______________________________________________________________________________________________,
 beginning {date} _________________, and continuing until further order of the court, or until
 {date/event}__________________________________________________________________________,
 {explain}_____________________________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual
 findings which support that deviation are:_____________________________________________________
 _______________________________________________________________________________________________
 c. ___[ ] Petitioner [ ] Respondent shall be required to maintain ( ) health ( ) dental
 insurance coverage for the parties' minor child(ren) so long as reasonably available. OR
 ( ) Health ( ) dental insurance is not reasonably available at this time.
 d. ___Any reasonable and necessary uninsured medical/dental/prescription drug costs for
 the minor child(ren) shall be assessed as follows:_____________________________________________
 _______________________________________________________________________________________________.
*970
 e. ___Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security
 Number, is incorporated herein by reference.
 f. ___Other provisions relating to child support:__________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 21. Method of Payment.
[Initial one only]
 a. ______Obligor shall pay any temporary child support/alimony ordered through income
 deduction, and such support shall be paid to the state disbursement unit. Obligor is
 individually responsible for paying this support obligation in the event that all or any portion
 of said support is not deducted from Obligor's income. Obligor shall also pay the applicable
 state disbursement unit service charge. Until child support/alimony payments are deducted
 from Obligor's paycheck pursuant to the Income Deduction Order, Obligor is responsible for
 making timely payments directly to the state disbursement unit.
 b. ______Temporary child support/alimony shall be paid through the state disbursement
 unit in the office of the {name of county} ___________ County Clerk of Circuit Court.
 Obligor shall also pay the applicable state disbursement unit service charge. Income
 deduction is not in the best interests of the child(ren) because:________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 c. ______ Other provisions relating to method of payment:
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 OTHER SPECIAL PROVISIONS
(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida
Family Law Rule 12.610.)
DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION
(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are
considered mandatory provisions and should be interpreted to be part of this injunction.)
 1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should
 be reported to the appropriate law enforcement agency. Law enforcement officers of the
 jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this
 injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida
 Statutes, for any violation of its provisions, except those regarding child support and/or alimony,
 which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with
 this order, any subsequent court order issued under Chapter 61 or Chapter 39, Florida
 Statutes, shall take precedence over this order on all matters relating to property division,
 alimony, parental responsibility, parenting plan, time-sharing, child custody, or child support.
*971
 2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT
 OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The
 arresting agent shall notify the State Attorney's Office immediately after arrest.
 3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has
 not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which
 the violation occurred and complete an affidavit in support of the violation, or Petitioner may
 contact the State Attorney's office for assistance in filing an action for indirect civil contempt or
 indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby
 appointed to prosecute such violations by indirect criminal contempt proceedings, or the State
 Attorney may decide to file a criminal charge, if warranted by the evidence.
 4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be
 bound by all matters occurring at the hearing and on the face of this injunction.
 5. The temporary injunction, if any, entered in this case is extended until such time as service of
 this injunction is effected upon Respondent.
 6. THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A
 CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787 OF FLORIDA STATUTES AND
 OTHER SIMILAR STATUTES.
 DONE AND ORDERED at______________________________, Florida on_______________.
 ________________________________________
 CIRCUIT JUDGE
COPIES TO:
Sheriff of____________County
Petitioner (or his or her attorney):
___by U.S. Mail
___by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the
original order - see below.)
Respondent (or his or her attorney):
___forwarded to sheriff for service
___by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the
original order - see below.)
___by certified mail (may only be used when Respondent is present at the hearing and Respondent fails
or refuses to acknowledge the receipt of a certified copy of this injunction.)
___State Attorney's Office
___Batterer's intervention program (if ordered)
___Central Governmental Depository (if ordered)
___Department of Revenue
___Other________________________________________________
*972
 I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk
of the Circuit Court of________________County, Florida, and that I have furnished copies of this order as
indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: ______________________________________
 Deputy Clerk
 ACKNOWLEDGMENT
 I, {Name of Petitioner}_______________________________, acknowledge receipt of a certified
copy of this Injunction for Protection.
 Petitioner_______________________________
 ACKNOWLEDGMENT
 I, {Name of Respondent}_____________________________, acknowledge receipt of a
certified copy of this Injunction for Protection.
 Respondent________________________________
*973
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW
 FORM 12.980(h), REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
 (12/10)
 When should this form be used?
If you fear that disclosing your address would put you in danger because you are the victim of sexual
battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic
violence, you should complete this form and file it with the clerk of the circuit court.
This form should be typed or printed in black ink. After completing this form, you should file the original
with the clerk of the circuit court in the county where your petition was filed and keep a copy for your
records.
*974
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR ____________________________ COUNTY, FLORIDA
 Case No: _____________________________
 Division: ____________________________
____________________________________,
 Petitioner,
And
____________________________________,
 Respondent.
 REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
 I, {full legal name} ______________________________, request that the Court
maintain and hold as confidential, the following address:
 Address ____________________________________________________________________
 ____________________________________________________________________________
 City _____________________ State ___________________ Zip ___________________
 Telephone (area code and number) ___________________________________________
 This request is being made for the purpose of keeping the location of my residence unknown for
safety reasons pursuant to section 119.071(2)(j)1, Florida Statutes.
Dated: ______________________________
 __________________________________
 Signature
 CLERK'S CERTIFICATE AS TO
 REQUEST FOR
 CONFIDENTIAL FILING OF ADDRESS
 I, __________________________________, as Clerk of the Circuit Court, do hereby certify
that I received and filed the above and will keep the above address confidential, subsequent to further
order of the Court relative to such confidentiality.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: __________________________________
 Deputy Clerk
*975
 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW
 FORM 12.981(a)(1), STEPPARENT ADOPTION: CONSENT AND WAIVER
 BY PARENT (12/10)
 When should this form be used?
This form is to be completed and signed by the parent who is giving up all rights to, custody of, and time
sharing with the minor child to be adopted. This consent shall not be executed before the birth of the
minor child. For more information about consenting to adoption, you should refer to Chapter 63,
Florida Statutes, and sections 63.062 - 63.082, Florida Statutes, in particular.
This form should be typed or printed in black ink. It must be signed in the presence of a notary public or
deputy clerk and two witnesses other than the notary or clerk. You should file this form with the Joint
Petition for Adoption by Stepparent, Florida Supreme Court Approved Family Law Form 12.981(b)(1).
After completing this form, you should hand deliver a copy or duplicate original to the parent giving
consent and have them sign the original saying they received a copy. Then you should file the original
with the clerk of the circuit court in the county where the Joint Petition for Adoption by Stepparent,
Florida Supreme Court Approved Family Law Form 12.981(b)(1) is filed and keep a copy for your records.
 Special notes...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out
these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules
of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms
also must put his or her name, address, and telephone number on the bottom of the last page of every
form he or she helps you complete.
*976
 IN THE CIRCUIT COURT OF THE ____________________ JUDICIAL CIRCUIT,
 IN AND FOR _____________________________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
IN THE MATTER OF THE ADOPTION OF
_____________________________________,
 Adoptee(s).
 CONSENT AND WAIVER BY PARENT
 1. I, {full legal name} ___________________________, am the [Choose only one]
 ( ) father or ( ) mother of the minor child(ren) subject to this consent who is/are:
 Child's Current Name Gender Birth date Birthplace
 {city, county, state}
 a. ___________________________________________________________________________
 b. ___________________________________________________________________________
 c. ___________________________________________________________________________
 d. ___________________________________________________________________________
 e. ___________________________________________________________________________
 f. ___________________________________________________________________________
 2. I relinquish all rights to, custody of, and time sharing with this (these) minor child(ren),
 {name(s)} ____________________________________________________________________.
 with full knowledge of the legal effect of the stepparent adoption and consent to the adoption
 by the child(ren)'s stepparent whose name is: [Choose only one]
 ( ) {name} ___________________________________________________________________
 ( ) not required for my granting of this consent.
 3. I understand my legal rights as a parent and I understand that I do not have to sign this consent
 and release of my parental rights. I acknowledge that this consent is being given knowingly,
 freely, and voluntarily. I further acknowledge that my consent is not given under fraud or
 duress. I understand that there is a "grace period" in Florida during which I may revoke my
 consent. If the child to be adopted is older than 6 months at the time of consent, this grace
 period is for 3 days or until the child has been placed with the prospective adoptive parents,
 whichever is later. I understand that, in signing this consent, I am permanently and forever
 giving up all my parental rights to and interest in this (these) minor child(ren) and that this
 consent may only be withdrawn if the Court finds it was obtained by fraud or duress. I
 voluntarily, permanently relinquish all my parental rights to this (these) minor child(ren).
 4. I consent, release, and give up permanently, of my own free will, my parental rights to this
 (these) minor child(ren), for the purpose of stepparent adoption.
 5. I waive any further notice of the stepparent adoption proceeding.
*977
 6. I understand that pursuant to Chapter 63, Florida Statutes, "an action or proceeding of any kind
 to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment
 terminating parental rights on any ground may not be filed more than 1 year after entry of the
 judgment terminating parental rights."
 7. I understand I have the right to choose a person who does not have an employment,
 professional, or personal relationship with the adoption entity or the prospective adoptive
 parents to be present when this affidavit is executed and to sign it as a witness. The witness I
 selected is: {full legal name} ________________________________.
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this consent and waiver and that the punishment for knowingly making a false statement
includes fines and/or imprisonment.
Dated: ___________________________ Signature of Parent: _________________________
 Printed Name: ________________________________
 Address: _____________________________________
 City, State, Zip: ____________________________
 Telephone Number: ____________________________
 Fax Number: __________________________________
__________________________________ ______________________________________________
Signature of Witness Signature of Witness
Printed Name: ____________________ Printed Name: ________________________________
Business Address: ________________ Business Address: ____________________________
Home Address: ____________________ Home Address: ________________________________
Driver's License No.: ____________ Driver's License No.: ________________________
State ID Card No.: _______________ State ID Card No.: ___________________________
*978
STATE OF FLORIDA
COUNTY OF
Sworn to or affirmed and signed before me on {date} _________ at {time} ________________.
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ____________________
 I hereby acknowledge receipt of a copy or duplicate original of this executed Consent and
Waiver.
 _________________________________________
 Signature of Parent
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________________________,
a nonlawyer, located at {street} _________________________, {city} ___________________,
{state} ______________, {phone} ________________, helped {name} _____________,
fill out this form.

*979 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(b)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT (12/10)

When should this form be used?
This form should be used when a stepparent is adopting his or her spouse's child. Both the stepparent and his or her spouse must sign this petition. You must attach all necessary consents or acknowledgments that apply to your case, as listed under the Special Notes section below. Florida Statutes require that consent to adoption be obtained from:
 the mother of the minor.
 the father of the minor if:
1. the minor was conceived or born while the father was married to the mother;
2. the minor is his child by adoption;
3. the minor has been established by a court proceeding to be his child;
4. he has filed an affidavit of paternity pursuant to section 382.013(2)(c) Florida Statutes; or
5. in the case of an unmarried biological father, he has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor, has filed such acknowledgment with the Office of Vital Statistics of the Department of Health within the required timeframes, and has complied with the requirements of section 63.062(2).
Determining whether someone's consent is required, or when consent may not be requiredis a complicated issue and you may wish to consult an attorney. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082 in particular.
This form should be typed or printed in black ink. The name to be given to the child(ren) after the adoption should be used in the heading of the petition. The stepparent is the petitioner, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a notary public or deputy clerk. You should then file the original and 1 copy with the clerk of the circuit court in the county where the minor resides unless the court changes the venue.

What should I do next?
For your case to proceed, you must have the written consent of the other birth parent and the child, if applicable. The court may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.064, Florida Statutes. If you are attempting to proceed without the consent of the other birth parent, you may wish to consult with an attorney. Section 63.054, Florida Statutes, requires that in each adoption proceeding, the Florida Putative Father Registry be searched. You will need an order from the judge to do this, which you can request by filing a Motion for Search of the Putative Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
When you have filed all of the required forms and met the requirements as outlined above, you are ready to set a hearing on your petition. You should check with the clerk of court, family law intake staff or the judicial assistant to set a final hearing. If all persons required to consent have consented and the consents/affidavits of nonpaternity have been filed with the court, the hearing may be held immediately. *980 If not, notice of the hearing must be given as provided by the Rules of Civil Procedure. See Form 1.902, Florida Rules of Civil Procedure. If you know where the other birth parent lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. In order to use constructive service you will need to complete and submit to the court Stepparent Adoption: Affidavit of Diligent Search, Florida Supreme Court Approved Family Law Form 12.981(a)(4). For more information about personal and constructive service, you should refer to the "General Instructions for Self-Represented Litigants" found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

Special notes ...
With this petition you must file the following:
 Consent form executed by the birth parent, Stepparent Adoption: Consent and Waiver by Parent, Florida Supreme Court Approved Family Law Form 12.981(a)(1) or Stepparent Adoption: Affidavit of Nonpaternity, Florida Supreme Court Approved Family Law Form 12.981(a)(3).
 If any person whose consent is required is deceased, a certified copy of the death certificate must be attached to this Petition.
 Consent form executed by the minor child(ren), if the child(ren) is/are over 12 years of age, Stepparent Adoption: Consent of Adoptee, Florida Supreme Court Approved Family Law Form 12.981(a)(2). The court can excuse filing of this form under certain circumstances.
 Certified copy of the child(ren)'s birth certificate.
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 If applicable, Stepparent Adoption: Motion for Search of the Putative Father Registry, Florida Supreme Court Approved Family Law Form 12.981(a)(6).
These family law forms contain a Final Judgment of Stepparent Adoption, Florida Supreme Court Approved Family Law Form 12.981(b)(2), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing. If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)'s names, and leave the rest blank for the judge to complete at your hearing. You should decide how many certified copies of the final judgment you will need and be prepared to obtain them after the hearing. There is a charge for certified copies, and the clerk can tell you how much. The file will be sealed after the final hearing, and then it will take an order from a judge to open the *981 file and obtain a copy of the final judgment.
AN ADOPTIVE STEPPARENT WILL CONTINUE TO HAVE PARENTAL RIGHTS, INCLUDING CUSTODY AND TIMESHARING, WHERE APPROPRIATE, IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE, AND MAY BE LIABLE FOR CHILD SUPPORT IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE. YOU COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOPTEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE'S INHERITANCE.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*982
 IN THE CIRCUIT COURT OF THE _____________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: _________________
 Division: _________________
IN THE MATTER OF THE ADOPTION OF
_______________________________________________,
{use name to be given to child(ren)} Adoptee(s).
 JOINT PETITION FOR ADOPTION BY STEPPARENT
Petitioner, {full legal name} __________________________________________ being sworn,
joined by the above-named child(ren)'s ( ) mother ( ) father, {full legal name} _________
_________________________, being sworn, files this joint petition for adoption of the above-named
minor child(ren), under chapter 63, Florida Statutes.
 1. This is an action for adoption of a minor child(ren) by his or her (their) stepparent.
 2. I desire to adopt the following child(ren):
 Name to be given to child(ren) Birth date Birthplace
 a.
 b.
 c.
 d.
 e.
 f.
 A certified copy of the birth certificate(s) is/are attached.
 3. The child(ren) has (have) resided with me since {date} __________________
 I wish to adopt the child(ren) because I would like to legally establish the parent-child
 relationship already existing between the child(ren) and me. Since the above date, I have been
 able to provide adequately for the material needs of the child(ren) and am able to continue
 doing so in the future, as well as to provide for the child(ren)'s mental and emotional well-being.
 Other reasons I wish to adopt the children are: ___________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 4. I am ___________ years old, and have resided at {street address}, ________________
 {city} __________ {county} ________ {state} _____ for ____ years.
 5. I married the ( ) father or ( ) mother of the child(ren) on {date} ___________________,
 in {city} ___________ {county} _________, {state} ______ The following
 are the dates and places of my dissolutions of marriage, if any:
 Date Place
 a.
 _______________________________________________________________________________________
 b.
 _______________________________________________________________________________________
*983
 6. A completed Uniform Child Custody Jurisdiction and Enforcement Act Affidavit (UCCJEA),
 Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
 7. A description and estimate of the value of any property of the adoptee(s) is as follows:
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________.
 8. Consent by the adoptee(s):
 ( ) is attached for: Name(s) ______________________________________________________
 ( ) is not required because the adoptee(s) is/are not 12 years of age: Name(s) ____
 ( ) was excused by the court for: Name(s) _________________________________________
 9. The following person(s) is/are required to consent and the consent form or affidavit of
 nonpaternity is/are attached _______________________________________________________________
 10. The following person(s) whose consent is required has not consented. The facts/circumstances
 that excuse the lack of consent and would justify termination of this person's parental rights
 are:
 Name Address Facts/circumstances
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 11. A copy of this Petition was served on all known persons whose consent is required but did not
 waive notice, as well as on all persons whose consent is required but did not provide consent.
 Proof of service is attached.
 [Indicate if applicable:]
 ___A search of the Putative Father Registry maintained by the Office of Vital Statistics of the
 Department of Health has been requested, and if granted, the certificate from the State
 Registrar will be filed in this action.
WHEREFORE, I request that this Court terminate the parental rights of ____________________________,
{name of parent whose rights are sought to be terminated}, enter a Final Judgment of Adoption of the
Minor Child(ren) by Petitioner Stepparent and, as requested, change the name of the adoptee(s).
*984
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this
petition and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.
Dated: ____________________________ ________________________________________
 Signature of Stepparent
 Printed Name: __________________________
 Address: _______________________________
 City, State, Zip: ______________________
 Telephone Number: ______________________
 Fax Number: ____________________________
STATE OF FLORIDA
COUNTY OF ____________________________
Sworn to or affirmed and signed before me on _______________ by _____________________.
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced __________________________________
*985
 I understand that I am swearing or affirming under oath to the truthfulness of the claims
made in this petition and that the punishment for knowingly making a false statement includes fines
and/or imprisonment.
Dated: ____________________________________ ________________________________________________
 Signature of ( ) mother ( ) father
 Printed Name: __________________________________
 Address: _______________________________________
 City, State, Zip: ______________________________
 Telephone Number: ______________________________
 Fax Number: ____________________________________
STATE OF FLORIDA
COUNTY OF _________________________________
Sworn to or affirmed and signed before me on _______________________ by _________________________.
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 deputy clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ______________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [ fill in
all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________________________,
a nonlawyer, located at {street} ________________________, {city} ____________________,
{state} ________, {phone} _________, helped {name} __________________________,
who is the petitioner, fill out this form.
*986
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR ____________________________ COUNTY, FLORIDA
 Case No.: ______________________
 Division: ______________________
IN THE MATTER OF THE ADOPTION OF
_________________________________________________________,
{use name to be given to child(ren)} Adoptee(s).
 FINAL JUDGMENT OF STEPPARENT ADOPTION
Upon consideration of the Joint Petition for Adoption by Stepparent and the evidence presented, the
Court finds that:
 1. The Court has subject matter jurisdiction over the Joint Petition for Adoption by Stepparent.
 2. The Court has jurisdiction over the minor child(ren) subject to the Joint Petition for Adoption by
 Stepparent.
 3. Petitioner desires the permanent responsibility of a parent in this adoption.
 4. There is no pending litigation regarding the child(ren) in Florida or in any other state, nor is
 there any other person not a party to these proceedings who has or claims to have physical
 custody or rights to the minor child(ren).
 5. The consent of the birth ( ) mother ( ) father who is not married to Petitioner is:
 [Choose only one]
 ___ Attached to the petition
 ___ Not required because he or she is deceased. A certified copy of the death certificate is
 attached.
 ___ Waived because:
 [Choose all that apply]
 ___ The parent has deserted the child without means of identification or has abandoned the
 child.
 ___ The parent's rights have been terminated by a court of competent jurisdiction.
 ___ The parent has been declared incompetent and restoration of competency is medically
 improbable.
 ___ The legal guardian or lawful custodian of the adoptee(s), other than the birth parent,
 who has failed to respond in writing to a request for consent for a period of 60 days or
 the Court has examined the written reasons for withholding consent and has found the
 withholding of consent to be unreasonable.
 ___ Other: _________________________________________________________________________________.
 6. The best interests of the child(ren) will be promoted by this adoption.
 7. The minor child(ren) is (are) suitable for adoption by Petitioner.
NOW, THEREFORE, IT IS ORDERED that:
*987
 1. The minor child(ren) subject to the Petition is (are) declared to be the legal child(ren) of
 Petitioner, ____________________________________________________ {name}
 2. The minor child(ren) shall be the child(ren) and legal heir(s) at law of Petitioner,
 _________________________________________________________________, {name}
 and shall be entitled to all rights and privileges, and subject to all obligations, of
 child(ren) born of Petitioner.
 3. All legal relations between the adoptee(s) and the parent whose rights are being terminated and
 between the adoptee(s) and the relatives of that parent are terminated by this adoption, as are
 all parental rights and responsibilities of that birth parent.
 4. This Final Judgment of Adoption creates a relationship between the adoptee(s) and Petitioner
 and all relatives of Petitioner that would have existed if the adoptee(s) was (were) a blood
 descendant of the Petitioner, born within wedlock, entitled to all rights and privileges thereof,
 and subject to all obligations of a child being born to Petitioner.
 5. The minor child(ren) shall hereafter be known as {full legal name(s)}:
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 DONE AND ORDERED at __________________________________, Florida on _______________________.
 ____________________________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioners (or their attorney)

*988 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (12/10)

When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, a time-sharing schedule, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.983(d).

*989 Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)'s father, one of you should file a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a), or Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Parenting Plan and Time-Sharing ... If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).
*990 The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Many circuits require that parents of a minor or dependent child(ren) who are involved in dissolution or paternity actions attend mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk of court's office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*991
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR _____________________________ COUNTY, FLORIDA
 Case No.: _____________________
 Division: _____________________
__________________________________________,
 Petitioner,
 and
__________________________________________,
 Respondent.
 PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
 Petitioner, {full legal name} _________________, being sworn, certifies that the
following information is true:
 This is an action for paternity and to determine parental responsibility, time-sharing, and child
support under chapter 742, Florida Statutes.
SECTION I.
 1. Petitioner is the [ ] mother [ ] father of the following minor child(ren):
 Name Place of Birth Birth date Sex
 (1) _____________________________________________________________________________
 (2) _____________________________________________________________________________
 (3) _____________________________________________________________________________
 (4) _____________________________________________________________________________
 (5) _____________________________________________________________________________
 (6) _____________________________________________________________________________
 2. Petitioner's current address is: {street address, city, state} _______________
 _______________________________________________________________________________________.
 3. Respondent's current address is: {street address, city, state} ______________________
 ______________________________________________________________________________________________.
 4. Both parties are over the age of 18.
 5. The Petitioner [Choose only one] ( ) is ( ) is not a member of the military service.
 The Respondent [Choose only one] ( ) is ( ) is not a member of the military service.
 6. Neither Petitioner nor Respondent is mentally incapacitated.
*992
 7. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,
Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
 8. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
Form 12.902(j), is filed with this petition.
 9. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
12.902(b) or (c), is, or will be, filed.
 10. Paternity Facts.
 [Choose only one]
 a. ___Paternity has previously been established as a matter of law.
 b. ___The parties engaged in sexual intercourse with each other in the month(s) of {list
 month(s) and year(s)} _____________, in {city and state} _________________
 c. ___As a result of the sexual intercourse, [ ] Petitioner [ ] Respondent conceived and gave
 birth to the minor child(ren) named in paragraph 1. [ ] Petitioner [ ] Respondent is the
 natural father of the minor child(ren). The mother [ ] was [ ] was not married at the time
 of the conception and/or birth of the minor child(ren) named in paragraph 1. If the mother
 was married, the name and address of her husband at the time of conception and/or birth
 is: __________________________________________________________________________________
 ________________________________________________________________________________________
SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
 1. The minor child(ren) currently reside(s) with [ ] Mother [ ]Father [ ] Other: {explain}
 _______________________________________________________________________________________________________.
 2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
 [Choose only one]
 a. ___shared by both Father and Mother.
 b. ___awarded solely to [ ] Father [ ] Mother. Shared parental responsibility would be
 detrimental to the child(ren) because: __________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________.
 3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the family be
 ordered to comply with a Parenting Plan that [ ] includes [ ]does not include parental time-sharing
 with the child(ren). The Petitioner states that it is in the best interests of the child(ren)
 that:
 [Choose only one]
 a. ___The attached proposed Parenting Plan should be adopted by the court.
 The parties [ ] have [ ] have not agreed to the Parenting Plan.
 b. ___The court should establish a Parenting Plan with the following provisions:
 [ ] No time-sharing for the [ ] Father [ ] Mother
 [ ] Limited time-sharing with the [ ] Father [ ] Mother
 [ ] Supervised time-sharing for the [ ] Father [ ] Mother.
 [ ] Supervised or third-party exchange of the child(ren).
 [ ] Time-sharing schedule as follows:
 _________________________________________________________________________________________
 _________________________________________________________________________________________
*993
 _________________________________________________________________________________________.
 Explain why this schedule is in the best interests of the child(ren): ___________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 4. The minor child(ren) should
 [Choose only one]
 a. ___retain his/her (their) present name(s).
 b. ___receive a change of name as follows:
present name(s)
 (1) __________________________________
 (2) __________________________________
 (3) __________________________________
 (4) __________________________________
 (5) __________________________________
 (6) __________________________________
be changed to
 (1) __________________________________
 (2) __________________________________
 (3) __________________________________
 (4) __________________________________
 (5) __________________________________
 (6) __________________________________
 c. The name change would be in the best interest of the child(ren) because: ___________
 ____________________________________________________________________________________.
SECTION III. CHILD SUPPORT
 [Choose all that apply]
 1. ___Petitioner requests that the Court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed. Such
 support should be ordered retroactive to
 [Choose only one]
 a. ___the date when the parents did not reside together in the same household with the child,
 not to exceed a period of 24 months before the date of filing of this petition.
 b. ___the date of the filing of this petition.
 c. ___other: {date} _____________. {Explain} ______________________
 _______________________________________________________________________________
 2. ___Petitioner requests that the Court award a child support amount that is more than or less
 than Florida's child support guidelines. Petitioner understands that a Motion to Deviate from
 Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be
 completed before the Court will consider this request.
 3. ___Petitioner requests that medical/dental insurance for the minor child(ren) be provided by:
*994
[Choose only one]
 a. ___Father.
 b. ___Mother.
 4. ___Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid by:
 [Choose only one]
 a. ___Father.
 b. ___Mother.
 c. ___Father and Mother each pay one-half.
 d. ___Father and Mother each pay according to the percentages in the Child Support
 Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
 e. ___Other {explain}: ___________________________________________________
 __________________________________________________________________________________
 __________________________________________________________________________________
 5. ___Petitioner requests that life insurance to secure child support be provided by:
 [Choose only one]
 a. ___Father.
 b. ___Mother.
 c. ___Both
 6. ___[ ] Petitioner [ ] Respondent [ ] Both has (have) incurred medical expenses in the
 amount of $_________ on behalf of the minor child(ren), including hospital and other expenses
 incidental to the birth of the minor child(ren). There should be an appropriate allocation or
 apportionment of these expenses.
 7. ___[ ] Petitioner [ ] Respondent [ ] Both has (have) received past public assistance for this
 (these) minor child(ren).
PETITIONER'S REQUEST
 1. Petitioner requests a hearing on this petition and understands that he or she must attend the
 hearing.
 2. Petitioner requests that the Court enter an order that:
 [Choose all that apply]
 a. ___establishes paternity of the minor child(ren), ordering proper scientific testing, if
 necessary;
 b. ___adopts or establishes a Parenting Plan containing provisions for parental responsibility
 and time-sharing for the minor or dependent child(ren);
 c. ___awards child support, including medical/dental insurance for the minor child(ren);
 d. ___determines the appropriate allocation or apportionment of all expenses incidental to
 the birth of the child(ren), including hospital and medical expenses;
 e. ___determines the appropriate allocation or apportionment of all other past, present, and
 future medical and dental expenses incurred or to be incurred on behalf of the minor
 child(ren);
 f. ___changes the child(ren)'s name(s);
 g. ___other relief as follows: __________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 _______________________________________________________________________________________; and
*995
 grants such other relief as may be appropriate and in the best interests of the minor child(ren).
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this
petition and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.
Dated: _________________________________
 ____________________________________________________
 Signature of Petitioner
 Printed Name: ______________________________________
 Address: ___________________________________________
 City, State, Zip: __________________________________
 Telephone Number: __________________________________
 Fax Number: ________________________________________
STATE OF FLORIDA
COUNTY OF ______________________________
Sworn to or affirmed and signed before me on ____________________ by ________________________________.
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ______________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} ___________________________________,
a nonlawyer, whose address is {street} _______, {city} ___________ {state} _______________
{phone} ________, helped {name} _____________, who is the respondent, fill out this form.

*996 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(b), ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (12/10)

When should this form be used?
This form should be used when you are responding to a petition to determine paternity. You may use this form to admit or deny the allegations contained in the petition. However, if you wish to ask the court for things not included in the petition, such as, parental responsibility and time-sharing or child support, you should file an Answer to Petition and Counterpetition to Determine Paternity and for Related Relief, Florida Supreme Court Approved Family Law Form 12.983(c).
This form should be typed or printed in black ink. After completing this form, you should sign this form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
If you deny that the person named in the petition is the child(ren)'s father, a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
You have 20 days to file an answer to the other party's petition. A copy of this form, along with all of the other forms required with this answer, must be mailed or hand delivered to the other party in your case. After you file your answer, the case will generally proceed in one of the following two ways:
UNCONTESTED ... This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a Notice for Trial Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
With this answer, you must file the following and provide a copy to the other party:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).

*997  Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of the service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this form after the other party files his or her financial affidavit.)
Many circuits require completion of mediation before being allowed to schedule a final hearing. A parenting course must be completed prior to entry of the final judgment. You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Parenting Plan and Time-Sharing. If the parents are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide these issues as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your answer. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendation
 Time-Sharing Schedule
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from *998 state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from a Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*999
 IN THE CIRCUIT COURT OF THE ___________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________________ COUNTY, FLORIDA
 Case No.: __________________
 Division: __________________
____________________________________,
 Petitioner,
 and
____________________________________,
 Respondent.
 ANSWER TO PETITION TO DETERMINE PATERNITY
 AND FOR RELATED RELIEF
 I, {full legal name} ____________________________________, Respondent, being
sworn, certify that the following information is true:
 1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the
 Petition and, therefore, admit those allegations: {indicate section and paragraph number} _____
 ___________________________________________________________________________________________________________________.
 2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in
 the Petition and, therefore, deny those issues: {indicate section and paragraph number} _______
 ___________________________________________________________________________________________________________________.
 3. I currently am unable to admit or deny the following paragraphs due to lack of information:
 {indicate section and paragraph number} __________________________________________________________________
 ___________________________________________________________________________________________________________________.
 4. [Choose if applicable] A completed Uniform Child Custody Jurisdiction and Enforcement Act
 (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with
 this answer as I disagree with the Affidavit filed by the Petitioner.
 5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this answer if one has not already been filed in this case.
 6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c), ( ) is, or ( ) will be, filed.
 I certify that a copy of this document was [Choose only one] [ ] mailed [ ] faxed and mailed
 [ ] hand delivered to the person(s) listed below on {date} ________________________________________________.
Petitioner or his/her attorney:
Name: ________________________________________
Address: _____________________________________
City, State, Zip: ____________________________
Fax Number: __________________________________
*1000
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this
answer and that the punishment for knowingly making a false statement includes fines and/or
imprisonment.
Dated: __________________________________
 ___________________________________________
 Signature of Respondent
 Printed Name: _____________________________
 Address: __________________________________
 City, State, Zip: _________________________
 Telephone Number: _________________________
 Fax Number: _______________________________
STATE OF FLORIDA
COUNTY OF _______________________________
Sworn to or affirmed and signed before me on _____________________ by _________________________.
 _____________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} _________________________________________,
a nonlawyer, whose address is {street} _______________________,
{city} __________________________________________________ {state} ________________,
{phone} ____________, helped {name} __________, who is the respondent, fill out this form.

*1001 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (12/10)

When should this form be used?
This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as parental responsibility, time-sharing, and child support. The answer is used to admit or deny the allegations contained in the petition, and the counterpetition is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.

What should I do next?
You have 20 days to file an answer or answer and counterpetition to the other party's petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case.
If you deny that the person named in the petition is the child(ren)'s father, a Motion for Scientific Paternity Testing Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
After you file an answer and counterpetition, the case will then generally proceed as follows:
UNCONTESTED. This case is uncontested if you and the other party agree on all issues raised in the petition and the counterpetition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED. This case is contested if you and the other party disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" for some basic information. The words that are in bold underline in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

*1002 Special notes . . .
If the child(ren)'s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form. With this answer, you must file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Notice of Social Security Number Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
 Certificate of Compliance with Mandatory Disclosure Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
 Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) or Safety-Focused Parenting Plan, Form 12.995(b). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.
Many jurisdictions may require the completion of mediation before a final hearing may be set. A parenting course must be completed prior to entry of the final judgment. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
Parenting Plan and Time-Sharing. If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).
The judge may request a parenting plan recommendation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401 and 61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your answer and counterpetition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Supervised Time-Sharing
 No contact
 Parenting Plan
 Parenting Plan Recommendations
 Time-Sharing Schedule
*1003 Child Support. The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Parenting Plan. In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If the parties have reached an agreement, you should file a Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a)or a Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. A Parenting Plan will be established by the court.
Final Judgments. These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*1004
 IN THE CIRCUIT COURT OF THE _________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
___________________________________,
 Petitioner/Counterrespondent,
 and
___________________________________,
 Respondent/Counterpetitioner.
 ANSWER TO PETITION AND COUNTERPETITION
 TO DETERMINE PATERNITY AND FOR RELATED RELIEF
I, {full legal name} ___________________________________, Respondent,
being sworn, certify that the following information is true:
 ANSWER TO PETITION
 1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the
 Petition and, therefore, admit those allegations: {indicate section and paragraph number}
 __________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 2. I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in
 the Petition and, therefore, deny those Issues: {indicate section and paragraph number}.
 __________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 3. I currently am unable to admit or deny the following paragraphs due to lack of information:
 {indicate section and paragraph number} _________________________________________________________
 _________________________________________________________________________________________________________.
 COUNTERPETITION TO DETERMINE PATERNITY
 AND FOR RELATED RELIEF
SECTION I. PATERNITY
 1. Respondent is the [ ] mother [ ] father of the following minor child(ren):
 Name Place of Birth Birth Date Sex
 (1). _____________________________________________________________________________________________________
 (2). _____________________________________________________________________________________________________
 (3). _____________________________________________________________________________________________________
 (4). _____________________________________________________________________________________________________
*1005
 (5). _____________________________________________________________________________________________________
 (6). _____________________________________________________________________________________________________
 2. Petitioner's current address is: {street address, city, state}
 __________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 3. Respondent's current address is: {street address, city, state}
 __________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 4. Both parties are over the age of 18, and neither is, nor has been within a 30 day period
 immediately prior to this date, a person in the military service of the United States as defined by
 Section 521 of the Servicemembers Civil Relief Act.
 5. Neither Petitioner nor Respondent is mentally incapacitated.
 6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida
 Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition.
 7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law
 Form 12.902(j), is filed with this counterpetition.
 8. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form
 12.902(b) or (c),[ ] is, or [ ] will be, filed.
 9. Paternity Facts.
 [Choose only one]
 a. ___ Paternity has previously been established as a matter of law.
 b. ___ The parties engaged in sexual intercourse with each other in the month(s) of {list
 month(s) and year(s)} ________________, in: {city and state}
 ____________________________________________________________________________________.
 As a result of the sexual intercourse, [ ] Petitioner [ ] Respondent conceived and gave
 birth to the minor child(ren) named in paragraph 1. [ ] Petitioner [ ] Respondent is the
 natural father of the minor child(ren). The mother [ ] was [ ] was not married at the time
 of the conception and/or birth of the minor child(ren) named in paragraph I. If the mother
 was married, the name and address of her husband at the time of conception and/or birth
 is: ___________________________________________________________________________________________________
 ______________________________________________________________________________________________________.
SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
 1. The minor child(ren) currently reside(s) with [ ] Mother [ ] Father [ ] Other: {explain} ________
 _________________________________________________________________________________________________________.
 2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
*1006
 [Choose only one]
 a. ___ shared by both Father and Mother.
 b. ___ awarded solely to [ ] Father [ ] Mother. Shared parental responsibility would be
 detrimental to the child(ren) because: ________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________.
 3. Parenting Plan and Time-Sharing. It is in the best interests of the child(ren) that the family be
 ordered to comply with a Parenting Plan that [ ] includes [ ] does not include parental time-sharing
 with the child(ren). The Respondent states that it is in the best interests of the
 child(ren) that:
 [Choose only one]
 a. ___ The attached proposed Parenting Plan should be adopted by the court.
 The parties [ ] have [ ] have not agreed to the Parenting Plan.
 b. ___ The court should establish a Parenting Plan with the following provisions:
 [ ] No time-sharing for the [___] Father [___] Mother.
 [ ] Limited time-sharing with the [___] Father [___] Mother.
 [ ] Supervised time-sharing for the [___] Father [___] Mother
 [ ] Supervised or third-party exchange for the child(ren).
 [ ] Time-sharing schedule as follows:
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 4. Explain why this request is in the best interests of the child(ren):
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 5. The minor child(ren) should:
 [Choose only one]
*1007
 a. retain his/her (their) present name(s).
 b. receive a change of name as follows:
 present name(s) be changed to
(1). ____________________________ (1). ____________________________
(2). ____________________________ (2). ____________________________
(3). ____________________________ (3). ____________________________
(4). ____________________________ (4). ____________________________
(5). ____________________________ (5). ____________________________
(6). ____________________________ (6). ____________________________
SECTION III. CHILD SUPPORT
[Choose all that apply]
 1. ___ Respondent requests that the court award child support as determined by Florida's child
 support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines
 Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed. Such
 support should be ordered retroactive to:
 [Choose only one]
 a. ___ the date when the parents did not reside together in the same household with the child,
 not to exceed a period of 24 months before the date of filing of this counterpetition.
 b. ___ the date of the filing of this petition.
 c. ___ other: {date} ________________. {Explain} _______________________________________
 ___________________________________________________________________________________________________
 2. ___ Respondent requests that the Court award a child support amount that is more than or less
 than Florida's child support guidelines. Respondent understands that a Motion to Deviate from
 Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be
 completed before the Court will consider this request.
 3. ___ Respondent requests that medical/dental insurance for the minor child(ren) be provided by:
 [Choose only one]
 a. ___ Father.
 b. ___ Mother.
 4. ___ Respondent requests that uninsured medical/dental expenses for the child(ren) be paid by:
 [Choose only one]
 a. ___ Father.
 b. ___ Mother.
 c. ___ Father and Mother each pay one-half.
 d. ___ Father and Mother each pay according to the percentages in the Child Support
 Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
 e. ___ Other {explain}: _________________________________________________________________________
 ___________________________________________________________________________________________________
 __________________________________________________________________________________________________.
*1008
 5. ___ Respondent requests that life insurance to secure child support be provided by:
 [Choose only one]
 a. ___ Father.
 b. ___ Mother.
 c. ___ Both.
 6. ___ [ ] Petitioner [ ] Respondent [ ] Both has (have) incurred medical expenses in the
 amount of $________ on behalf of the minor child(ren), including hospital and other expenses
 incidental to the birth of the minor child(ren). There should be an appropriate allocation or
 apportionment of these expenses.
 7. ___ [ ] Petitioner [ ] Respondent [ ] Both has (have) received past public assistance for this
 (these) minor child(ren).
*1009
RESPONDENT'S REQUEST
 1. Respondent requests a hearing on this petition and understands that he or she must attend the
 hearing.
 2. Respondent requests that the Court enter an order that:
 [Choose all that apply]
 a. ___ establishes paternity of the minor child(ren), ordering proper scientific testing, if
 necessary;
 b. ___ establishes a Parenting Plan containing provisions for parental responsibility and time-sharing
 for the minor or dependent child(ren);
 c. ___ awards child support, including medical/dental insurance, for the minor child(ren);
 d. ___ determines the appropriate allocation or apportionment of all expenses incidental to the
 birth of the child(ren), including hospital and medical expenses;
 e. ___ determines the appropriate allocation or apportionment of all other past, present, and
 future medical and dental expenses incurred or to be incurred on behalf of the minor
 child(ren);
 f. ___ changes the child(ren)'s name(s); and
 g. ___ other relief as follows: __________________________________________________________________________
 _______________________________________________________________________________________________________
 _______________________________________________________________________________________________________
 __________________________________________________________________________________________________; and
 grants such other relief as may be appropriate and in the best interests of the minor
 child(ren).
 I certify that a copy of this document was [Choose only one] [ ] mailed [ ] faxed and mailed
 [ ] hand delivered to the person(s) listed below on {date} ____________________________________.
Petitioner or his/her attorney:
Name: ___________________________________________
Address: ________________________________________
City, State, Zip: _______________________________
Fax Number: _____________________________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this
answer and counterpetition and that the punishment for knowingly making a false statement includes
fines and/or imprisonment.
Dated: _____________________
 _________________________________________________
 Signature of Respondent/Counterpetitioner
 Printed Name: ___________________________________
*1010
 Address: ________________________________________
 City, State, Zip: _______________________________
 Telephone Number: _______________________________
 Fax Number: _______________________________
STATE OF FLORIDA
COUNTY OF _______________________________
Sworn to or affirmed and signed before me on _______________________________ by ________________________________.
 _________________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
___ Personally known
___ Produced identification
 Type of identification produced __________________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________________________________,
a nonlawyer, whose address is {street} _________,
{city} _____________________________________________, {state} ___________________________,
{phone} ____________________, helped {name} _____,
who is the respondent, fill out this form.
*1011
 IN THE CIRCUIT COURT OF THE _________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.
 FINAL JUDGMENT OF PATERNITY
This cause came before the Court upon a Petition to Determine Paternity and for Related Relief,
under chapter 742, Florida Statutes. The Court having reviewed the file and having heard the testimony,
makes these findings of fact and reaches these conclusions of law:
 1. The Court has jurisdiction of the subject matter and the parties.
 2. Paternity. [Choose only one] [ ] By operation of law, [ ] The Court finds that
 {full legal name} ______________________________________________________________________________,
 is the natural and biological father of the minor child(ren), listed below:
 The parties' dependent or minor child(ren) is (are):
 Name Birth date
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
SECTION I. PARENTAL RESPONSIBILITY AND PARENTING PLAN ESTABLISHING TIME-SHARING WITH
DEPENDENT OR MINOR CHILD(REN)
 1. Jurisdiction. The Court has jurisdiction to determine parental responsibility and to adopt or
 establish a Parenting Plan with time-sharing with regard to the child(ren) listed in paragraph 2
 above.
 2. Parental Responsibility and Parenting Plan for the Minor Child(ren).
 [Choose only one]
 a. ___ Not adjudicated. Since no request for relief was made in this action, parental
 responsibility of and time-sharing with the minor child(ren) is governed by sections 742.031
 and 744.301, Florida Statutes.
 b. ___ Parenting Plan. The parties shall comply with the Parenting Plan which is attached
 hereto and incorporated herein as Exhibit ___.
*1012
SECTION II. CHILD SUPPORT
 1. The Court finds that there is a need for child support and that the [ ] Mother [ ] Father
 (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child
 Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by
 the [ ] Mother [ ] Father are correct OR the Court makes the following findings: The Mother's
 net monthly income is $________, (Child Support Guidelines __%). The Father's net monthly
 income is $_______, (Child Support Guidelines ______%). Monthly child care costs are
 $_______. Monthly health/dental insurance costs are $________.
 2. Amount. Obligor shall be obligated to pay child support in the amount of
 $________ per month payable ( ) in accordance with Obligor's employer's payroll cycle,
 and in any event at least once a month ( ) other {explain}: ____________________________________
 _________________________________________________________________________________________________________
 beginning {date} ________, and continuing until either:
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated,
 marries, joins the armed services, or_dies, or;
 OR
 ( ) one of the minor children reaches the age of 18, become(s) emancipated, marries, joins the
 armed services, or_dies, and either party files a supplemental petition to modify child support
 and the court enters such an order;
 OR
 ( ) until:{date/event} _________________________________________________________________________,
 {explain} ______________________________________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: ________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 3. Arrearage/Retroactive Child Support.
 [Choose if applies]
 a. ___ There is no retroactive child support or arrearage at the time of this Final Judgment.
 b. ___ ( ) Mother [ ]) Father [ ] both has (have) incurred medical expenses in the amount of
 $ ________ on behalf of the minor child(ren), including hospital and other expenses
 incidental to the birth of the minor child(ren). Petitioner shall pay ___%, Respondent shall
 pay ___%, which shall be paid as follows: [ ] added to arrearage in paragraph c below ( )
 other {explain} ______________________________________________________________________________
 _______________________________________________________________________________________________________
 c. ___ The [ ] Mother [ ] Father shall pay to the other party the child support arrearage of:
 $ ________ for retroactive child support, as of {date} __________.
 $ ________ for previously ordered unpaid child support, as of {date} ________.
 $ ________ for previously incurred medical expenses.
 The total of $________ in child support arrearage shall be repaid at the rate of $______
 per month, payable [ ] in accordance with Obligor's employer's payroll cycle, and in any
*1013
 event at least once a month [ ] other {explain} ______________________________________________
 ______________________________________________________________________________________________________,
 beginning {date} ____________________, until paid in full including statutory interest.
 4. Insurance.
 [Choose all that apply]
 a. ___ Health/Dental Insurance. [ ] Mother [ ] Father shall be required to maintain:
 [ ] health and/or [ ] dental insurance for the parties' minor child(ren), so long as
 reasonably available. The party providing insurance shall be required to convey
 insurance cards demonstrating said coverage to the other party;
 OR
 [ ] health [ ] dental insurance is not reasonably available at this time.
 b. ___ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall be assessed as follows:
 [ ] Shared equally by both parents.
 [ ] Prorated according to the child support guideline percentages.
 [ ] Other {explain}: _________________________________________________________________________
 ______________________________________________________________________________________________________.
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs the
 expense shall submit request for reimbursement to the other party within 30 days, and the
 other party, within 30 days of receipt, shall submit the applicable reimbursement for that
 expense, according to the schedule of reimbursement set out in this paragraph.
 5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, [ ] Mother [ ] Father [ ] each party shall maintain life insurance coverage, in an
 amount of at least $________, on [ ] his life [ ] her life [ ] his/her life naming the
 [ ] minor child(ren) as the beneficiary(ies) OR naming the [ ] Mother [ ] Father [ ] other
 {name} ___________________ as Trustee for the minor child(ren), so long as
 reasonably available. The obligation to maintain the life insurance coverage shall continue until
 the youngest child turns 18, becomes emancipated, marries, joins the armed services, or_dies.
 6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall
 be as follows: ___________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: ___________________________________________________
 __________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
*1014
 1. Central Governmental Depository.
 [Choose if applies]
 a. ___ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name} ____________ County, along with any depository service charge.
 b. ___ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository pursuant to
 section 61.13(1)(d)3, Florida Statutes, to require payments through the Central
 Governmental Depository.
 2. Income Deduction.
 [Choose if applies]
 a. ___ Immediate. Obligor shall pay through income deduction, pursuant to a separate Income
 Deduction Order which shall be effective immediately. Obligor is individually responsible for
 paying this support obligation until all of said support is deducted from Obligor's income.
 Until support payments are deducted from Obligor's paycheck, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository or the Obligee, as
 previously set forth in this order.
 b. ___ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $________, or, if not specified, an amount equal to one month's obligation
 occurs. Income deduction is not being implemented immediately based on the following
 findings: Income deduction is not in the best interests of the child(ren) because: {explain} __
 _______________________________________________________________________________________________________
 ______________________________________________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order in cases of modification,
 AND
 [ ] there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR [ ] there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
 3. Bonus/one-time payments. [ ] All [ ] ________% [ ] No income paid in the form of a
 bonus or other similar one-time payment, up to the amount of any arrearage or the remaining
 balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the
 payment method prescribed above.
 4. Other provisions relating to method of payment. _______________________________________________
 __________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
*1015
SECTION IV. CHILD(REN)'S NAME(S)
 a. ___ There shall be no change to the child(ren)'s name(s).
 b. ___ It is in the child(ren)'s best interests that the child(ren)'s
present name(s) be changed to
(1) ____________________________ (1) ____________________________
(2) ____________________________ (2) ____________________________
(3) ____________________________ (3) ____________________________
(4) ____________________________ (4) ____________________________
(5) ____________________________ (5) ____________________________
(6) ____________________________ (6) ____________________________
 by which the minor child(ren) shall hereafter be known.
 c. The name change is in the best interest of the child(ren) because: ____________________________________
 ______________________________________________________________________________________________________.
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. [ ] Petitioner's [ ] Respondent's request(s) for attorney fees, costs, and suit money is (are)
 denied because ___________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 2. ___ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money.
 [ ] Petitioner [ ] Respondent is hereby ordered to pay to the other party $________ in
 attorney fees, and $________ in costs. The Court further finds that the attorney fees
 awarded are based on the reasonable rate of $________ per hour and ________ reasonable
 hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 3. The costs of the scientific paternity testing shall be assessed:
 [ ] against Petitioner [ ] against Respondent [ ] Other {explain} ______________________________.
SECTION VI. OTHER PROVISIONS
 1. Other Provisions. _____________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
 __________________________________________________________________________________________________________
*1016
 The Court reserves jurisdiction to modify and enforce this Final Judgment.
 DONE AND ORDERED on at __________________, Florida, on _______________.
 ___________________________________________
 CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
___ Other: _______________________________
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk
of the Circuit Court of ___________ County, Florida, and that I have furnished copies of this order as
indicated above.
 CLERK OF THE CIRCUIT COURT
(SEAL)
 By: ___________________________________________
 Deputy Clerk
*1017
 IN THE CIRCUIT COURT OF THE _________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________ COUNTY, FLORIDA
 Case No.: __________________________
 Division: __________________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN) (UNCONTESTED)
 This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The
Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these
conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately
 before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the
 parties is dissolved, and the parties are restored to the status of being single.
4. Marital Settlement Agreement. The parties have voluntarily entered into a Marital Settlement
 Agreement and Parenting Plan, and each party has filed the required Family Law Financial Affidavit.
 Therefore, the Marital Settlement Agreement and Parenting Plan is filed as Exhibit A in this case and
 is ratified and made a part of this final judgment. The parties are ordered to obey all of the
 provisions.
5. The Court finds that the parties have the present ability to pay support as agreed to in the marital
 settlement agreement as ratified and made part of this final judgment.
6. ( ) yes ( ) no. The wife's former name of {full legal name} _______________________
 is restored.
7. The Court reserves jurisdiction to modify and enforce this final judgment.
*1018
 DONE AND ORDERED at __________________, Florida, on ________________.
 _______________________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} ________________________________________________________________
 was [Choose only one] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
 {date} __________ by {clerk of court or designee} _________________________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: ___________
*1019
 IN THE CIRCUIT COURT OF THE _________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
___________________________________,
Petitioner,
and
___________________________________,
Respondent.
 FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
 WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having
reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of
law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately
 before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the
 parties is dissolved, and the parties are restored to the status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The
 date of valuation of these assets and liabilities is, unless otherwise indicated:
 a. ___ date of filing petition for dissolution of marriage.
 b. ___ date of separation.
 c. ___ date of divorce trial.
B. Division of Assets.
 1. The assets listed below are nonmarital assets. Each party shall keep, as his or her own, the
 assets found to be nonmarital, and the other party shall have no further rights or responsibilities
 regarding these assets.

|---------------------------------------------------------------------------------------------|--------------|------------|------------|
| ASSETS: DESCRIPTION OF ITEM(S) | Current Fair | Wife's | Husband's |
| (Describe each item as clearly as possible. You do not need to list account numbers.) | Market Value | Nonmarital | Nonmarital |
|---------------------------------------------------------------------------------------------| | Property | Property |
|---------------------------------------------------------------------------------------------|--------------|------------|------------|
|---------------------------------------------------------------------------------------------| $ | $ | $ |
| |--------------|------------|------------|
|---------------------------------------------------------------------------------------------|--------------|------------|------------|

*1020
|---------------------------------------------------------------------------------------------|--------------|------------|------------|
|---------------------------------------------------------------------------------------------|--------------|------------|------------|
|_____________________________________________________________________________________________| | | |
| Total Nonmarital Assets | | | |
|---------------------------------------------------------------------------------------------|--------------|------------|------------|

 2. The assets listed below are marital assets. Each party shall keep, as his or her own, the assets
 awarded in this section, and the other party shall have no further rights or responsibilities regarding
 these assets. Any personal item(s) not listed below are awarded to the party currently in
 possession or control of the item(s).

|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| | Current Fair | | Husband |
| ASSETS: DESCRIPTION OF ITEM(S) | Market | Wife Shall | Shall Receive |
| (Describe each item as clearly as possible. You do not need to list account numbers.) | Value | Receive | |
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Cash (on hand or in banks/credit unions) | $ | $ | $ |
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Stocks/bonds | |
|-----------------------------------------------------------------------------------------| |
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Notes |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Business interests |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Real estate: (Home) |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Automobiles |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Boats |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Furniture & furnishings |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Jewelry |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|

*1021
| Life insurance (cash surrender value) |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Retirement Plans (Profit sharing, Pension, IRA, 401(k)s, etc.) |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
| Other assets |--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|
|_________________________________________________________________________________________|______________|____________|_______________|
| Total Marital Assets | $ | $ | $ |
|-----------------------------------------------------------------------------------------|--------------|------------|---------------|

C. Division of Liabilities/Debts.
 1. The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each
 party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party
 shall have no responsibilities regarding these debts.

|-----------------------------------------------------------------------------------------|---------|------------|------------|
| | Current | Wife's | Husband's |
| LIABILITIES: DESCRIPTION OF DEBT(S) | Amount | Nonmarital | Nonmarital |
| (Describe each item as clearly as possible. You do not need to list account numbers.) | Owed | Liability | Liability |
|-----------------------------------------------------------------------------------------|---------|------------|------------|
| | $ | $ | $ |
|-----------------------------------------------------------------------------------------|---------|------------|------------|
|-----------------------------------------------------------------------------------------|---------|------------|------------|
|-----------------------------------------------------------------------------------------|---------|------------|------------|
|-----------------------------------------------------------------------------------------| | | |
|_________________________________________________________________________________________|_________|____________|____________|
| Total Nonmarital Liabilities | $ | $ | $ |
|-----------------------------------------------------------------------------------------|---------|------------|------------|

 2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall
 hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.

*1022
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| | Current | | |
| LIABILITIES: DESCRIPTION OF DEBT(S) | Amount | Wife | Husband |
| (Describe each item as clearly as possible. You do not need to list account numbers.) | Owed | Shall Pay | Shall Pay |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| Mortgages on real estate: (Home) | $ | $ | $ |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| (Other) |---------|-----------|-----------|
|-----------------------------------------------------------------------------------------| | | |
| Charge/credit card accounts | | | |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| Auto loan | | | |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| Auto loan | | | |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| Bank/Credit Union loans | | | |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| Other | | | |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
|_________________________________________________________________________________________|_________|___________|___________|
| Total Marital Liabilities | | | |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|
| | $ | $ | $ |
|-----------------------------------------------------------------------------------------|---------|-----------|-----------|

D. Contingent assets and liabilities will be divided as follows: _______________________
_______________________________________________________________________________________
_______________________________________________________________________________________
E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not
 receive approximately one-half, the distribution is based on the following facts and reasoning:
_______________________________________________________________________________________
_______________________________________________________________________________________
_______________________________________________________________________________________
_______________________________________________________________________________________
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[Choose all that apply]
*1023
1. ___ ( ) Petitioner ( ) Respondent, as a condition of support, shall have exclusive use and
 possession of the dwelling located at the following address: _________________________________
 _______________________________________________________________________________________ Until:
{date or event} _________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
__________________________________________________________________________________________
2. ___ ( ) Petitioner ( ) Respondent may make visits to the premises described in the paragraph
 above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur
 after notice to the person granted exclusive use and possession of the dwelling and at the earliest
 convenience of both parties or as ordered in paragraph 4 below.
3. ___ Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and
 the net proceeds divided_% to Petitioner and_% to Respondent, with the following credits
 and/or setoffs being allowed: ________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
4. ___ Other: ________________________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH
DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine parental responsibility, to establish or_adopt a
 Parenting Plan, and a time-sharing schedule with regard to the minor child(ren) listed in paragraph 2
 below.
2. The parties' dependent or minor child(ren) is (are):
Name Birth date
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
3. Parenting Plan. The parties shall comply with the Parenting Plan which is attached and incorporated
 herein as Exhibit ___.
*1024
SECTION IV. ALIMONY
1. ( ) The Court denies the request(s) for alimony;
 OR
( ) The Court finds that ( ) Petitioner ( ) Respondent has a need for, and that
( ) Petitioner ( ) Respondent (hereinafter Obligor) has/had the present ability to pay, alimony as
follows:
[Choose all that apply]
 a. ___ Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the
 amount of $_______ per month, payable ( ) in accordance with Obligor's employer's payroll
 cycle, and in any event, at least once a month ( ) other {explain} ____________________________
beginning {date} ____________. This alimony shall continue until modified by court order, the
death of either party, or remarriage of Obligee, whichever occurs first.
 b. ___ Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $ ________.
This amount shall be paid as follows; __________________________________________________________
 c. ___ Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $______
 per month, payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event,
 at least once a month ( ) other {explain} __________________________________________
beginning {date} ___________. This rehabilitative alimony shall continue until modified by
court order, the death of either party or until {date/event} _____________________________,
whichever occurs first. The rehabilitative plan presented demonstrated the following: _______________
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
 d. ___ Retroactive. Obligor shall pay retroactive alimony in the amount of $___ for the
 period of {date} ___, through {date} _____________, which shall be paid
 pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in
 awarding/denying alimony:
 a. The standard of living established during the marriage;
 b. The duration of the marriage;
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and marital assets and liabilities
 distributed to each;
 e. The contribution of each party to the marriage, including, but not limited to, services rendered
 in homemaking, child care, education, and career building of the other party; and
 f. All sources of income available to either party.
Additionally, the Court has considered the following factors in reaching its decision:
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
______ Please indicate here if additional pages are attached.
*1025
3. Arrearage/Retroactive Alimony.
[Choose one only]
 a. ___ There is no alimony arrearage at the time of this Final Judgment.
 b. ___ The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony arrearage of:
 $_______ for retroactive alimony, as of {date} _________. $______ for previously
 ordered unpaid alimony, as of {date} _____________. The total of $______ in alimony
 arrearage shall be repaid in the amount of $_____ per month, payable ( ) in accordance with
 Obligor's employer's payroll cycle, and in any event at least once a month ( ) other {explain}
 _______________________________________________________________________________________________
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
 beginning {date} ___________, until paid in full including statutory interest.
4. Insurance.
[Choose all that apply]
 a. ___ Hearth Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance
 premiums for the other party not to exceed $________ per month. Further, ( ) Petitioner
 ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other
 party not to exceed $________ per year. As to these uninsured medical expenses, the party
 who is entitled to reimbursement of the uninsured medical expense shall submit request for
 reimbursement to the other party within 30 days, and the other party shall, within 30 days after
 receipt, submit the applicable reimbursement for that expense.
 b. ___ Life Insurance (to secure payment of support). To secure the alimony obligations set forth
 in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee as the sole
 irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of
 at least $________ and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony:
_____________________________________________________________________________________________________
_____________________________________________________________________________________________________
___________________________________________________________________________________________________________
________________________________________________________________________________________________.
SECTION V. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father
 (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support
 Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( )
 Mother ( ) Father are correct;
 OR
 the Court makes the following findings: The Mother's net monthly income is $______, (Child Support
 Guidelines %). The Fathers net monthly income is $_______, (Child Support Guidelines %). Monthly
 child care costs are $_______. Monthly health/dental insurance costs are $______.
*1026
2. Amount. Obligor shall be obligated to pay child support in the amount of $______, per month
 payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least once a
 month ( ) other {explain}: _________________________________________________________
___________________________________________________________________________________________
beginning {date} ___________ and continuing until either:
( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries, joins
the armed services, or dies,;
 OR
( ) one of the minor children reaches the age of 18, become(s) emancipated, marries, joins the armed
services, or dies, and either party files a supplemental petition to modify child support and the court
enters such an order;
 OR
( ) {date/event} ___________________________________________________________________________,
{explain} __________________________________________________________________________________.
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which
support that deviation are: _________________________________________________________________________
___________________________________________________________________________________________________________
___________________________________________________________________________________________________________
3. Arrearage/Retroactive Child Support.
[Choose one only]
 a. ___ There is no child support arrearage at the time of this Final Judgment.
 b. ___ The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
 $________ for retroactive child support, as of {date} ______. $______ for previously
 ordered unpaid child support, as of {date} ________. The total of $_______in child
 support arrearage shall be repaid in the amount of $_____ per month, payable ( ) in
 accordance with Obligor's employer's payroll cycle, and in any event at least once a month ( )
 other {explain} ______________________________________________________________________
________________________________________________________________________________________________
beginning {date} ____________________, until paid in full including statutory interest.
*1027
4. Insurance.
[Choose all that apply]
 a. ___ Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain
( ) health and/or ( ) dental insurance for the parties' minor child(ren), so long as reasonable in cost
and accessible to the child(ren). The party providing insurance shall be required to convey insurance
cards demonstrating said coverage to the other party;
OR
( ) health and/or ( ) dental insurance is not reasonable in cost and accessible to the child(ren) at this
time.
 b. ___ Reasonable and necessary uninsured medical/dental/prescription drug costs for
 the minor child(ren) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}:
___________________________________________________________________________________________________
___________________________________________________________________________________________________
As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense
shall submit request for reimbursement to the other party within 30 days, and the other party, within 30
days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule
of reimbursement set out in this paragraph.
5. ___ Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance , in an
 amount of at least $______, on ( ) his life ( ) her life ( ) his/her life naming ( ) minor child(ren)
 as the beneficiary(ies) OR naming the ( ) Mother ( ) Father ( ) other
{name} __________________________________________________________________________________ as
Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life
insurance shall continue until the youngest child turns 18, becomes emancipated, marries, joins the
armed services, or dies.
6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall be as
 follows: ____________________________________________________________________________________________
______________________________________________________________________________________________________
Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this
paragraph.
7. Other provisions relating to child support: ____________________________
___________________________________________________________________________________
___________________________________________________________________________________
*1028
SECTION VI. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[Choose if applies]
 a. ___ Obligor shall pay court-ordered support directly to the Central Governmental Depository in
 {name} _________________________ County, along with any depository service charge.
 b. ___ Both parties have requested and the court finds that it Is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository pursuant to
 section 61.13(1)(d)3, Florida Statutes, to require payments through the Central Governmental
 Depository.
2. Income Deduction.
 [Choose If applies]
 a. ___ Immediate. Obligor shall pay through Income deduction, pursuant to a separate Income
 Deduction Order which shall be effective immediately. Obligor is individually responsible for
 paying this support obligation until all of said support is deducted from Obligor's Income. Until
 support payments are deducted from Obligor's paycheck, Obligor is responsible for making
 timely payments directly to the Central Governmental Depository or the Obligee, as previously
 set forth in this order.
 b. ___ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $______, or, if not specified, an amount equal to one month's obligation
 occurs. Income deduction is not being implemented immediately based on the following
 findings: Income deduction is not in the best interests of the child(ren) because: {explain}
 ________________________________________________________________________________________________
________________________________________________________________________________________________
________________________________________________________________________________________________
AND
there Is proof of timely payment of a previously ordered obligation without an income deduction order
in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change
in payor and health insurance
OR
( ) there is a signed written agreement providing an alternative arrangement between the Obligor and
the Obligee.
3. Bonus/one-time payments. ( ) All ( ) _____________________% ( ) No income paid in the form
 of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining
 balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the
 payment method prescribed above.
*1029
4. Other provisions relating to method of payment. ________________________________________
____________________________________________________________________________________________________
____________________________________________________________________________________________________
SECTION VII. ATTORNEY FEES, COSTS, AND 5UIT MONEY
1. ___ ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit money is (are)
 denied because ________________________________________________________________________________________________
______________________________________________________________________________________________________________
2. ___ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( )
 Petitioner ( ) Respondent is hereby ordered to pay to the other party $______ in attorney fees,
 and $_____ in costs. The Court further finds that the attorney fees awarded are based on the
 reasonable rate of $______ per hour and ________ reasonable hours. Other provisions relating
 to attorney fees, costs, and suit money are as follows: ____________________________________________
____________________________________________________________________________________________________
____________________________________________________________________________________________________
SECTION VIII. OTHER PROVISIONS
1. Former Name. The wife's former name of {full name} ____________________________ is
 restored.
2. Other Provisions. _________________________________________________________________________
_____________________________________________________________________________________________________
_______________________________________________________________________________________________
3. The Court reserves jurisdiction to modify and enforce this Final Judgment.
DONE AND ORDERED at _____________________________, Florida, on ______________.
 ____________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} _____________________________________ was [Choose one
only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
{date} _____________________ by {clerk of court or designee} ________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other _______________________________
*1030
 IN THE CIRCUIT COURT OF THE _________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.
 SUPPLEMENTAL FINAL JUDGMENT MODIFYING PARENTAL RESPONSIBILITY, VISITATION, OR
 PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF
This cause came before this Court on a Supplemental Petition to Modify Parental Responsibility,
Visitation, or Parenting Plan/Tlme-Sharing Schedule and Other Relief. The Court, having reviewed the
file, having heard the testimony, and being otherwise fully advised, makes these findings of fact and
reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order establishing or modifying parental responsibility, visitation, a Parenting Plan, or timesharing
 was entered on {date} __________________.
3. There has been a substantial change in circumstances of the parties since the entry of the last order,
 specifically: _____________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
4. It is in the best interests of the minor child(ren) that the current parental responsibility, visitation,
 time-sharing schedule or Parenting Plan be changed because: ________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
*1031
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
___________________________________________________________________________________________
SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH
DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine parental responsibility, to establish or approve
 a Parenting Plan, and time-sharing with regard to the parties' minor child(ren) listed in paragraph 2
 below.
2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
3. Parenting Plan. The parties shall comply with the Parenting Plan which is attached and
 incorporated herein as Exhibit ___.
SECTION III. CHILD SUPPORT
1. Modification of Child Support
 [Choose one only]
 a. ___ The modification of parental responsibility or time-sharing entered above does not
 necessitate a modification of child support. The previous order or final judgment establishing or
 modifying child support shall remain in effect.
 b. ___ The Court finds that there is a need for modification of child support and that the ( )
 Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The
 amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure
 Form 12.902(e), filed by the ( ) Mother ( ) Father are correct OR the Court makes the
 following findings: The Mother's net monthly income is $_______, (Child Support
 Guidelines___%). The Father's net monthly income is $___________, (Child Support Guidelines
 ___%). Monthly child care costs are $________ Monthly health/dental insurance costs are
 $___________.
*1032
2. Amount Obligor shall be obligated to pay child support in the amount of $___________, per
 month payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least
 once a month ( ) other {explain}: ______________________________________________________
 ____________________________________________________________________________________________________
 beginning {date} ______________, and continuing until either:
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries,
 joins the armed services, or dies,;
 OR
 ( ) one of the minor children reaches the age of 18, become(s) emancipated, marries, joins the
 armed services, or dies, and either party files a supplemental petition to modify child support and
 the court enters such an order;
 OR
 ( ) {date/event} _____________________________________________________________,
 {explain} ___________________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: _____________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
3. Arrearage/Retroactive Child Support.
 [Choose one only]
 a. ___ There is no child support arrearage at the time of this Supplemental Final Judgment.
 b. ___ The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
 $__________ for retroactive child support, as of {date} _________. $ _____________ for
 previously ordered unpaid child support, as of {date} _________. The total of
 $____________ in child support arrearage shall be repaid in the amount of
 $_____________, per month payable ( ) in accordance with Obligor's employer's payroll
 cycle, and in any event at least once a month ( ) other {explain} _____________________
 beginning {date} ____________________ until paid in full including statutory interest.
4. Insurance.
 [Choose all that apply]
 a. ___ Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain
 ( ) health and/or ( ) dental insurance for the parties' minor child(ren), so long as reasonable
 in cost and accessible to the children. The party providing insurance shall be required to convey
 insurance cards demonstrating said coverage to the other party;
 OR
 ( ) health and/or ( ) dental insurance is not reasonable in cost and accessible to the children
 at this time.
*1033
 b. ___ Reasonable and necessary uninsured medical/dental/prescription drug costs for
 the minor child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: _______________________________________________________________________
 ___________________________________________________________________________________________________ As
 to these uninsured medical/dental/prescription drug expenses, the party who Incurs the
 expense shall submit a request for reimbursement to the other party within 30 days, and the
 other party, within 30 days of receipt, shall submit the applicable reimbursement for that
 expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance, in an
 amount of at least $______, on ( ) his life ( ) her life ( ) his/her life naming the
 ( ) minor child(ren) as the beneficiary(ies) OR naming the ( ) Mother ( ) Father ( ) other
 {name} _______________________________________________________________ as
 Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life
 insurance shall continue until the first of the parties' minor children reaches the age of 18 or until
 one of the parties' children becomes emancipated, marries, joins the armed services, or dies,, at
 which time the amount of life insurance shall be recomputed.
6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall be as
 follows: _____________________________________________________________________________________________________
 _____________________________________________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this
 paragraph.
7. Other provisions relating to child support: _______________________________________________________
 ______________________________________________________________________________________________________________
 ______________________________________________________________________________________________________________
SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered child support and arrears, if any, as follows:
1. Central Governmental Depository.
[Choose If applies]
 a. ___ Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name of county} _____________________ County, along with any
 depository service charge,
 b. ___ Both parties have requested and the court finds that it is in the best interests of the
child(ren) that support payments need not be directed through the Central Governmental Depository.
However, either party may subsequently apply to the depository pursuant to section 61.13(1)(d)3,
Florida Statutes, to require payments through the Central Governmental Depository.
*1034
2. Income Deduction.
 [Choose If applies]
 a. ___ Immediate. Obligor shall pay through income deduction, pursuant to a separate Income
 Deduction Order which shall be effective immediately. Obligor is individually responsible for
 paying this support obligation until all of said support is deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck. Obligor is responsible for making
 timely payments directly to the Central Governmental Depository or the Obligee, as previously
 set forth in this order.
 b. ___ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $___________, or, if not specified, an amount equal to one month's obligation
 occurs. Income deduction is not being implemented immediately based on the following
 findings: Income deduction is not in the best interests of the child(ren) because: {explain}
 _________________________________________________________________________________________________________
 _________________________________________________________________________________________________________,
 AND
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order,
 AND
 ( ) there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR ( ) there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( ) ___________% ( ) No income paid in the form of a bonus
 or other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
4. Other provisions relating to method of payment. ___________________________________________________
 ______________________________________________________________________________________________________________
 ______________________________________________________________________________________________________________
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
1. ___ ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit money is (are)
 denied because _______________________________________________________________________________________________
 _____________________________________________________________________________________________________________.
2. ___ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( )
 Petitioner ( ) Respondent is hereby ordered to pay to the other party $_________ in attorney
 fees, and $__________ in costs. The Court further finds that the attorney fees awarded are based
 on the reasonable rate of $__________ per hour and __________. reasonable hours. Other
 provisions relating to attorney fees, costs, and suit money are as follows: ___________________
 ______________________________________________________________________________________________________________
 ______________________________________________________________________________________________________________
*1035
SECTION VI. OTHER
1. Other Provisions. ____________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final
 judgments or orders in effect remain the same.
DONE AND ORDERED at _______________________, Florida, on______________________.
 ______________________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} __________________________________ was
[Choose only one] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
{date} _________ by {clerk of court or designee} ______________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: ____________________________
*1036
 IN THE CIRCUIT COURT OF THE _________________________ JUDICIAL CIRCUIT,
 IN AND FOR __________________________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
___________________________________,
 Petitioner,
 and
___________________________________,
 Respondent.
 SUPPLEMENTAL FINAL JUDGMENT MODIFYING CHILD SUPPORT
This cause came before this Court on a Supplemental Petition for Modification of Child Support. The
Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being
otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The parties' dependent or minor child(ren) is (are);
 Name Birth date
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
3. The last order awarding or modifying child support was entered on {date} _______
4. There has been a substantial change in circumstances of the parties since the entry of the last
 order, specifically: _____________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
5. It is in the best interests of the minor child(ren) that the current child support order be changed
 because: __________________________________________________________________________________
 ________________________________________________________________________________________________
*1037
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 _______________________________________________________________________________________________.
SECTION II. CHILD SUPPORT
 1. The Court finds that there is a need for modification of child support and that the ( ) Mother
 ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
 filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The
 Mother's net monthly income is $______, (Child Support Guidelines ______%). The Father's
 net monthly income is $_______, (Child Support Guidelines __________%). Monthly child care
 costs are $________. Monthly health/dental insurance costs are
 $__________________.
 2. Amount. Obligor shall be obligated to pay child support in the amount of $ _____, per month
 payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least once a
 month ( ) other {explain} __________________________________________________________
 beginning {date} _____________, and continuing until:
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated,
 marries, joins the armed services, or dies,;
 OR
 ( ) one of the minor children reaches the age of 18, become(s) emancipated, marries, joins the
 armed services, or dies, and either party files a supplemental petition to modify child support
 and the court enters such an order;
 OR
 ( ) {date/event} _______________________________________________________________,
 {explain} _______________________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: _________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
3. Arrearage/Retroactive Child Support.
 [Choose one only]
 a. ___ There is no child support arrearage at the time of this Supplemental Final Judgment.
 b. ___ ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
 $______ for retroactive child support, as of {date} ________________. $____________
 for previously ordered unpaid child support, as of {date} ____________ The total of
 $__________ in child support arrearage shall be repaid in the amount of $________, per
 month payable ( ) in accordance with his or her employer's payroll cycle, and in any
*1038
 event at least once a month ( ) other (explain) ___________________________
 ____________________________________________________________________________________
 beginning {date} ______________, until paid in full including statutory interest.
4. Insurance.
 [Choose all that apply]
 a. ___ Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain
 ( ) health ( ) dental insurance for the parties' minor child(ren), so long as it is reasonable
 in cost and accessible to the child(ren). The party providing insurance shall be required to
 convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( )
 Dental insurance is not reasonably available at this time.
 b. ___ Reasonable and necessary uninsured medical/dental/prescription costs for the minor
 child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: _____________________________________________________________
 ___________________________________________________________________________________________
 As to these uninsured medical/dental/prescription expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30 days, and
 the other party, within 30 days of receipt, shall submit the applicable reimbursement for
 that expense, according to the schedule of reimbursement set out in this paragraph.
 5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, ( ) Mother ( ) Father ( ) Each party shall maintain life insurance coverage, in a
 amount of at least $________, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor
 child(ren) as the beneficiary(ies) OR naming the ( ) Mother ( ) Father ( ) other
 {name} _________________________________________________________________________ as
 Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the
 life insurance coverage shall continue until the first of the parties' minor children reaches the age
 of 18 or until one of the parties' children becomes emancipated, marries, joins the armed services,
 or dies,, at which time the amount of life insurance coverage shall be recomputed.
 6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall be
 as follows: ____________________________________________________________________
 ____________________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: ______________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
SECTION III. METHOD OF PAYMENT
1. Central Governmental Depository.
 [Choose if applies]
*1039
 a. ___ Obligor shall pay court-ordered support directly to the Central Governmental Depository
 in {name of county} _____________ County, along with any depository service charge.
 b. ___ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository pursuant to
 section 61.13(1)(d)3, Florida Statutes, to require payments through the Central
 Governmental Depository.
2. Income Deduction.
 [Choose if applies]
 a. ___ Immediate. Obligor shall pay through Income deduction, pursuant to a separate Income
 Deduction Order which shall be effective immediately. Obligor is individually responsible for
 paying this support obligation until all of said support is deducted from Obligor's income.
 Until support payments are deducted from Obligor's paycheck, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository or the Obligee, as
 previously set forth in this order.
 b. ___ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $________, or, if not specified, an amount equal to one month's obligation
 occurs. Income deduction is not being implemented immediately based on the following
 findings: Income deduction is not in the best interests of the child(ren) because: {explain} ___
 ______________________________________________________________________________________________________.
 AND
 ______________________________________________________________________________________________________.
 there is proof of timely payment of a previously ordered obligation without an income
 deduction order,
 AND
 ( ) there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR ( ) there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( ) ____________% ( ) No income paid in the form of a
 bonus or other similar one-time payment, up to the amount of any arrearage or the remaining
 balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the
 payment method prescribed above.
4. Other provisions relating to method of payment ________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
*1040
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ___ ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit money is
 (are) denied because ___________________________________________________________________
 _____________________________________________________________________________________
 2. ___ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money.
 ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $________ in
 attorney fees, and $________ in costs. The Court further finds that the attorney fees awarded
 are based on the reasonable rate of $_______ per hour and _______ reasonable hours.
 Other provisions relating to attorney fees, costs, and suit money are as follows:
 _______________________________________________________________________________
 _______________________________________________________________________________
SECTION V. OTHER
1. Other Provisions. ________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
 _______________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final
 judgments or orders in effect remain the same.
 DONE AND ORDERED at______________________, Florida, on ______________.
 ___________________________________
 CIRCUIT JUDGE
A copy of the {name of document(s)} ________________________ was
[Choose only one] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
{date} ___________ by {clerk of court or designee} _____________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _____________________________
*1041
 IN THE CIRCUIT COURT OF THE __________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: __________________
 Division: __________________
_________________________________,
 Petitioner,
 and
_________________________________,
 Respondent.

SUPPLEMENTAL TEMPORARY JUDGMENT MODIFYING PARENTING ISSUES FOR CHILD(REN) OF A PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE
 This cause came before this Court on a Supplemental Petition for Temporary Modification of
Custody or Parenting Plan/Time-Sharing Schedule for Child(ren) of a Parent Activated, Deployed, or
Temporarily Assigned to Military Service. The Court, having reviewed the file, heard the testimony, and
being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order establishing or modifying parental responsibility, visitation, or time-sharing was
 entered on {date} _______________________.
3. There is clear and convincing evidence that it is in the best interests of the minor child(ren) that the
 current order establishing parental responsibility, visitation, and time-sharing be temporarily
 modified as the ( ) Mother ( ) Father is activated, deployed, or temporarily assigned to military
 service. Specifically:
 ________________________________________________________________________
 ________________________________________________________________________
 ________________________________________________________________________.
SECTION II. TEMPORARY PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
WITH DEPENDENT OR MINOR CHILD(REN)
*1042
1. Jurisdiction. The Court has jurisdiction to determine parental responsibility, to establish or approve
 a Parenting Plan, and time-sharing with regards to the parties' minor child(ren) listed in paragraph 2
 below.
2. The parties' dependent or minor child(ren) is (are):
 Name Birth date
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________
3. Parenting Plan. The parties shall comply with the temporary Parenting Plan which is attached and
 incorporated herein as Exhibit ____.
SECTION III. CHILD SUPPORT
1. Temporary Modification of Child Support.
 [Choose one only]
 a. ____ The ( ) Mother's ( ) Father's current obligation to pay child support is:(Choose only
 one)
 ( ) Abated
 ( ) Suspended
 ( ) Modified to $ ______________ per _____________.
 b. ____ The Court finds that there is a need for temporary modification of child support and
 that the service member ( ) Mother ( ) Father (hereinafter Obligor) has the present
 ability to pay child support. The amounts in the Child Support Guidelines Worksheet,
 Florida Family Law Rules of Procedure Form 12.902(e), filed by the ( ) Mother ( )
 Father are correct OR the Court makes the following findings: The Mother's net
 monthly income is $________, (Child Support Guidelines______%). The Father's net
 monthly income is $_________, (Child Support Guidelines____%). Monthly child
 care costs are $__________. Monthly health/dental insurance costs are
 $_________________.
2. Amount. Obligor shall be obligated to pay child support in the amount of $_______, per month
 payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least once a
 month ( ) other {explain}: _______________________________________________
 ___________________________________________________________________________________
 beginning {date} __________, and continuing either until:
 ( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated,
*1043
 marries, joins the armed services, or dies;
 OR
 ( ) one of the minor children reaches the age of 18, become(s) emancipated, marries, joins the
 armed services, or dies, and either party files a supplemental petition to modify child support
 and the court enters such an order;
 OR
 ( ) upon the service member parent's return from active military service, deployment, or
 temporary assignment;
 OR
 ( ) {date/event} _____________________________________________________________,
 {explain} ____________________________________________________________________.
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: _________________________________________________________
 ___________________________________________________________________________________________
 ___________________________________________________________________________________________
3. Arrearage/Retroactive Child Support.
 [Choose one only]
 a. ____ There is no child support arrearage at the time of this Supplemental Temporary Judgment.
 b. ____ The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
 $___________ for retroactive child support, as of {date} _____________. $ ________
 for previously ordered unpaid child support, as of {date} ___________. The total of
 $___________ in child support arrearage shall be repaid in the amount of $________, per
 month payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at
 least once a month ( ) other {explain} _________________________________________
 _______________________________________________________________________________
 beginning {date} _____________, until paid in full including statutory interest.
4. Insurance.
 [Choose all that apply]
 a. ____ Health/Dental Insurance.
 (Choose one only)
 ____ The service member ( ) Mother ( ) Father shall enroll the child(ren) as a military
 dependent(s) with DEERs, TriCare, or other similar benefits available to military dependents as
 provided by the service member's branch or service and federal regulations;
 OR
 ____ The ( ) Mother ( ) Father shall maintain ( ) health and/or ( ) dental insurance for the
 parties' minor child(ren), so long as it is reasonable in cost and accessible to the children . The
*1044
 party providing insurance shall be required to convey insurance cards demonstrating said
 insurance to the other party;
 OR
 ____ ( ) Health ( ) dental insurance is not reasonable in cost and accessible to the child(ren)
 at this time.
 b. ____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor
 child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: _________________________________________________
 _______________________________________________________________________________
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30 days, and the
 other party, within 30 days of receipt, shall submit the applicable reimbursement for that
 expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, ( ) Mother( ) Father ( ) Each party shall maintain life insurance, in an amount of at
 least $______, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor child(ren) as the
 beneficiary(ies) OR naming the ( ) Mother ( ) Father ( ) other {name}
 ________________________________________________ as Trustee for the minor child(ren), so long
 as reasonably available. The obligation to maintain the life insurance coverage shall continue until
 the first of the parties' minor children reaches the age of 18, until one of the parties' children
 becomes emancipated, marries, joins the armed services, or dies, at which time the amount of life
 insurance shall be recomputed, or until the temporary child support obligation is terminated.
6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall be as
 follows: ______________________________________________________________________
 _______________________________________________________________________________
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this
 paragraph.
7. Other provisions relating to child support: _______________________________
 ______________________________________________________________________________________
 ______________________________________________________________________________________
SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered child support and arrears, if any, as follows:
1. Central Governmental Depository.
 [Choose if applies]
*1045
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental Depository in
 {name of county} ____________ County, along with any depository service charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository pursuant to
 section 61.13(1)(d)3, Florida Statutes, to require payments through the Central Governmental
 Depository.
2. Income Deduction.
 [Choose if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate Income
 Deduction Order which shall be effective immediately. Obligor is individually responsible for
 paying this support obligation until all of said support is deducted from Obligor's income. Until
 support payments are deducted from Obligor's paycheck, Obligor is responsible for making
 timely payments directly to the Central Governmental Depository or the Obligee, as previously
 set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $______, or, if not specified, an amount equal to one month's
 obligation occurs. Income deduction is not being implemented immediately based on the
 following findings: Income deduction is not in the best interests of the child(ren) because:
 {explain}
 ______________________________________________________________________________
 ______________________________________________________________________________
 AND
 ( ) there is proof of timely payment of a previously ordered obligation without an income
 deduction order,
 AND
 ( ) there is an agreement by the Obligor to advise the central governmental depository of any
 change in payor and health insurance OR ( ) there is a signed written agreement providing an
 alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( ) _____% ( ) No income paid in the form of a bonus or
 other similar one-time payment, up to the amount of any arrearage or the remaining balance
 thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment
 method prescribed above.
4. Other provisions relating to method of payment. __________________________________
 _____________________________________________________________________________________________
 _____________________________________________________________________________________________
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY
1. ____ ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit money is (are)
*1046
 denied because ______________________________________________________________________________
 _____________________________________________________________________________________________.
2. ____ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money.
 ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $______ in attorney
 fees, and $______ in costs. The Court further finds that the attorney fees awarded are based on
 the reasonable rate of $______ per hour and ______ reasonable hours. Other provisions
 relating to attorney fees, costs, and suit money are as follows: _______________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
SECTION VI. OTHER
1. Other Provisions. ______________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
2. The Court reserves jurisdiction to modify and enforce this Supplemental Temporary Judgment.
3. Unless specifically modified by this supplemental temporary judgment, the provisions of all final
 judgments or orders in effect remain the same.
 DONE AND ORDERED at _________________________, Florida, on __________.
 _______________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} _________________________________
was [Choose only one] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
{date}__________ by {clerk of court or designee} ________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: ___________________________
*1047
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR ____________________ COUNTY, FLORIDA
 Case No.: ________________________
 Division: ________________________
_____________________________,
 Petitioner,
 and
_____________________________,
 Respondent.
 FINAL JUDGMENT FOR SUPPORT UNCONNECTED
 WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
 This cause came before this Court on a Petition for Support Unconnected with Dissolution of
Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the
testimony, makes these findings of fact and reaches these conclusions of law:
 1. The Court has jurisdiction over the subject matter and the parties.
 2. The following child(ren) are common to the parties:
 Name Birth date
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
SECTION I. ALIMONY
 1. ( ) The Court denies the request(s) for alimony.
 OR
 ( ) The Court finds that there is a need for alimony and that Respondent has/had the ability to
 support Petitioner and has failed to do so. Respondent (hereinafter Obligor) has the present
 ability to pay alimony as follows:
 [Choose all that apply]
 a. ____ Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the
 amount of $_______ per month, payable ( ) in accordance with Obligor's
 employer's payroll cycle, and in any event, at least once a month ( ) other {explain} ____
 ___________________________________________________________________________________________________
*1048
 beginning {date} ________________. This alimony shall continue until modified by court
 order, the death of either party, or remarriage of Obligee, whichever occurs first.
 b. ____ Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $____.
 This amount shall be paid as follows: ______________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 c. ____ Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of
 $_______ per month, payable ( ) in accordance with Obligor's employer's payroll cycle,
 and in any event, at least once a month ( ) other {explain} _________________
 beginning {date} ___________. This rehabilitative alimony shall continue until modified by
 court order, the death of either party or until {date/event} ___________________,
 whichever occurs first. The rehabilitative plan presented demonstrated the following: ___________
 _________________________________________________________________________________________________
 _________________________________________________________________________________________________
 d. ____ Retroactive. Obligor shall pay retroactive alimony in the amount of $ _______
 for the period of {date} ___________, through {date} ___________, which
 shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following
 in awarding/denying alimony:
 a. The standard of living established during the marriage;
 b. The duration of the marriage;
 c. The age and the physical and emotional condition of each party;
 d. The financial resources of each party, the nonmarital and the marital assets and liabilities
 distributed to each;
 e. The contribution of each party to the marriage, including, but not limited to, services
 rendered in homemaking, child care, education, and career building of the other party; and
 f. All sources of income available to either party.
 Additionally, the Court has considered the following factors in reaching its decision: _______
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______________________________________________________________________________________________
 ______ Please indicate here if additional pages are attached.
3. Arrearage/Retroactive Alimony.
 [Choose one only]
 a. There is no alimony arrearage at the time of this Final Judgment.
 b. Respondent shall pay to Petitioner the alimony arrearage of: $______ for retroactive
 alimony, as of {date} __________. $ ________ for previously ordered unpaid alimony, as of
 {date} __________. The total of $ _______ in alimony arrearage shall be repaid in the
 amount of $______ per month, payable ( ) in accordance with Obligor's employer's payroll
 cycle, and in any event, at least once a month ( ) other {explain} ______________
 beginning {date} __________, until paid in full including statutory interest.
*1049
 [Choose all that apply]
 a. ____ Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health
 insurance premiums for the other party not to exceed $______ per month. Further,
 ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical
 costs for the other party not to exceed $______ per year. As to these uninsured medical
 expenses, the party who is entitled to reimbursement of the uninsured medical expense
 shall submit a request for reimbursement to the other party within 30 days, and the other
 party shall, within 30 days after receipt, submit the applicable reimbursement for that
 expense.
 b. ____ Life Insurance (to secure payment of support). To secure the alimony obligations set
 forth in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee
 as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in
 the amount of at least $______ and shall remain in effect until the obligation for alimony
 terminates.
 5. Other provisions relating to alimony: __________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________.
SECTION II. CHILD SUPPORT
 1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father
 (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child
 Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by
 the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother's
 net monthly income is $ _____,(Child Support Guidelines ______%). The Father's net monthly
 income is $______, (Child Support Guidelines ______%). Monthly child care costs are $______
 ______. Monthly health/dental insurance costs are $______.
 2. Amount. Obligor shall be obligated to pay child support in the amount of $______, per month
 payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least once
 a month ( ) other {explain}: ___________________________________________________________
 _________________________________________________________________________________________________,
 beginning {date} _________, and continuing
 ( ) until the first of the parties' minor children reaches the age of 18 or until one of the parties'
 children becomes emancipated, marries, joins the armed services, or dies, at which time the
 child support shall be recomputed under the then current Child Support Guidelines
 OR
 ( ) until {date/event} _____________________________________________________,
 {explain} __________________________________________________________________.
*1050
 If the child support ordered deviates from the guidelines by more than 5%, the factual findings
 which support that deviation are: _____________________________________________________________
 _______________________________________________________________________________________________
 _______________________________________________________________________________________________
 3. Arrearage/Retroactive Child Support.
 [Choose one only]
 a. ____ There is no child support arrearage at the time of this Final Judgment.
 b. ____ The ( ) Mother ( ) Father shall pay to the other party the child support for previously
 ordered unpaid child support, as of {date} __________. The total of $ __________ child
 support arrearage shall be repaid in the amount of $ _________ per month, payable ( )
 in accordance with Obligor's employer's payroll cycle, and in any event, at least once a
 month ( ) other {explain} _____________________________________________________
 ____________________________________________________________________________________________
 beginning {date} __________, until paid in full including statutory interest.
 4. Insurance.
 [Choose all that apply]
 a. ____ Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain
 ( ) health and/or ( ) dental insurance for the parties' minor child(ren), so long as it is
 reasonable in cost and accessible to the child(ren). The party providing insurance shall be
 required to convey insurance cards demonstrating said insurance to the other party.
 OR
 ( ) health ( ) dental insurance is not reasonably available at this time.
 b. ____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the
 minor child(ren) shall be assessed as follows:
 ( ) Shared equally by both parents.
 ( ) Prorated according to the child support guideline percentages.
 ( ) Other {explain}: ____________________________________________________
 __________________________________________________________________________________
 As to these uninsured medical/dental/prescription drug expenses, the party who incurs the
 expense shall submit a request for reimbursement to the other party within 30 days, and
 the other party, within 30 days of receipt, shall submit the applicable reimbursement for
 that expense, according to the schedule of reimbursement set out in this paragraph.
 5. Life Insurance (to secure payment of support). To secure the child support obligations in this
 judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance, in an
 amount of at least $_________, on ( ) his life ( ) her life ( ) his/her life naming the
 ( ) minor child(ren) as the beneficiary(ies) OR naming ( ) Mother ( ) Father ( ) other
 {name}___________________________________________________________________ as
 Trustee for the minor child(ren). The obligation to maintain the life insurance coverage shall
 continue until the youngest child turns 18, becomes emancipated, marries, joins the armed
 services, or dies.
*1051
 6. IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall
 be as follows: ___________________________________________________________________
 __________________________________________________________________________________.
 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of
 this paragraph.
 7. Other provisions relating to child support: ____________________________________________
 ___________________________________________________________________________________________________
 ___________________________________________________________________________________________________
SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
 1. Central Governmental Depository.
 [Choose if applies]
 a. ____ Obligor shall pay court-ordered support directly to the Central Governmental
 Depository in {name} __________ County, along with any depository service
 charge.
 b. ____ Both parties have requested and the court finds that it is in the best interests of the
 child(ren) that support payments need not be directed through the Central Governmental
 Depository. However, either party may subsequently apply to the depository pursuant to
 section 61.08 or 61.13, Florida Statutes, to require payments through the Central
 Governmental Depository.
 2. Income Deduction.
 [Choose if applies]
 a. ____ Immediate. Obligor shall pay through income deduction, pursuant to a separate Income
 Deduction Order which shall be effective immediately. Obligor is individually responsible for
 paying this support obligation until all of said support is deducted from Obligor's income.
 Until support payments are deducted from Obligor's paycheck, Obligor is responsible for
 making timely payments directly to the Central Governmental Depository or the Obligee, as
 previously set forth in this order.
 b. ____ Deferred. Income deduction is ordered this day, but it shall not be effective until a
 delinquency of $_______, or, if not specified, an amount equal to one month's obligation
 occurs. Income deduction is not being implemented immediately based on the following
 findings: Income deduction is not in the best interests of the child(ren) because: {explain}
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________,
 AND
 ( ) there is proof of timely payment of a previously ordered obligation without an income
 deduction order in cases of modification,
 AND
 ( ) there is an agreement by the Obligor to advise the central governmental depository of
 any change in payor and health insurance OR ( ) there is a signed written agreement
 providing an alternative arrangement between the Obligor and the Obligee.
*1052
 3. Bonus/one-time payments. ( ) All ( )________% ( ) No income paid in the form of a
 bonus or other similar one-time payment, up to the amount of any arrearage or the remaining
 balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the
 payment method prescribed above.
 4. Other provisions relating to method of payment. ____________________________________
 _______________________________________________________________________________________________
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
 1. ____ ( ) Petitioner's ( ) Respondent's request(s) for attorney fees, costs, and suit money is
 (are) denied because __________________________________________________________________________
 _______________________________________________________________________________________________.
 2. ____ The Court finds there is a need for and an ability to pay attorney fees, costs, and suit
 money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_______
 in attorney fees, and $______ in costs. The Court further finds that the attorney fees awarded
 are based on the reasonable rate of $____ per hour and ______ reasonable hours. Other
 provisions relating to attorney fees, costs, and suit money are as follows: ____________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
SECTION V. OTHER PROVISIONS
 1. Other Provisions:
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 ________________________________________________________________________________________________
 2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
 DONE AND ORDERED at _____________________, Florida, on __________.
 _____________________________________
 CIRCUIT JUDGE
 A copy of the {name of document(s)} _____________________________
was [Choose only one] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the parties listed below on
{date} __________ by {clerk of court or designee} ______________________________________.
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _________________________

*1053 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a), PARENTING PLAN (12/10)

When should this form be used?
A Parenting Plan is required in all cases involving time-sharing with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. This form or a similar form should be used in the development of a Parenting Plan. If the case involves supervised time-sharing, the Safety Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used.
This form should be typed or printed in black ink. Please either delete or strike-through terms or paragraphs that are inappropriate or inapplicable to your agreement. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes ...
At a minimum, the Parenting Plan must describe in adequate detail:
 How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 The time-sharing schedule arrangements that specify the time that the minor child(ren) will spend with each parent,
 A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
 The methods and technologies that the parents will use to communicate with the child(ren).
The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section *1054 61.13(3), Florida Statutes, including, but not limited to:
 The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
 The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
 The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
 The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
 The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
 The moral fitness of the parents;
 The mental and physical health of the parents;
 The home, school, and community record of the child(ren);
 The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
 The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
 The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
 The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
 Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren).
 Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
 The particular parenting tasks customarily performed by each parent and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
 The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;
*1055  The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
 The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
 The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*1056
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT
 IN AND FOR __________________ COUNTY, FLORIDA
 Case No: _______________________
 Division: _______________________
______________________________
 Petitioner,
 and
______________________________
 Respondent.
 PARENTING PLAN
This Parenting Plan is: (Choose only one)
[ ] A Parenting Plan submitted to the court with the agreement of the parties.
[ ] A proposed Parenting Plan submitted by or on behalf of:
 {Parent's Name} ______________________________.
[ ] A Parenting Plan established by the court.
This Parenting Plan is: (Choose only one)
[ ] A final Parenting Plan established by the court.
[ ] A temporary Parenting Plan established by the court.
[ ] A modification of a prior final Parenting Plan or prior final order.
I. PARENTS
 Mother
 Name: ________________________________________________________________________
 Address: _____________________________________________________________________
 Telephone Number: ____________________________________________________________
 E-Mail: ______________________________________________________________________
 ( ) Address Unknown: (Please indicate here if mother's address is unknown) _____________
 ( ) Address Confidential: (Please indicate here if mother's address and phone numbers are
 confidential pursuant to either a ( ) Final Judgment for Protection Against Domestic Violence, or
 ( ) Other court order __________________________________________________________________________.
 Father
 Name: ________________________________________________________________________________________
 Address: _____________________________________________________________________________________
 Telephone Number: ____________________________________________________________________________
 E-Mail: ______________________________________________________________________________________
 ( ) Address Unknown: (Please indicate here if father's address is unknown) ___________________
*1057
 ( ) Address Confidential: (Please indicate here if father's address and phone numbers are
 confidential pursuant to either a ( ) Final Judgment for Protection Against Domestic Violence or
 ( ) Other court order _____________________________________________________________________.
II. CHILDREN: This Parenting Plan is for the following child(ren) born to, or adopted by the parties: (add
 additional lines as needed)
 Name Date of Birth
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
 ____________________________________________________________________________________________
III. JURISDICTION
 The United States is the country of habitual residence of the child(ren).
 The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody
 Jurisdiction and Enforcement Act.
 This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody
 Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C.
 Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil
 Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all
 other state and federal laws.
 Other: ______________________________________________________________________.
IV. PARENTAL RESPONSIBILITY AND DECISION MAKING
 1. Parental Responsibility (Choose only one)
 [ ] Shared Parental Responsibility.
 It is in the best interests of the child(ren) that the parents confer and jointly make all major
 decisions affecting the welfare of the child(ren). Major decisions include, but are not
 limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities
 unique to this family.
 OR
 [ ] Shared Parental Responsibility with Decision Making Authority
 It is in the best interests of the child(ren) that the parents confer and attempt to agree on
 the major decisions involving the child(ren). If the parents are unable to agree, the
 authority for making major decisions regarding the child(ren) shall be as follows:
 Education/Academic decisions [ ] Mother [ ] Father
 Non-emergency health care [ ] Mother [ ] Father
*1058
 _____________________________ [ ] Mother [ ] Father
 _____________________________ [ ] Mother [ ] Father
 _____________________________ [ ] Mother [ ] Father
 OR
 [ ] Sole Parental Responsibility:
 It is in the best interests of the child(ren) that the [ ] Mother [ ] Father shall have sole
 authority to make major decisions for the child(ren). It is detrimental to the child(ren)
 to have shared parental responsibility.
2. Day-to-Day Decisions
 Unless otherwise specified in this plan, each parent shall make decisions regarding day-to-day
 care and control of each child, including the performance of daily tasks, while the child is with
 that parent. Regardless of the allocation of decision making in this Parenting Plan, either parent
 may make emergency decisions affecting the health or safety of the child(ren) when the child is
 residing with that parent. A parent who makes an emergency decision shall share the decision
 with the other parent as soon as reasonably possible.
3. Extracurricular Activities (Choose all that apply)
 [ ] Either parent may register the child(ren) and allow them to participate in the activity of
 the child(ren)'s choice.
 [ ] The parents must mutually agree to all extracurricular activities.
 [ ] The parent with the minor child(ren) shall transport the minor child(ren) to and/or from
 all mutually agreed upon extracurricular activities, providing all necessary uniforms and
 equipment within the parent's possession.
 [ ] The costs of the extracurricular activities shall be paid by:
 Mother ______% Father ______ %
 [ ] The uniforms and equipment required for the extracurricular activities shall be paid by:
 Mother ______% Father ______%
 [ ] Other: __________________________________________________________________.
*1059
V. INFORMATION SHARING. Unless otherwise indicated or ordered by the court:
 Unless otherwise prohibited by law, each parent shall have access to medical and school records and
 information pertaining to the child(ren) and shall be permitted to independently consult with any
 and all professionals involved with the child(ren). The parents shall cooperate with each other in
 sharing information related to the health, education, and welfare of the child(ren) and they shall
 sign any necessary documentation ensuring that both parents have access to said records.
 Each parent shall be responsible for obtaining records and reports directly from the school and
 health care providers.
 Both parents have equal rights to inspect and receive governmental agency and law enforcement
 records concerning the child(ren).
 Both parents shall have equal and independent authority to confer with the child(ren)'s school, day
 care, health care providers, and other programs with regard to the child(ren)'s educational,
 emotional, and social progress.
 Both parents shall be listed as "emergency contacts" for the child(ren).
 Each parent has a continuing responsibility to provide a residential, mailing, and contact address and
 contact telephone number to the other parent. Each parent shall notify the other parent in writing
 within 24 hours of any changes. Each parent shall notify the court in writing within seven (7) days of
 any changes.
 Other: _______________________________________________________________________________________________
 ______________________________________________________________________________________________________.
VI. SCHEDULING
 1. School Calendar
 If necessary, on or before _____________ of each year, both parents should obtain a copy of
 the school calendar for the next school year. The parents shall discuss the calendars and the
 time-sharing schedule so that any differences or questions can be resolved.
 The parents shall follow the school calendar of: (Choose all that apply)
 [ ] the oldest child
 [ ] the youngest child
 [ ] the school calendar for _____________ County
 [ ] the school calendar for _____________ School
*1060
 2. Academic Break Definition
 When defining academic break periods, the period shall begin at the end of the last scheduled
 day of classes before the holiday or break and shall end on the first day of regularly scheduled
 classes after the holiday or break.
 3. Schedule Changes (Choose all that apply)
 [ ] A parent making a request for a schedule change will make the request as soon as possible,
 but in any event, except in cases of emergency, no less than _______________ before the
 change is to occur.
 [ ] A parent requesting a change of schedule shall be responsible for any additional child care,
 or transportation costs caused by the change.
 [ ] Other _________________________________________________________________________________________
 _______________________________________________________________________________________________
VII. TIME-SHARING SCHEDULE
 1. Weekday and Weekend Schedule
 The following schedule shall apply beginning on ______________ with the
 [ ] Mother [ ] Father and continue as follows:
 A. The child(ren) shall spend time with the Mother on the following dates and times:
 WEEKENDS: [ ] Every [ ] Every Other [ ] Other (specify)
 _________________________________________________________________________________________
 From ________________________________ to ________________________________________________
 WEEKDAYS: Specify days __________________________________________________________________
 From ________________________________ to ________________________________________________
 OTHER: (Specify) ________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________.
 B. The child(ren) shall spend time with the Father on the following dates and times:
 WEEKENDS: [ ] Every [ ] Every Other [ ] Other (specify)
 _________________________________________________________________________________________
 From ________________________________ to ________________________________________________
 WEEKDAYS: Specify days __________________________________________________________________
 From ________________________________ to ________________________________________________
 OTHER: (Specify) ________________________________________________________________________
 _________________________________________________________________________________________
 _________________________________________________________________________________________.
*1061
 C. Please indicate if there is a different time sharing schedule for any child.
 Complete a separate Attachment for each child for whom there is a different time sharing
 schedule.
 [ ] There is a different time-sharing schedule for the following child(ren) in
 Attachment _______.
 ________________________________, and _________________________.
 (Name of Child) (Name of Child)
 2. Holiday Schedule (Choose only one)
 [ ] No holiday time-sharing shall apply. The regular time-sharing schedule set forth above
 shall apply.
 [ ] Holiday time-sharing shall be as the parties agree.
 [ ] Holiday time-sharing shall be in accordance with the following schedule. The holiday
 schedule will take priority over the regular weekday, weekend, and summer schedules.
 Fill in the blanks with Mother or Father to indicate where the child(ren) will be for the
 holidays. Provide the beginning and ending times. If a holiday is not specified as even,
 odd, or every year with one parent, then the child(ren) will remain with the parent in
 accordance with the regular schedule

Holidays Even Years Odd Years Every Year Begin/End Time
Mother's Day __________ __________ __________ ________________
Father's Day __________ __________ __________ ________________
President's Day __________ __________ __________ ________________
Martin Luther King Day __________ __________ __________ ________________
Easter __________ __________ __________ ________________
Passover __________ __________ __________ ________________
Memorial Day Weekend __________ __________ __________ ________________
4th of July __________ __________ __________ ________________
Labor Day Weekend __________ __________ __________ ________________
Columbus Day Weekend __________ __________ __________ ________________
Halloween __________ __________ __________ ________________
Thanksgiving __________ __________ __________ ________________
Veteran's Day __________ __________ __________ ________________
Hanukkah __________ __________ __________ ________________
Yom Kippur __________ __________ __________ ________________
Rosh Hashanah __________ __________ __________ ________________
Child(ren)'s Birthdays __________ __________ __________ ________________
_______________ __________ __________ __________ ________________
_______________ __________ __________ __________ ________________

*1062
 This holiday schedule may affect the regular time-sharing schedule. Parents may wish to specify
 one or more of the following options:
 [ ] When the parents are using an alternating weekend plan and the holiday schedule
 would result in one parent having the child(ren) for three weekends in a row, the
 parents will exchange the following weekend, so that each has two weekends in a row
 before the regular alternating weekend pattern resumes.
 [ ] If a parent has the child(ren) on a weekend immediately before or after an unspecified
 holiday or non-school day, they shall have the child(ren) for the holiday or non-school
 day.
 3. Winter Break
 A. Entire Winter Break (Choose only one)
 [ ] The [ ] Mother [ ] Father shall have the child(ren) from the day and time school is
 dismissed until December _______ at ___ a.m./p. m. in [ ]odd-numbered years [ ] even-numbered
 years [ ] every year. The other parent will have the children for the second
 portion of the Winter Break. The parties shall alternate the arrangement each year.
 [ ] The [ ] Mother [ ] Father shall have the child(ren) for the entire Winter Break during
 [ ] odd-numbered years [ ] even-numbered years [ ] every year.
 [ ] Other: ________________________________________________________________________________
 ___________________________________________________________________________________________
 _______________________________________________________________________________________.
 B. Specific Winter Holidays
 If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve,
 Hanukkah, Kwanzaa, etc. shall be shared as follows:
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 _________________________________________________________________________________
 4. Spring Break (Choose only one)
 [ ] The parents shall follow the regular schedule.
 [ ] The parents shall alternate the entire Spring Break with the Mother having the
 child(ren) during the [ ]odd-numbered years [ ] even numbered years.
*1063
 [ ] The [ ] Father [ ] Mother shall have the child(ren) for the entire Spring Break every
 year.
 [ ] The Spring Break will be evenly divided. The first half of the Spring Break will go to the
 parent whose regularly scheduled weekend falls on the first half and the second half
 going to the parent whose weekend falls during the second half.
 [ ] Other: ______________________________________________________________________________.
 5. Summer Break (Choose only one)
 [ ] The parents shall follow the regular schedule through the summer.
 [ ] The [ ] Mother [ ] Father shall have the entire Summer Break from _________ after
 school is out until ___________ before school starts.
 [ ] The parents shall equally divide the Summer Break. During [ ] odd-numbered years
 [ ] even numbered years, the [ ] Mother [ ] Father shall have the children from
 _______ after school is out until ______. The other parent shall have the child(ren)
 for the second one-half of the Summer Break. The parents shall alternate the first and
 second one-halves each year unless otherwise agreed. During the extended periods of
 time-sharing, the other parent shall have the child(ren)
 ____________________________________________________________________________________
 ____________________________________________________________________________________.
 [ ] Other: _____________________________________________________________________________________
 _____________________________________________________________________________________________.
 6. Number of Overnights:
 Based upon the time-sharing schedule, the Mother has a total of ______ overnights per year and
 the Father has a total of ______ overnights per year. Note: The two numbers must equal 365.
 7. [ ] If not set forth above, the parties shall have time-sharing in accordance with the schedule
 which is attached and incorporated herein.
VIII. TRANSPORTATION AND EXCHANGE OF CHILD(REN)
 1. Transportation (Choose only one)
 [ ] The [ ] Mother [ ] Father shall provide all transportation.
 [ ] The parent beginning their time-sharing shall provide transportation for the child(ren).
 [ ] The parent ending their time-sharing shall provide transportation for the child(ren).
 [ ] Other: __________________________________________________________________.
*1064
 2. Exchange
 Both parents shall have the child(ren) ready on time with sufficient clothing packed and ready at
 the agreed upon time of exchange. If a parent is more than ______ minutes late without
 contacting the other parent to make other arrangements, the parent with the child(ren) may
 proceed with other plans and activities. (Choose only one):
 [ ] Exchanges shall be at Mother's and Father's homes unless both parents agree to a
 different meeting place.
 [ ] Exchanges shall occur at
 ___________________________________________________________
 ___________________________________________________________ unless both
 parties agree in advance to a different meeting place.
 [ ] Other: __________________________________________________________________.
 3. Transportation Costs (Choose only one)
 [ ] Transportation costs are included in the Child Support Worksheets and/or the Order for
 Child Support and should not be included here.
 [ ] The Mother shall pay ______% and the Father shall pay ______% of the transportation
 costs.
 [ ] Other: _________________________________________________________________________.
 4. Foreign and Out-Of-State Travel (Choose all that apply)
 [ ] Either parent may travel within the United States with the child(ren) during his/her
 time-sharing. The parent traveling with the child(ren) shall give the other parent at least
 ______ days written notice before traveling out of state unless there is an emergency, and
 shall provide the other parent with a detailed itinerary, including locations and
 telephone numbers where the child(ren) and parent can be reached at least ______ days
 before traveling.
 [ ] Either parent may travel out of the country with the child(ren) during his/her time-sharing.
 At least ______ days prior to traveling, the parent shall provide a detailed itinerary,
 including locations, and telephone numbers where the child(ren) and parent may be
 reached during the trip. Each parent agrees to provide whatever documentation is
 necessary for the other parent to take the child(ren) out of the country.
 [ ] If a parent wishes to travel out of the country with the child(ren), he/she shall provide
 the following security for the return of the child ____________________________
 _______________________________________________________________________________.
 [ ] Other _________________________________________________________________________.
*1065
IX. EDUCATION
 1. School designation. For purposes of school boundary determination and registration, the
 [ ] Mother's [ ] Father's address shall be designated.
 2. (If Applicable) The following provisions are made regarding private or home schooling:
 _________________________________________________________________________________________________________
 _________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
 3. Other. _______________________________________________________________________________________
 _________________________________________________________________________________________________________
 _________________________________________________________________________________________________________.
X. DESIGNATION FOR OTHER LEGAL PURPOSES
 The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with the
 [ ] Mother [ ] Father. This majority designation is SOLELY for purposes of all other state and federal
 laws which require such a designation. This designation does not affect either parent's rights and
 responsibilities under this Parenting Plan.
XI. COMMUNICATION
 1. Between Parents
 All communications regarding the child(ren) shall be between the parents. The parents shall not
 use the child(ren) as messengers to convey information, ask questions, or set up schedule
 changes.
 The parents shall communicate with each other: (Choose all that apply)
 [ ] in person
 [ ] by telephone
 [ ] by letter
 [ ] by e-mail
 [ ] Other: ________________________________________________________________________________________.
 2. Between Parent and Child(ren)
 Both parents shall keep contact information current. Telephone or other electronic
 communication between the child(ren) and the other parent shall not be monitored by or
 interrupted by the other parent. "Electronic communication" includes telephones, electronic
 mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless
 technologies or other means of communication to supplement face to face contact.
 The child(ren) may have [ ] telephone [ ] e-mail [ ] other electronic communication in the form
 of ______________________________ with the other parent: (Choose only one)
 [ ] Anytime
*1066
 [ ] Every day during the hours of _______________________ to _______________________.
 [ ] On the following days ___________________________________________________________
 during the hours of ______________________________________ to _______________________.
 [ ] Other: __________________________________________________________________________.
 3. Costs of Electronic Communication shall be addressed as follows:
 _____________________________________________________________________________________
 _____________________________________________________________________________________
 _____________________________________________________________________________________.
XII. CHILD CARE (Choose only one)
 [ ] Each parent may select appropriate child care providers
 [ ] All child care providers must be agreed upon by both parents.
 [ ] Each parent must offer the other parent the opportunity to care for the child(ren) before
 using a child care provider for any period exceeding _______ hours.
 [ ] Other ________________________________________________________________________.
XIII. CHANGES OR MODIFICATIONS OF THE PARENTING PLAN
 Temporary changes to this Parenting Plan may be made informally without a written document;
 however, if the parties dispute the change, the Parenting Plan shall remain in effect until further
 order of the court.
 Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental
 petition for modification.
XIV. RELOCATION
 Any relocation of the child(ren) is subject to and must be sought in compliance with section
 61.13001, Florida Statutes.
XV. DISPUTES OR CONFLICT RESOLUTION
 Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the
 Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and
 assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.
XVI. OTHER PROVISIONS
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
*1067
 ________________________________________________________________________.
 SIGNATURE OF PARENTS
 I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this
 Plan and intend to be bound by it.
Dated: ___________ _______________________________________________________
 Signature of Mother
 Printed Name: __________________________________________
 Address: _______________________________________________
 City: __________________________________________________
 State, Zip: ____________________________________________
 Telephone Number: ______________________________________
 Fax Number: ____________________________________________
STATE OF FLORIDA
COUNTY OF ________________________
Sworn to or affirmed and signed before me on ___________ by ____________________________.
 _____________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary or clerk.]
______ Personally known
______ Produced identification
 Type of identification produced ____________________________________
*1068
I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this
Plan and intend to be bound by it.
Dated: ____________ ____________________________________________
 Signature of Father
 Printed Name: ____________________________
 Address: _________________________________
 City: ____________________________________
 State, Zip: ______________________________
 Telephone Number: ________________________
 Fax Number: ______________________________
STATE OF FLORIDA
COUNTY OF ______________________________
Sworn to or affirmed and signed before me on __________ by __________________________.
 __________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary or clerk.]
____ Personally known
____ Produced identification
 Type of identification produced ____________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________________________,
a nonlawyer, whose address is: {street} ___________________________________________________________,
{city} ____________________________________________________________________________________________,
{state} _____________, {phone} ________________, helped {name} __________________,
who is the [Choose one only] _______ petitioner or ______ respondent, fill out this form.

*1069 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SAFETY-FOCUSED PARENTING PLAN (12/10)

When should this form be used?
A Parenting Plan is required in all cases involving minor child(ren). This form or a similar form should be used in cases when you feel your child(ren) cannot be safely alone with the other parent or if you believe shared parental responsibility presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows time-sharing with any minor child(ren), while providing protection for the child(ren). If safety or supervised time-sharing is not a concern, Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(a) should be used. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a parenting plan will be established by the court with or without the use of parenting plan recommendations.
This form should be typed or printed in black ink. If an agreement has been reached, both parties must sign the Parenting Plan and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

Special notes ...
If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Form 12.980(h), file it with the clerk of the circuit court and write confidential in the space provided in the parenting plan.
At a minimum, the Parenting Plan must describe in adequate detail:
 How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
 The time-sharing schedule arrangements that specify the time that the minor child(ren) will spend with each parent,
 A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
 The methods and technologies that the parents will use to communicate with the child(ren).
*1070 The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:
 The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
 The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
 The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
 The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
 The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
 The moral fitness of the parents;
 The mental and physical health of the parents;
 The home, school, and community record of the child(ren);
 The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
 The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
 The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
 The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
 Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge, in writing that such evidence was considered when evaluating the best interests of the child(ren);
 Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, *1071 sexual violence, child abuse, child abandonment, or child neglect;
 The particular parenting tasks customarily performed by each parent and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
 The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;
 The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
 The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child(ren); and
 The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.
This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.
In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*1072
 IN THE CIRCUIT COURT OF THE ________________ JUDICIAL CIRCUIT
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No: ___________________
 Division: ___________________
________________________________
 Petitioner,
 and
________________________________
 Respondent.
 SAFETY-FOCUSED PARENTING PLAN
This parenting plan is: (Choose only one)
 [ ] A Parenting Plan submitted to the court with the agreement of the parties.
 [ ] A proposed Parenting Plan submitted by or on behalf of:
 (Parent's Name) __________________________________________________.
 [ ] A Parenting Plan established by the court.
This parenting plan is: (Choose only one)
 [ ] A final Parenting Plan established by the court.
 [ ] A temporary Parenting Plan established by the court.
 [ ] A modification of a prior final Parenting Plan or prior final order.
 I. PARENTS
 Mother
 Name: _______________________________________________________________________
 Address: ____________________________________________________________________
 Telephone Number: ___________________________________________________________
 E-Mail: _____________________________________________________________________
 ( ) Address Unknown: (Please indicate if mother's address is unknown)
 ( ) Address Confidential: (Please indicate if mother's address and telephone numbers are
 confidential pursuant to either a ( ) Final Judgment for Protection Against Domestic Violence or
 ( ) Other court order _____________________________________________________________.
 Father
 Name: _______________________________________________________________________
 Address: ____________________________________________________________________
 Telephone Number: ___________________________________________________________
 E-Mail: _____________________________________________________________________
 ( ) Address Unknown: (Please indicate if father's address is unknown)
 ( ) Address Confidential: (Please indicate if father's address and telephone numbers are
 confidential pursuant to either a ( ) Final Judgment for Protection Against Domestic Violence or
 ( ) Other court order _____________________________________________________________.
 II. CHILDREN: This parenting plan is for the following child(ren) born to, or adopted by the parties:
 (add additional lines as needed)
 Name Date of Birth
 _________________________________________________________________________________
 _________________________________________________________________________________
*1073
 _________________________________________________________________________________
 _________________________________________________________________________________
 III. JURISDICTION
 The United States is the country of habitual residence of the child(ren).
 The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody
 Jurisdiction and Enforcement Act.
 This Parenting Plan is a child custody determination for the purposes of the Uniform Child
 Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42
 U.S.C. Section 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the
 Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for
 other state and federal laws.
 Other: __________________________________________________________________.
 IV. PARENTAL RESPONSIBILITY (Choose only one)
 [ ] Sole Parental Responsibility
 It is in the best interests of the child(ren) that the [ ] Mother [ ]Father shall have sole
 authority to make major decisions for the child(ren.) It is detrimental to the child(ren)
 for the parents to have shared parental responsibility.
 [ ] Shared Parental Responsibility with Decision Making Authority
 It is in the best interests of the child(ren) that the parents confer and attempt to agree
 on the major decisions involving the child(ren). If the parents are unable to agree, the
 authority for making major decisions regarding the child(ren) shall be as follows:
 Education/Academic decisions [ ] Mother [ ] Father
 Non-emergency health care [ ] Mother [ ] Father
 __________________________ [ ] Mother [ ] Father
 __________________________ [ ] Mother [ ] Father
 __________________________ [ ] Mother [ ] Father
 [ ] Other: (Explain) ______________________________________________.
 V. TIME SHARING SCHEDULE (Choose only one)
 [ ] No Time-Sharing: The [ ] Mother [ ] Father shall have no contact with the child(ren)
 until further order of the court. All parenting decisions shall be made by the other
 parent.
 [ ] Supervised Time-Sharing: Whenever the child(ren) are with the [ ] Mother [ ] Father,
 the supervisor shall be present. The [ ] Mother [ ] Father has the right to spend time
 with the child(ren) even though the other parent will be making most, if not all, of the
 parenting decisions which are made on the child(ren)'s behalf. The time-sharing
 schedule shall be mutually agreed upon between the parents, but not less than the
 schedule set forth below: (Choose as appropriate)
*1074
 [ ] ____________ hours per week. The place(s), and time(s) shall be set by the [ ] Mother
 [ ] Father.
 [ ] From _________ __ m. to _______________ __ m, on the following day(s)
 ____________________________________________.
 [ ] Restricted Time-Sharing: The [ ] Mother [ ] Father shall have time-sharing with the
 following restrictions. (The restrictions should be described in detail such as time-sharing
 only in public places, no overnight visits, etc.) The time-sharing schedule shall
 be mutually agreed upon between the parents, but not less than the schedule set forth
 below: _____________________________________________________________________________
 _____________________________________________________________________________
 _____________________________________________________________________________
 _____________________________________________________________________________
 [ ] ________ hours per week. The place(s), and time(s) shall be set by the [ ] Mother
 [ ] Father.
 [ ] From _______ __m. to _______ __m, on the following day(s)
 _____________________________________________________________________________
 _____________________________________________________________________________.
 [ ] Other: _____________________________________________________________________________.
 VI. SUPERVISOR AND SUPERVISION (Choose only one)
 1. Supervisor. The person supervising the time-sharing shall: (Choose only one)
 [ ] Be selected by the [ ] Mother [ ] Father.
 [ ] Be selected by the [ ] Mother [ ] Father, subject to the other parent's approval.
 [ ] Other: _________________________________________________________________.
 2. Restrictions or Level of Supervision: ______________________________
 _________________________________________________________________________________
 _________________________________________________________________________________.
 3. Costs of Supervision
 [ ] The costs of the supervision shall be paid by the [ ] Mother [ ] Father
 [ ] Other: ________________________________________________________________________.
 VII. LOCATION: (Choose only one)
 The [ ] Mother [ ] Father shall spend his/her time-sharing with the child(ren) at the following
 location(s):
 [ ] Supervised visitation center (name and address of facility) _____________
 __________________________________________________________________________________.
 [ ] ____________________ (location) or other location designated by the
 [ ] Mother [ ] Father
*1075
 [ ] Any location designated by the [ ] Mother [ ] Father with the approval of the
 supervisor.
 [ ] Other: _____________________________________________________________.
 VIII. DESIGNATION FOR OTHER LEGAL PURPOSES
 1. The child(ren) named in this Safety-Focused Parenting Plan are scheduled to reside the
 majority of the time with the [ ] Mother [ ] Father. This majority designation is SOLELY for
 purposes of all other state and federal statutes which require such a designation. This
 designation does not affect either parent's rights and responsibilities under this parenting
 plan.
 2. For purposes of school-boundary determination and registration, the [ ] Mother's
 [ ] Father's address shall be designated.
 IX. TRANSPORTATION AND EXCHANGE OF CHILD(REN)
 1. Transportation
 The child(ren) shall not be driven in a car unless the driver has a valid driver's license,
 automobile insurance, seat belts, and child safety seats as required by Florida law.
 The [ ] Mother [ ] Father or mutually agreed upon person shall be responsible for
 transporting the child(ren) to the exchange point. The child(ren) shall be picked up and/or
 returned to the exchange point by (Choose only one);
 [ ] The [ ] Mother [ ] Father with the supervisor present.
 [ ] The supervisor alone.
 [ ] Other: _______________________________________________________________.
 2. Exchange
 The exchange of the child(ren) shall occur at: (Choose all that apply)
 [ ] The site of the supervised visit.
 [ ] A monitored exchange location (specify name and address of facility)
 _______________________.
 [ ] Other: __________________________________________________________.
 [ ] The [ ] Mother [ ] Father is prohibited from coming to the exchange point.
 X. COMMUNICATION
 1. Between Parents (Choose only one)
*1076
 [ ] All communications regarding the child(ren) shall be between the parents. The
 parents shall not use the child(ren) as messengers to convey information, ask
 questions, or set up schedule changes.
 The parents shall communicate with each other: (Choose all that apply)
 [ ] in person
 [ ] by telephone
 [ ] by letter
 [ ] by e-mail
 [ ] Other: ________________________________________________________.
 [ ] No Communication. Unless otherwise prohibited by court order, all information and
 communication regarding the child(ren) shall be exchanged via or through
 ________________________________________________________________________.
 2. Between Parent and Child(ren)
 The [ ] Mother [ ] Father (Choose all that apply)
 [ ] Shall not telephone, write, or e-mail the child(ren) unless the contact is agreed to in
 advance by the other parent.
 [ ] May write or e-mail the child(ren) at any time. Each parent shall provide a contact
 address (and e-mail address if appropriate) to the other parent, unless otherwise
 prohibited by court order.
 [ ] May call the child(ren) on the telephone _______ times per week. The call shall last no
 more than ______ minutes and shall take place between ________ __m. and __m. Each
 parent shall provide a telephone number to the other parent, unless otherwise
 prohibited by court order or law.
 [ ] Long distance telephone calls made by the child(ren) to a parent shall be paid for by
 ________________________________________________________________________________.
 Each parent shall provide a telephone number to the other parent, unless otherwise
 prohibited by court order or law.
 [ ] Other: _________________________________________________________________.
 3. Costs of Electronic Communication
 "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing
 equipment and software or other wired or wireless technologies or other
 means of communication to supplement face-to face contact.
 The costs of electronic communication shall be addressed as follows:
 ___________________________________________________________________________
 ___________________________________________________________________________
 ___________________________________________________________________________.
 XI. ACCESS TO ACTIVITIES AND EVENTS
 The [ ] Mother [ ] Father (Choose only one)
*1077
 [ ] Shall not attend the child(ren)'s activities and events, including but not limited to, school,
 athletic, and extra-curricular activities and events.
 [ ] May attend the child(ren)'s school, athletic, and extra-curricular activities and events.
 [ ] The [ ] Mother [ ] Father must stay ______ feet from the other parent and ______ feet from
 the child.
 [ ] Other _____________________________________________________________________________.
 XII. CHILD(REN)'S SAFETY
 The [ ] Mother [ ] Father shall follow the safety rules checked below. (Choose all that apply)
 [ ] There shall be no firearms in the home, car, or in the child(ren)'s presence during time-sharing.
 [ ] No alcoholic beverages shall be consumed from twenty-four (24) hours before the
 child(ren) arrive until they are returned to the other parent.
 [ ] The child(ren) shall not be disciplined by corporal punishment.
 [ ] The following person(s) present a danger to the child(ren): ___________________
 ___________________________________________________________________________.
 Each parent shall ensure that during his/her time-sharing that this/these person(s):
 [ ] will not be present
 [ ] will not have contact with the child(ren)
 [ ] Other: _______________________________________________________________________.
 XIII. CHANGES OR MODIFICATIONS OF THE PARENTING PLAN
 All changes to the Safety-Focused Parenting Plan must be pursuant to a court order.
 XIV. OTHER PROVISIONS
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________
 ____________________________________________________________________________________.
*1078
 SIGNATURE OF PARENTS
I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this
Plan and intend to be bound by it.
Dated: __________ _________________________________________
 Signature of Mother
 Printed Name: ____________________________
 Address: _________________________________
 City, State, Zip: ________________________
 Telephone Number: ________________________
 Fax Number: _______________________________
STATE OF FLORIDA
COUNTY OF __________________________
Sworn to or affirmed and signed before me on __________ by _______________________.
 _____________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _____________________________________________________
 [Print, type, or stamp commissioned name of notary or
 clerk.]
____ Personally known
____ Produced identification
 Type of identification produced _____________________________________
 I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied
with this Plan and intend to be bound by it.
Dated: __________ ___________________________________________________
 Signature of Father
 Printed Name: ______________________________________
 Address: ___________________________________________
 City, State, Zip: __________________________________
 Telephone Number: __________________________________
 Fax Number: ________________________________________
STATE OF FLORIDA
COUNTY OF ________________________
Sworn to or affirmed and signed before me on _______________ by _________________________.
 _________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 _________________________________________
*1079
 [Print, type, or stamp commissioned name of notary or
 clerk.]
____ Personally known
____ Produced identification
Type of identification produced __________________________________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in
all blanks]
I, {full legal name and trade name of nonlawyer} ______________________________,
a nonlawyer, whose address is: {street} ___________________, {city} _____________,
{state} ______________, {phone} ________________, helped {name} _____________.
who is the [Choose one only] ______ petitioner or ______ respondent, fill out this form.
NOTES
[1] These amendments were in response to legislation, specifically, chapter 2008-61, Laws of Florida. Chapter 2008-61 amended numerous sections of chapter 61, Florida Statutes, and various sections of chapters 409, 414, 445, 741, 742, 753, and 827. In general, this legislation removed references to the concepts of "custody," "primary or secondary residential parent," "visitation," and the like, and instead incorporated the concepts of "time-sharing" and a "parenting plan." The statutes now require the court to create or approve a "parenting plan" which establishes how divorced parents will share the responsibilities of childrearing and decision making with regard to the child and sets forth a "time-sharing" schedule. See generally ch. 2008-61, §§ 2, 8, Laws of Fla. (amending §§ 61.046 and 61.13, Fla. Stat. (2007)). This legislation became effective October 1, 2008.
[2] Form 12.993(d) was adopted in response to chapter 2008-61, section 10, Laws of Florida, amending section 61.13002, Florida Statutes, dealing with children of parents who are activated, deployed, or temporarily assigned to military service. In addition to revising the terminology therein to delete "custody" and similar terms and replacing them with "time-sharing," the Legislature also amended the statute to allow not only a temporary modification of time-sharing but also a temporary modification of child support in the situations addressed by this section. New form 12.993(d) is a form order for the court to use when such modifications are sought.
[3] On the Court's own motion, for purposes of efficiency, we adopt amendments to form 12.980(h) (Petitioner's Request for Confidential Filing of Address) that have been proposed by the Family Law Rules Committee in a pending case, In re Implementation of Committee on Privacy & Court Records Recommendations, No. SC08-2443 (Fla. petition filed Dec. 22, 2008).
[*] If you are the petitioner in an injunction for protection against domestic violence case and you have filed a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to enter the address where you are currently living.